1  R. Samuel Paz (SBN: 62373)
   **LAW OFFICES OF R. SAMUEL PAZ**
2  5701 W. Slauson Avenue, Suite 202
   Culver City, California 90230
3  Telephone: 310.410.2981  Facsimile: 310.410.2957
   Samuelpaz@msn.com
4
   Sonia M. Mercado (SBN: 117069)
5  **SONIA MERCADO & ASSOCIATES**
   5701 W. Slauson Avenue, Suite 202
6  Culver City, California 90230
   Telephone: 310.410.2981  Facsimile: 310.410.2957
7  Soniamer2002@yahoo.com

8  Attorneys for Plaintiff,
   Dion Starr
9

10             UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12
   DION STARR,                    )   CASE NO. **CV08-00508 GW(SHx)**
13                                 )
                   Plaintiff,      )   **COMPLAINT FOR DAMAGES:**
14                                 )
        v.                         )   **1)  Violation of Civil Rights Causing**
15                                 )   **Injury;**
                                   )
16  COUNTY OF LOS ANGELES, LOS     )   **2)   Policy, Custom or Practice Causing**
    ANGELES COUNTY SHERIFF'S       )   **Constitutional Violation; and**
17  DEPARTMENT, SHERIFF LEROY      )
    BACA, IN HIS INDIVIDUAL AND    )   **3)  Failure to Train, Supervise,**
18  OFFICIAL CAPACITY, DEPUTY      )   **Causing Constitutional Violation.**
    GARIVAY BUGARIN, DOE           )
19  FEMALE DEPUTY RODRIGUEZ,       )
    DOE MALE DEPUTY RODRIGUEZ,     )
20  AND DOES 1 THROUGH 10,         )
    INCLUSIVE,                     )   **[Plaintiff Demands Jury Trial]**
21                                 )
                   Defendants.     )
22  _____ )

23

24

25                      **JURISDICTION**

26  1.    The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

27        1343.  Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, and 1988.

28

**VENUE**

2. Venue over Plaintiff's claims are proper in the Central District of California because one or more of the Defendants' principal place of business is in the County of Los Angeles, and the events giving rise to the claim occurred in this district. 28 U.S.C. §1391(a)(1) and (b)(2).

3. Plaintiff DION STARR brings this action against the COUNTY OF LOS ANGELES, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, DEPUTY GARIVAY BUGARIN, DOE FEMALE DEPUTY RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ,  AND DOES 1 THROUGH 10, INCLUSIVE, and alleges as follows:

**PARTIES**

4. Plaintiff DION STARR currently resides in the City of Los Angeles, County of Los Angeles, State of California.

5. Defendant COUNTY OF LOS ANGELES (hereinafter referred to as "COUNTY"), is a chartered subdivision of the State of California with the capacity to sue and be sued.  Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "LASD"), and its agents and employees.  At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the LASD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

6. Defendant SHERIFF LEE BACA (hereinafter referred to as "BACA") is and was at all times mentioned herein, and on or about January 27, 2006, the Sheriff of Los Angeles County.  He was charged by law and was responsible

1    with the administration of defendant LASD and its employees, and for the

2    supervision, training and hiring of persons, agents and employees working

3    within said LASD, including officers, deputies, medical staff, mental health

4    staff and Does 1 through 100, inclusive.  Sheriff BACA is sued in his official

5    and personal capacity.

6    7.    Defendants DEPUTY GARIVAY BUGARIN, DOE FEMALE DEPUTY

7          RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ, were at all times

8          mentioned herein, deputies, custodial staff and were employees of COUNTY

9          and LASD.  They were charged by law and were responsible with the

10         supervision, care, security, and safety of inmate DION STARR, and were

11         responsible for ensuring that his constitutional and statutory rights were not

12         violated.  It was the duty, responsibility and job of Defendants and Doe

13         Defendants, to supervise, monitor and protect inmates under their supervision

14         and control, to ensure inmates did not harm others, and to maintain safety and

15         security in the jail, and to protect or prevent inmates from excessive use of

16         force by other deputies, and to report deputy wrongful conduct.

17   8.    Plaintiff is informed and believes and thereon alleges that Defendants sued

18         herein as DOE FEMALE DEPUTY RODRIGUEZ, DOE MALE DEPUTY

19         RODRIGUEZ, and Does 1 through 10, inclusive were and are deputy officers,

20         agents or employees of Defendants COUNTY and LASD and were at all

21         relevant times acting in the course and scope of their employment and agency.

22         Plaintiff alleges that each of the Defendants named as a "DOE" was in some

23         manner responsible for the acts and omissions alleged herein.  Plaintiff will

24         ask leave of this Court to amend this Complaint to allege such facts, full

25         names and responsibility when that information is ascertained.

26   9.    Defendants and Does 1 through 10, were at all times mentioned herein

27         COUNTY and LASD employees and supervisors.  They were charged by law

28         and were responsible with the supervision of deputies and other employees

-3-

1   under their command in LASD, including the Men's Central jail and the Twin

2   Towers Medical Facilities,  and for the supervision, training, reprimands and

3   corrective actions of persons, deputies, agents, medical staff,  and employees

4   working under their chain of command within said LASD and COUNTY,

5   including officers, deputies, medical staff, and for investigating, accounting

6   and reporting their subordinates conduct to their superiors, and accountable

7   for and to Does 1 through 10, inclusive, as set forth herein and below.

8                              **PRELIMINARY ALLEGATIONS**

9   10.   At all times relevant to the facts alleged herein, Defendants, including Does 1-

10        10 were duly appointed, qualified and acting officers, employees, medical

11        staff, and/or agents of COUNTY and LASD, employed as such by Defendants,

12        and acting within the course and scope of their employment and/or agency and

13        under color of state law.  Each of the Defendants and Doe Defendants caused

14        and is responsible for the unlawful conduct and resulting by, inter alia,

15        personally participating in the conduct, or acting jointly and in concert with

16        others who did so by authorizing, acquiescing, condoning, acting, omitting or

17        failing to take action to prevent the unlawful conduct by promulgating or

18        failing to promulgate policies and procedures pursuant to which the unlawful

19        conduct occurred; by failing and refusing, with deliberate indifference to

20        Plaintiff's rights, to initiate and maintain adequate supervision, security,

21        training, compliance with responsibilities and duties, and staffing; by failing

22        to maintain proper and adequate policies, procedures and protocols; and by

23        ratifying and condoning the unlawful conduct performed by agents and

24        officers, deputies, medical staff and employees under their direction and

25        control.

26   11.   Whenever and wherever reference is made in this Complaint to any act by

27        Defendants and Doe Defendants, such allegations and references shall also be

28

-4-

1  deemed to mean the acts and failures to act of each Defendants individually,

2  jointly or severally.

3  **FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C.**

4  **SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS DEPUTY**

5  **GARIVAY BUGARIN, DOE FEMALE DEPUTY RODRIGUEZ, DOE**

6  **MALE DEPUTY RODRIGUEZ, AND  DOES 1-10.**

7  12.  Plaintiff refers to paragraphs 1 through 14 and incorporates them by reference

8  herein as though fully set forth.

9  13.  This action is brought under Title 42 U.S.C. § 1983, and on the Fourth, Eighth

10  and Fourteenth Amendments of the United States Constitution and pursuant to

11  the general laws of the State of California.  Plaintiff also alleges that the

12  conduct of each Defendant deprived DION STARR of his constitutional right

13  and caused him to suffer grievous harm and physical injuries while he was in

14  the custody of Defendants.  As set forth above DION STARR was subjected to

15  deprivation of rights by Defendants and Doe Defendants 1-10, which rights

16  include, but are not limited to, privileges and immunities secured to Plaintiff

17  by the Constitution and laws of the United States.  By reason of the

18  aforementioned acts, these individual Defendants and Does 1-10, have

19  violated the constitutional rights and liberty interests of DION STARR which

20  are protected under the Eighth Amendment's prohibition against depriving a

21  person of their Constitutional rights without due process of law.

22  14.  Sometime prior to and on or about January 27, 2006, DION STARR was in

23  Defendants' custody, care, supervision, control, and protection.  While in his

24  housing cell, Plaintiff saw a group of inmates gathering at his cell door,

25  threatening to inflict grievous physical harm.  Plaintiff began to yell in a very

26  loud voice to the defendant deputies to come to provide security and to

27  prevent the possibility that he may be subject to physical harm.  Instead,

28  Deputy Doe opened the previously locked cell door and Plaintiff was attacked.

-5-

1   Defendants DEPUTY GARIVAY BUGARIN, DOE FEMALE DEPUTY

2   RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ and Doe Defendants,

3   knew that DION STARR was at risk for being attacked, that he yelled for help

4   to prevent being attacked by other inmates, violent inmates, and/or Hispanic

5   gang members, and he yelled to the deputies on duty and overseeing the

6   inmates, cells and the gates to help him and prevent him from being harmed to

7   prevent injury, and said Defendants and Does 1-10, ignored DION STARR's

8   yells for help and ignored their duty to protect him, and instead Doe 1-10

9   opened his cell gate allowing numerous other inmates, violent inmates, and/or

10   Hispanic gang members to enter DION STARR'S cell and repeatedly stab him

11   and his cell mate.  Said Defendants and Does 1-10 continued to ignore DION

12   STARR's ongoing yells for help and for protection, while the other inmates

13   and/or Hispanic gang members continued to stab Plaintiff about 21 times and

14   stab his cell-mate many times also, causing DION STARR to suffer pain and

15   mental anguish, and to be subjected to physical abuse by others, in violation of

16   his Eighth Amendment right to be free from unusual punishment.

17   15.   Defendants and Does 1-10 knew and/or had reason to know, that DION

18   STARR would be and/or was being assaulted by other inmates, violent

19   inmates, and/or hispanic gang members, but they were deliberately indifferent

20   to Plaintiff security and protection, and abandoned him and failed to ensure

21   his security, safety and to prevent inmate violence and harm to him.

22   16.   Defendants DEPUTY GARIVAY BUGARIN, DOE FEMALE DEPUTY

23   RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ and Doe Defendants

24   created or increased the danger facing DION STARR at the time he was in his

25   cell by ignoring his cries for help, by preventing the harm and violence, and

26   instead opening the cell gates and allowing other inmates, and/or high security

27   violent persons, and/or hispanic gang members to attack Plaintiff and to enter

28   Plaintiff's cell to continue attacking him.

17.  After DION STARR had been repeatedly stabbed, DEPUTY GARIVAY BUGARIN, DOE FEMALE DEPUTY RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ and Does 1-10 went to his cell.  He was immediately handcuffed and left on the floor.  While DION STARR was laying on the floor seriously injured, bleeding and moaning in excruciating physical pain and discomfort , DEPUTY GARIVAY BUGARIN, a Hispanic deputy, yelled at him "nigger lay down," she told him to shut up and while he was still handcuffed, she proceeded without any reason or justification, to intentionally kick him to his face, nose, and body numerous times, causing DION STARR further serious injury, more pain and more bleeding, and fracturing and/or fracturing his nose, while yelling at him to "shut up nigger."  The other deputies DOE FEMALE DEPUTY RODRIGUEZ and DOE MALE DEPUTY RODRIGUEZ and Does f1-10, watched and stood by as DEPUTY GARIVAY BUGARIN called DION STARR racial epithets and kicked him while he was handcuffed, and they failed to prevent further brutality and injury to his already seriously injured body.  DION STARR had committed no act or used any words that would have provoked DEPUTY GARIVAY BUGARIN and Does 1-10 to react with excessive use of force, brutality and with racial and denigrating epithets, in violation of DION STARR'S constitutional rights.

18.  DION STARR was subsequently transported to County USC for medical care and treatment for his injuries.  Upon returning to the LASD jail, DEPUTY GARIVAY BUGARIN and other deputies and supervisors, placed him in isolation ("the hole") for 90 days, punishing him for no reason at all.  He had committed no wrongful act which indicated that he needed to be punished by being placed in the "hole."  The actions and inactions by DEPUTY GARIVAY BUGARIN and other doe defendants was wilful, excessive punishment, and in violation of DION STARR's constitutional rights.

-7-

19. Subsequent to January 27, 2006, after returning to the jail from County medical center, and after being wrongfully placed in the "hole", DION STARR, he was scheduled to be seen for follow-up medical care, treatment and medication at the jail medical clinic, but DEPUTY GARIVAY BUGARIN interfered with his right to obtain medical care and treatment and refused and delayed DION STARR's right to such care and treatment, in conscious and wilful disregard for his health and for his need for medical response and treatment for a broken and/or fracture nose and the pain and suffering he was enduring due to being kicked by DEPUTY GARIVAY BUGARIN to his body and to his nose.

20. As a result of these individual Defendants and Doe Defendants actions and/or inactions, DION STARR was assaulted and stabbed, deprived of the necessary and indicated security and suffered cruel and unusual punishment, he suffered severe pain and physical trauma and injuries to his head, arms, legs, torso, back, abdomen, and mental anguish, he suffered excessive use of force by DEPUTY GARIVAY BUGARIN and Does 1-10, which injuries and damages are ongoing, and he has incurred and will continue to incur costs of hospital, medical, nursing, and ongoing care and treatment.

21. By virtue of the provisions of 42 U.S.C., Section 1988, Plaintiff are entitled to and demand an award of reasonable attorneys' fees and costs according to proof.

22. The actions and inactions by DEPUTY GARIVAY BUGARIN, DOE FEMALE DEPUTY RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ and other doe defendants was wilful, excessive punishment, and in violation of DION STARR's constitutional rights.

23. Each individual Defendants and Doe Defendants acted recklessly, maliciously, or with callous indifference to DION STARR's security,

1    protection, life threatening assault, and to his constitutional rights and should

2    be assessed punitive damages.

3    **SECOND CAUSE OF ACTION AGAINST COUNTY, LASD, SHERIFF**

4    **BACA, FOR POLICY, CUSTOM, OR PRACTICE CAUSING**

5    **CONSTITUTIONAL VIOLATIONS**

6    24.   Plaintiff restates paragraphs 1 through 23, of this Complaint and incorporates

7    them herein by reference as though fully set forth herein.

8    25.   At all times herein mentioned, Defendants COUNTY, LASD, SHERIFF

9    BACA, and Does 1 - 10, and each of them, maintained de facto

10   unconstitutional informal customs, practices, and/or policy of: (1) not

11   reporting allegations of deputy misconduct; (2) not reporting incidents of

12   inmate on inmate violence; (3) inadequate staffing; (4) failure to protect

13   and/or prevent abuse of inmates by other inmates; (5) failure to supervise, lax

14   supervision, failure to report subordinates misconduct and failure to

15   investigate, and reprimand deputy wrongful conduct; (6) failure to take

16   corrective measures, failure to hold deputies and staff accountable to prevent

17   future incidents of deputy dereliction of duty, misconduct, and abandonment

18   of their duties and post; (7) failure to investigate, take corrective action and

19   hold accountable deputies and custodial staff who aided and/or facilitated

20   violent inmates and/or gang violence and inmate on inmate violence.

21   26.   The above, alleged customs, practices and/or policies were a legal cause and

22   moving force of Plaintiff's injuries, and each individual Defendant and Doe

23   Defendant acting in accord with this custom, policy and/or practice acted with

24   deliberate indifference to the needs of persons such as DION STARR, who

25   was in the custody, control and care of Defendants.

26   27.   Plaintiff has suffered damages and injuries as set forth in ¶s 19 through 23

27   above.

28

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS COUNTY, LASD and BACA AND DOES 1-10, FOR FAILURE TO TRAIN AND SUPERVISE CAUSING CONSTITUTIONAL VIOLATIONS**

28.    Plaintiff restates and reiterates Paragraphs 1 through 27 of this Complaint and incorporates them here by reference as though fully set forth herein.

29.    Plaintiff is informed and believes and thereon alleges that Defendants and Does 1 -10, each had a history and propensity for acts of the nature complained of herein and manifested such propensity prior to and during their employment and/or agency with defendants COUNTY, LASD, BACA and Does 1 - 10.  Plaintiff is further informed and believes and thereon alleges that these Defendants and Does 1-10, knew, or in the exercise of reasonable care should have known, of such prior history and propensity at the time such individuals were hired and/or during the time of their employment.  These Defendant's disregard of this knowledge and/or failure to adequately investigate and discover and correct such facts caused the violation of Plaintiff' constitutional rights.

30.    Plaintiff is informed and believes and thereon alleges that prior to the incident alleged herein, sheriff deputies, jailers, nurses, doctors, and custodial and medical staff employed and appointed by COUNTY, LASD and BACA, and prior to the commission of the acts complained of herein, Defendants Does 1-10, acting under the color of their authority as deputies and medical care providers and in the course and scope of their employment as such, committed similar acts of failure to supervise subordinates regarding deliberate indifference to the necessity to protect inmates, to report officers wrongful conduct, or who had suffered excessive force or blunt force trauma by deputies and/or other inmates.  Plaintiff is further informed and believes and thereon alleges that these Defendants and Does 1-10, knew, or in the exercise of reasonable care, should have known of this custom, policy, pattern or

practice of unconstitutional violations, or in the existence of facts which creates the potential of unconstitutional acts, and these Defendants, and Does 1-10, had a duty to investigate their subordinates, and to instruct their subordinates to prevent similar acts to other persons and inmates, but failed to take steps to properly train, supervise, investigate or instruct deputies, jailers, and medical staff, as physician assistants and physicians, and as a result DION STARR was harmed in the manner threatened by the failure to train, supervise, investigate or instruct subordinates in the manner herein stated.

31. At all times herein mentioned, and prior thereto, these Defendants and Does 1-10 had the duty:

a.    to train, supervise, and instruct deputies, jailers, nurses, doctors, medical staff,  and other agents to ensure that they respected and did not violate federal constitutional and statutory rights of arrestee and inmates;

b.    to objectively investigate incidents and allegations of in-custody use of force, death or injuries to inmates and detainees by deputies or staff;

c.    to objectively investigate incidents, reports and allegations of in-custody deaths or injuries to inmates and detainees by other inmates, violent inmates, gang violence and inmate on inmate violence contributed to or due to deputies dereliction of duties and/or deputies who aided, abetted,  and/or facilitated violent inmates and/or gang violence and inmate on inmate violence;

d.    to investigate, monitor, reprimand and take corrective measures of deputy dereliction of duty in abandoning their posts, failure to supervise, observe, and ensure the safety of inmate/detainees under their charge.

e.   to monitor the classification and/or housing of detainees and inmates to ensure they are adequately classified and housed and not exposed to persons with known dangerous propensities;

f.   to comply with the statutory guidelines and regulations enacted for the protection of persons held in custodial setting;

g.   to discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights to inmates/detainees, by not condoning, ratifying, and/or encouraging the violation of Plaintiff's, and other inmates/detainees's constitutional rights; and/or

h.   to monitor, supervise, train, and establish procedures to ensure that deputies, employees, nurses, doctors, custodial or medical staff report allegations of deputy misconduct and use of force to appropriate and indicated supervisors and superiors and/or agencies in order to take corrective actions.

33.   These Defendants and Does 1 and 10, breached said duties by:

a.   failing to train and supervise and instruct deputies, and agents, on the violation of Plaintiff's, and other arrestees' and/or inmates's constitutional rights;

b.   failing to objectively investigate incidents of in-custody excessive force; and in-custody death or injuries to inmates and detainees;

c.   failing to objectively investigate incidents, reports and allegations of in-custody deaths or injuries to inmates and detainees by other inmates, violent inmates, gang violence and inmate on inmate violence contributed to or due to deputies dereliction of duties and/or deputies who aided, abetted, and/or facilitated violent inmates and/or gang violence and inmate on inmate violence;

d.   failing to objectively investigate, monitor, reprimand and take corrective measures with deputy dereliction of duty, in failing to supervise, monitor, observe, and ensure the safety of inmates/detainees under their charge;

e.   the failure to periodically monitor the classification and/or housing of detainees and inmates to ensure they are adequately classified and housed and not exposed to persons with known dangerous propensities;

f.   the failure to comply with the statutory guidelines and regulations enacted for the protection of persons held in custodial settings; and/or

g.   the failure to discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights to inmates and prisoners, by condoning, ratifying, and/or encouraging the violation of Plaintiff's and other arrestees's and prisoners' constitutional rights; and/or

h.   Failing to monitor, supervise, train, and establish procedures and take corrective measures to ensure that deputies, employees, nurses, doctors, custodial or medical staff report allegations of deputy misconduct and use of force to appropriate and indicated supervisors and superiors and/or agencies in order to take corrective actions.

34.   As legal cause of the conduct of these Defendants and Does 1 through 10, as described above, Plaintiff was damaged and injured as alleged above, as set forth in ¶s 19 through 23 above.

**WHEREFORE**, Plaintiff prays for relief as follows:

1.   For general damages according to proof;

2.   For past, present and future special damages according to proof;

3.   For other losses in an amount according to proof;

4.   For costs of suit and reasonable attorneys' fees permitted pursuant to 42 U.S.C., §1988;

-13-

5.   For exemplary damages against individual defendants where
     appropriate; and

6.   For such further relief as the court may deem just and equitable.

Dated: January 24, 2008                    Respectfully submitted,
                                           SONIA MERCADO & ASSOCIATES
                                           LAW OFFICES OF R. SAMUEL PAZ


                                           By: _____
                                           R. Samuel Paz, Co-Counsel for Plaintiff


## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury through their counsel of record.

Dated: January 24, 2008                    Respectfully submitted,

                                           SONIA MERCADO & ASSOCIATES
                                           LAW OFFICES OF R. SAMUEL PAZ


                                           By: _____
                                           R. Samuel Paz, Co-Counsel for Plaintiff

-14-

R. Samuel Paz SBN 62373
LAW OFFICES OF R. SAMUEL PAZ
5701 W. Slauson Avenue, Suite 202
Culver Cilty, California 90230
Tel: 310.410.2981 Fax. 310.4102957
E-mail: samuelpaz@msn.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR<br><br>PLAINTIFF(S)<br>v.<br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,<br>(SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV08-00508 GW(SHx)**<br><br><br>**SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
R. Samuel Paz
_____, whose address is:

5701 W. Slauson Avenue, Suite 202
Culver City, California 90230

an answer to the  ☒ complaint  ☐_____amended complaint  ☐ counterclaim  ☐ cross-claim
which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated: **JAN 30 2008**

By: _____
    NATALIE LONGORIA
    Deputy Clerk
    (Seal of the Court)    SEAL

FOR OFFICE USE ONLY

UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Case Name: DION STARR v. COUNTY OF LOS ANGELES

SUMMONS,
Attachment 1: Additional Defendants names;

SHERIFF LEROY BACA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
DEPUTY GARIVAY BURGARIN, DOE FEMALE DEPUTY RODRIGUEZ,
DOE MALE DEPUTY RODRIGUEZ, AND DOES 1 THROUGH 10,
INCLUSIVE.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>DION STARR | **DEFENDANTS**<br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY<br>SHERIFF'S DEPT. SHERIFF LEROY BACA, DEPUTY GARIVAY<br>BURGARIN, DOE FEMALE DEPUTY RODRIGUEZ, DOE MALE<br>DEPUTY RODRIGUEZ, AND DOES 1 THROUGH 10 |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>LOS ANGELES | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>LOS ANGELES |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>R. Samuel Paz SBN 62373<br>LAW OFFICES OF R. SAMUEL PAZ<br>5701 W. Slauson Avenue, Suite 202<br>Culver Cilty, California 90230<br>Tel: 310.4102981 Fax: 310.4102957 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**    **JURY DEMAND:** ☑ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** reasonable compensation

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 1983. The action alleges the defendants violated the constitutional rights of the plaintiff while he was in the Los Angeles County Jail.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in Lending |    Vacate Sentence |    Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act |    Liability | ☐ 380 Other Personal |    Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & |    Property Damage | ☐ 530 General |    Relations |
|    Rates/etc. | ☐ 150 Recovery of |    Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation |    Overpayment & | ☐ 330 Fed. Employers' |    Product Liability | ☐ 540 Mandamus/ |    Reporting & |
| ☐ 470 Racketeer Influenced |    Enforcement of |    Liability | BANKRUPTCY |    Other |    Disclosure Act |
|    and Corrupt |    Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
|    Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product |    158 | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted |    Liability | ☐ 423 Withdrawal 28 | FORFEITURE / |    Litigation |
| ☐ 490 Cable/Sat TV |    Student Loan (Excl. | ☐ 350 Motor Vehicle |    USC 157 | PENALTY | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service |    Veterans) | ☐ 355 Motor Vehicle | CIVIL RIGHTS | ☐ 610 Agriculture |    Security Act |
| ☐ 850 Securities/Commodities | ☐ 153 Recovery of |    Product Liability | ☐ 441 Voting | ☐ 620 Other Food & | PROPERTY RIGHTS |
|    /Exchange |    Overpayment of | ☐ 360 Other Personal | ☐ 442 Employment |    Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 |    Veteran's Benefits |    Injury | ☐ 443 Housing/Acco- | ☐ 625 Drug Related | ☐ 830 Patent |
|    USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- |    mmodations |    Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract |    Med Malpractice | ☐ 444 Welfare |    Property 21 USC | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 445 American with |    881 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization |    Liability |    Product Liability |    Disabilities - | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
|    Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal |    Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | REAL PROPERTY |    Injury Product | ☐ 446 American with | ☐ 650 Airline Regs |    (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation |    Liability |    Disabilities - | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | |    Other |    Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | | ☑ 440 Other Civil | ☐ 690 Other | FEDERAL TAX SUITS |
|    nation Under Equal | ☐ 240 Torts to Land | |    Rights | | ☐ 870 Taxes (U.S. Plaintiff |
|    Access to Justice | ☐ 245 Tort Product Liability | | | |    or Defendant) |
| ☐ 950 Constitutionality of | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 |
|    State Statutes | | | | |    USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**    Case Number: _____

CV08-00508

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    LOS ANGELES COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
    LOS ANGELES COUNTY

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
    LOS ANGELES COUNTY

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date _____/- 24-08_____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV08- 508 GW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY