R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 W. Slauson Avenue, Suite 202
Culver City, California 90230
Telephone: 310.410.2981
Facsimile: 310.410.2957
E-Mail: samuelpaz@msn.com
E-Mail: soniamer2002@yahoo.com

Attorneys for Plaintiff,
DION STARR

Thomas Hurrell (SBN119876)
Adrianna Corrado (SBN 204902)
**HURRELL CANTRAL LLP**
660 South Figueroa Street, 21st Floor
Los Angeles, California 90017-3442
Tel:213.426.2000
Fax: 213.426.2020
E-Mail: acorrado@hurrellcantrall.com

Attorneys for all Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR<br><br>    Plaintiff,<br>  vs.<br><br>COUNTRY OF LOS ANGELES, et al.,<br><br>    Defendants.<br>_____ | CASE NO. CV 08-00505 GW (SHx)<br><br>[Judge George H. Wu]<br><br>**FRCP RULE 26 (f) JOINT REPORT**<br><br>Scheduling Conf.  May 29, 2008<br>Time:                     8:30 A.M.<br>Courtroom:           10<br>                              312 N. Spring Street<br>                              Los Angeles, CA |

  Pursuant to the Court's Order of April 7, 2008, the parties file this Joint Report.

  The following counsel representing the parties hereto met on April 10, 2008, in compliance with Federal Rules of Civil Procedure, Rule 26 (f).

-1-

Plaintiff DION STARR is represented by the Law Offices of R. Samuel Paz, Buckingham Heights, 5701 W. Slauson Avenue, Suite 202, Culver City, CA 90230 and Sonia Mercado & Associates, Buckingham Heights, 5701 W. Slauson Avenue, Suite 202, Culver City, CA 90230.

Defendants Los Angeles County, Los Angeles Sheriff Department, Leroy Baca, Deputy Maybet Bugarin, Doe Female Deputy Rodriguez, and Doe Male Deputy Rodriguez, are represented by HURRELL CANTRAL LLP, 660 South Figueroa Street, 21st Floor, Los Angeles, California 90017-3442.

1.  **RULE 26 (f) (1) DISCLOSURE**

On April 10, 2008, the parties met in compliance with Federal Rules of Civil Procedure, Rule 26 (f) and have made the initial disclosures required by Rule 26 (a) (1), (2), and (3).

2.  **RULE 26 (f) (2) DISCLOSURE**

The parties expect to conduct discovery on the issues of liability and damages on the claims raised by the pleadings and do not expect that discovery needs to be conducted in phases or limited at this time except as follows:

   A.  **Plaintiff's Discovery**

   *Depositions*

At this time, Plaintiff anticipates taking the depositions of eye witnesses; attending medical staff; investigating officers from LASD; defendant individuals; their supervisors; doctors involved in Plaintiff's ongoing care and treatment; internal affairs investigators and persons who prepared and approved any reports. At this time, although some names have been identified, Plaintiff does not know the pertinent facts relating to said persons.

///
////
////

*Production of Documents*

In order to take meaningful depositions and avoid re-deposing witnesses, Plaintiff will propound written discovery and do an inspection, prior to taking depositions.

Plaintiff anticipates the defendants will object to some discovery claiming state law and a myriad of privacy and law enforcement privileges and if so, Plaintiff expects to file a number of motions to compel this discovery, before meaningful documents are produced. This process in similar cases against COUNTY defendants, generally takes 90 days before hearing and production.

**B.     Defendants' Discovery**

Defendants will propound written discovery (interrogatories, requests for admissions, requests for production) to evaluate plaintiff's claims of 42 U.S.C. Section 1983 violations for excessive force and deliberate indifference, the *Monell* claim and supervisory liability claim. Additionally, defendants anticipate taking the depositions of plaintiff, plaintiff's treating physician(s), as well as any witnesses to the incident. Since discovery is in its initial stage, defendants are unable to provide an estimate of the number of depositions they will need to take, but can represent that the number of depositions will be within the 10 depositions permitted by FRCP 30(a)(2)(A).

**3.     RULE 26 (f) (3) DISCLOSURE**

The parties do not anticipate any limitations on discovery at this time. This is not a complex case requiring the procedures set forth in the Manual on Complex Litigation.

**4.     RULE 26 (f) (4) DISCLOSURE**

The parties will schedule a Rule 16-14 mediation either with the Magistrate Judge or pursuant to ADR, and will schedule a conference date as soon as sufficient discovery has been completed which may assist in the ADR process.

5. **REPORT OF MATTERS REQUIRED BY LOCAL RULES 26-1 AND REQUIRED BY THE COURT'S ORDER.**

    (a)    **Factual Summary of the Case:**

        1.    **Plaintiff's Brief Claims and Allegations.**

Sometime prior to and on or about January 27, 2006, Dion Starr, was in Defendants' custody, care, supervision, and protection. Defendants and Does 1-10 knew that Dion Starr yelled for help to prevent being attacked by other inmates and/or Hispanic gang members, and Defendants and Does 1-10, opened the cell gate: allowing the other inmates and/or Hispanic gang members to enter his cell, and stabbed Dion Starr repeatedly, causing him to suffer pain and mental anguish, and to be subjected to physical abuse by others, in violation of his Eighth Amendment right to be free from unusual punishment. Prior to this incident and subsequent thereto, defendants knew that there were ongoing problems of lax supervision and monitoring of inmates which resulted in inmate on inmate injuries and deaths. Defendants failed to take corrective measures to ensure deputies and supervisors complied with their duties and responsibilities to ensure the safety and security of inmates.

        2.    **Defendants' Position.**

Defendants deny all of plaintiff's allegations and maintain that they acted reasonably at all times and further anticipate disputing the nature and extent of plaintiff's alleged injuries and damages. In addition, defendants maintain that plaintiff has failed to state a cause of action against any defendant in the Complaint.

    (b)    **Basis for Court's Jurisdiction:**

This action raises questions of violations of constitutional rights pursuant to 42 U.S.C. Section 1983 and federal questions under 42 U.S.C. §12132. The Court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1341, as well as supplemental jurisdiction over the state claims and over defendants.

**(c)    Additional Parties:**

Discovery has not yet commenced, and Plaintiff anticipates discovering the names of individual Doe Defendants and amending the Complaint to add them to clarify the factual allegations as discovery proceeds.

The parties agree to August 28, 2008, as a date by which Plaintiff can file a motion to identify doe defendants.

**(d)    Discovery Deadlines:**

**(1)    Completion of Fact Discovery:**

The parties request January 31, 2009, as the suggested deadline to complete discovery.  The parties request the Court allow ample time for discovery due to anticipated potential discovery motions, and to allow the parties to assess the possibility of settlement and allow sufficient time to establish a settlement procedure well in advance of the close of discovery.

Plaintiff's counsel (Paz and Mercado) are also presently scheduled for trial in two federal civil rights cases, one *Hurtado v. L.A. P.D,* August 26, 2008, the second *Morris v. CDCR*  September 27, 2008.  Thus, Plaintiff's counsel request the court consider these schedules in allowing ample time for discovery.

**(2)    Designation of Expert Witnesses:**

The parties mutually request the Court adopt a schedule which will allow for the conclusion of fact discovery and rulings on dispositive motions before the parties are required to designate expert witnesses, a costly proposition in most federal civil rights actions, and certain to be in this one.  This will allow the parties to know which issues, if any, will be excluded from consideration at the Pre-Trial conference and the trial and avoid hiring experts on issues that may be removed from the case for trial by the granting of a dispositive motion.

(1)    Joint designation of Experts; February 24, 2009;

(2)    Counter Designation of Experts; March 10, 2009.

**(e)    Hearing of Dispositive Motions:**

Last day to hear dispositive motions: February 23, 2009.  Plaintiff anticipates filing motions for summary judgment on liability arising from a constitutional violation after appropriate amendments to the complaint and new parties are added.        Defendants anticipate filing a motion for summary judgment regarding the  liability of defendants.

**(f)    Final Pre-Trial Conference**

The parties request March 24, 2009.

**(g)    Trial Date and Estimate of Days:**

The parties request a trial date of April 7, 2009.  The parties estimate a 14 day trial.

**(h)    Efforts of Settlement and Views to Maximize Settlement Procedures:**

The Plaintiff will file with the Court an ADR Pilot Program Questionnaire mutually prepared by the parties. The Parties mutually request the settlement conference be handled by the assigned Magistrate Judge.

The Plaintiff's views on how settlement will proceed depends on an appreciation of the gravity of how this incident impacted the Plaintiff, and the seriousness of the constitutional deprivations caused by the Defendants.

Defendants submit that they will participate in good faith in the settlement procedure as the Court sees fit.

**(i)    The parties request a jury trial.**

**(j)    Unusual Legal Issues:**

The parties do not anticipate any unusual legal issues at this time.

**(k)    Consent to Magistrate Judge for Trial:**

<u>Plaintiff</u> would consider consenting to a mutually agreeable magistrate judge for trial in this matter.

<u>Defendants</u> request Judge Wu remain the Judge for all purposes, including trial of the matter.

**(l)    Further Orders Requested: None at this time.**

**(m)    Proposals regarding severance, bifurcation or other ordering of proof.**

Defendants anticipate filing a motion to bifurcate. Plaintiff would oppose such a motion.

Dated: April 17, 2008

**LAW OFFICES OF R. SAMUEL PAZ**
**SONIA MERCADO & ASSOCIATES**

By: /s/ Sonia M. Mercado
_____
Sonia M. Mercado, Esq.
Co-Counsel for Plaintiff Dion Starr

Dated: April 17, 2008

HURRELL CANTRAL LLP

By: /s/ Adrianna Corrado, Esq.
_____
Thomas Hurrell, Counsel for Defendants
Adrianna Corrado, Counsel for Defendants

JUDGE WU
PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| MATTER | Time | Weeks before Trial | Plaintiff's Request (Fill specific date) | Defendant's Request (Fill in specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) April 7, 2009 Estimated length: 14 days | 8:30 am (Tuesdays) | | | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | 11:00 am (Mondays) | -1 | | | |
| Final Pretrial conference; Hearing on Motions in Limine; File Agreed upon Set of Jury Instructions and Verdict Forms and Joint statement re Disputed Instructions and Verdict Forms; file Proposed Voir Dire Q's and Agreed-to Statement of Case | March 24, 2009 | -2 | | | |
| Lodge Pretrial Conf. Order File Memo of Contention of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | | | |
| Last Day for hand-serving Motions in Limine | | -5 | | | |
| Last day for hearing motions | February 23, 2009 | -7 | | | |
| Last for hand-serving motions and filing (other than Motions in Limine) | | -11 | | | |
| Non-expert Discovery cut-off | January 32, 2009 | -15 | | | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE
L.R. 16-14 Settlement Choice: (1) CT/USMJ   (2) Atty   (3) Outside ADR   (4) Settlement Panel

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut-off | | | | | |
| Rebuttal Expert Witness Disclosure | Mar. 10, 2009 | | | | |
| Opening Expert Witness Disclosure [See F.R. Civ. P. 26 (a) (2)] | Feb. 24, 2009 | | | | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to Amend pleadings or add parties | | | | | |

**EXHIBIT A**