R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:  (310) 410-2981
Facsimile:   (310) 410-2957

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA IN HIS INDIVIDUAL AND PERSONAL CAPACITY, ET., AL,<br>　　　　Defendants. | CASE NO. **CV O8-00508 GW (SHx)**<br><br>(Hon. George H. Wu)<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE ON BEHALF OF DEFENDANTS, LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, AND DEPUTY BUGARIN; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Date:　　　　June 12, 2008<br>Time:　　　　8:30 a.m.<br>Courtroom:　10<br><br>Case filed: 1/30/08 |

**PLAINTIFF FILES AN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS AND REQUESTS THE COURT DENY THE MOTION.**

At the onset, the Court should note that this is a redundant motion, raising the same issues previously raised on a motion to dismiss heard on April 7, 2008, and raises issues seriatim.

Defendants concede that Plaintiff's counsel agreed to dismiss from the first cause of action the words, "general laws of the State of California." Thus, this motion was unnecessary, violates the purpose of Local Rule 7-3 to avoid filing motions, and is in bad faith.

**1.  DEFENDANTS MISUSE LOCAL RULE 7-3 AFTER PLAINTIFF AGREED TO TAKE CURATIVE MEASURES.**

Local Rule 7-3, implicitly expects that after resolution of an issue, the parties not bring a motion. Although Defendants concede that Plaintiff's counsel agreed to dismiss the words, "general laws of the State of California," from the first cause of action, still they file a motion on this issue rather than permitting Plaintiff to dismiss these 7 (seven) words. There was no necessity to bring this motion on this issue.

The balance of the motion is a repetition of the prior April 7th motion to dismiss and should be denied. Defendants raise issues not previously raised in a motion to dismiss and delay the discovery process. FRCP Rule 12(g) does not provide Defendants   The clear purpose of Rule 7-3 is to avoid delays and wasting judicial time by filing seriatim motions.

**2.  DEFENDANTS FAIL TO MEET THE LEGAL STANDARD REQUIRED IN RULE 12(b) MOTIONS FOR MORE DEFINITE STATEMENT.**

It is well established that a motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can **prove** *no set of facts which would entitle her to relief*. The court must decide whether the facts alleged, if true (conditional - not whether they are true - an issue for the trier of fact), would entitle the plaintiff to *some form of legal remedy*. Unless the answer is unequivocally "no," then the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978).

Essentially Defendants interpret the "definite statement" to mean that at a complaint must set forth not just allegations, but the evidence necessary to prevail on the cause of action. This is not the legal standard. All material allegations in the

1  complaint will be taken as true and construed in the light most favorable to the
2  plaintiff.  *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The
3  Plaintiff must frame their Complaint with "clear and concise averments stating which
4  defendants are liable to plaintiffs for which wrongs." *McHenry v. Renne,* 84 F.3d
5  1172, 1996 WL 277442 (9th Cir. 1996).  The motion should be denied as Plaintiff
6  states a cognizable legal theory or submits more than sufficient alleged facts under a
7  cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th
8  Cir. 1988).

**3.      A DEPARTMENT OF THE COUNTY IS A PROPERLY NAMED DEFENDANT PURSUANT TO U.S. SUPREME COURT AUTHORITY.**

   **A.     Defendants' Waived the Right to Raise this Issue Seriatim.**

Defendants' failure to raise the issue of naming LASD in their first motion, is not just a waiver of the issue but not permitted by the FRCP, Rule 12b.  Rule 12b permits defendants to timely raise objectionable issues, but does not permit seriatim motions to dismiss, such that when one motion is ruled upon, new issues are subsequent raised.  Defendants deliberate tactical decision to omit it then, and to raise it seriatim should be denied as it is a misuse of Rule 12b(6) motions.  The Court granted Plaintiff the right to amend in this First Amended Complaint on specific issues - this is not one.  The issue has been waived, and the Court should deny this motion.

   **B.     LASD Is Properly Named.**

On the legal merits, this argument also fails.  Defendants' reliance on authority from other District Courts ignores the U.S. Supreme Court ruling in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

Plaintiff may sue any governmental entity responsible of the liability to the plaintiff.  The U.S. Supreme Court established this precedent in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), in allowing an official capacity suit against a "department of social services." This was affirmed in *City of St. Louis*

*v. Praprotnik,* 485 U.S. 112 (1988) where the Supreme Court stated: "Ten years ago, this Court held that municipalities **and other bodies of local government** are "persons" within the meaning of this statute. Such a body may therefore be sued directly if it is alleged to have caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id., 121, emphasis added, citing *Monell*. These suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham,* 473 U.S. 159, 165 fn.14, (1985) (holding that " . . . under Monell, . . . local government units can be sued directly" [citations omitted]).

  *Vance v. County of San ta Clara*, 928 F.Supp. 993 (N.D. Cal. 1996) has been properly rejected on the sound reasoning that it attempts to override Supreme Court authority. It is well established that a department of a municipality can be named and sued under 42 U.S.C. § 1983, and denial of such right would circumvent the U.S. Supreme Court in *Monell v. Department of Social Services of New York,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), where the United States Supreme Court held that the department of the state may be liable for damages under *§ 1983*. Id. at 690-91. This issue was analyzed in *Lee v. City of Sparks Police Department,* 2007 U.S. Dist. LEXIS 64028, where the Sparks Police Department sought to dismiss the claims against it, arguing that it is not a "person" under *42 U.S.C. § 1983* based on the reasoning of *Vance v. County of Santa Clara*, Supra (cite omitted). The court in *Lee* reasoned that while *Vance* supported Sparks Police Department's argument, *Vance* unjustifiably departed from the rule announced in *Monell v. Department of Social Services of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*, where the United States Supreme Court held that local Social


Services department of New York may be liable for damages under *§ 1983*. *Id. at 690-91*.

The moving parties' argument that a plaintiff must choose to sue only one of many culpable entities was similarly rejected in *Berry v. Baca,* 2002 U.S. Dist. LEXIS 5903 (C.D. Cal.). There the district court stated:

> It is axiomatic, however, that **the plaintiff is master of his complaint** . . . The defendant provides no compelling reason why the Court should override the plaintiff's choice of defendant and substitute the County of Los Angeles for Sheriff BACA. Absent any Ninth Circuit authority to the contrary, the Court denies the defendant's request to formally substitute the County of Los Angles as the defendant in place of Sheriff BACA.

In this District and the Ninth Circuit there is no authority requiring a plaintiff to select between a County and an entity such as LASD in pleading and proving constitutional violations. On point, the County Board of Supervisors does not "manage" the LASD - it is common knowledge that LASD has a different budget and that the Sheriff manages the jails. As such, LASD, while a department of the COLA, has its own management. Each is a distinct legal entity, and LASD is separate and distinct from the Board of Supervisors, with separate governing bodies, distinct policymaking responsibilities, and monetary budgets. LASD is a distinct public entity. Separate from the entities that can be sued are public employees in supervisory positions who can be sued in their personal capacity (discussed below). Each has distinct statutory and managerial duties, especially in the governance of the jails. Each is a distinct political and governmental entity and here, there are very valid reasons to allow Plaintiffs to be the "master of their complaint." *Berry v. Baca* supra.

Since a department of the County has authority to enter contracts and to sue, it certainly can also be sued. An example is that when COLA enters into a Memorandum of Understanding (MOU) with the U.S. Dept. Of Justice, Sheriff Baca

as head of LASD signed that agreement concurrent with other COLA departments and COLA's lawyers. (Attached as Exhibit 1 is an example of this MOU, which documents is also found posted in the DOJ website.)

### C. Discovery Requirements Compel Plaintiffs to Name the Correct Entities.

As a practical and procedural consideration in support of Plaintiff being able to name every responsible party, Plaintiff's counsel has frequently experienced the common defense tactic of "hide the ball" by claiming that discovery requests sent to e.g., the County cannot answer because "it is not in the possession of *this* public entity." This maneuver is then used as a delaying tactic to avoid producing discovery of evidence on liability and to blame the plaintiff for not seeking discovery against the entity. Plaintiff's counsel can name LASD as defendant to focus discovery as to them and avoid this gamesmanship.

## 4. THE PLAINTIFF HAS ALLEGED A DEFINITE STATEMENT AND PROVIDED SUBSTANTIAL NOTICE OF HIS CLAIM RE BACA IN COMPLIANCE WITH RULE 12(e).

### A. Rule 8 Notice Pleading does not Require Evidentiary Allegations.

The thrust of Defendants' argument is that the FAC must include not just detailed allegation (not just notice), but also all the evidence proving the allegations. This is not the law. Due to the concept of "notice pleading" pursuant to Rule 8, a motion for a definite statement is disfavored, and must be "so vague as to fail to provide notice of the claims asserted" in order to be granted. *Fices v City of Daphne*, 79 F.3d 1079, 1082-1083 (11th Cir. 1996). Here, Plaintiff has plead more than sufficient facts to give defendants notice of his claim for supervisor liability as to Sheriff Baca.

Defendants' moving papers are demonstrative of the lack of merit of this argument, as their Motion quotes the extensive details provided in the First Amended Complaint which undoubtedly give Defendants "notice of the claims

<mark>asserted."</mark> The discovery process, which is being delayed by this motion, is precisely the stage during which evidence regarding the allegations will be discovered. The Court should not be misguided by Defendants confusion of notice pleading with criminal cases standard where some evidence must exist at the onset.

### B. Plaintiff May Pursue Causes of Action Against Sheriff Baca Because of His Personal Participation in the Violations Alleged.

#### 1. "Personal Participation" Establishes Supervisory Liability.

The personal participation involved for Sheriff Baca as a supervisor relates to his supervisory responsibilities and duties - not whether he was physically present at the scene of the incident - an incorrect spin which defendants interject to confuse.

It is without dispute that the responsibility for operating county jails in California is placed by law upon the sheriff. See Cal. Penal Code § 4000; *Brandt v. Board of Supervisors*, 84 Cal. App. 3d 598, 601 [147 Cal. Rptr. 468] (1987). The sheriff is required by statute to take charge of and keep the county jail and the prisoners in it, and is answerable for the prisoner's safekeeping. See Cal. Gov. Code § 26605, 26610, Cal. Penal Code § 4006. *Brandt,* 601.

Section 1983 of the Civil Rights Act of 1864 imposes liability "on a person who subjects, or causes to be subjected, any individual to a deprivation of federal rights. . . ." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (internal quotation marks omitted). In *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) the Ninth Circuit held supervisory liability is imposed against a supervisory official in his individual capacity for his "own culpable action or inaction in the training, supervision, or control of his subordinates," (cites omitted) or for his "'acquiesce[nce] in the constitutional deprivations of which [the] complaint is made,'" (cites omitted); or for conduct that showed a " 'reckless or callous indifference to the rights of others.'" (Cites omitted.) The affirmative conduct may involve the supervisor's direct participation in the events giving rise to plaintiff's claim or it may involve the implementation of policies, rules, or directives

<mark>Page -7-</mark>

that "set in motion a series of acts by others . . ., which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Larez*, at 646.

A sheriff named as a "supervisor may be liable if there exists *either* (1) his or her personal involvement in the constitutional deprivation, *or* (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v County of San Diego*, 942 F.2d 1435, 1446-1447 (9th Cir. 1991); *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989) (citing *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987) emphasis added).

Supervisory liability exists **even without overt personal participation** in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Redman* id., quotes and citation omitted. This latter liability is not a form of vicarious liability. Rather, it is direct liability. Actions against supervisors under § 1983 are allowable as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right. "The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Cir. 1978).

**2.  The Complaint Alleges BACA's Personal Participation That Exposes Him to Liability as an Individual.**

Federal rules of pleading are governed by Fed. R. Civ. Pro. 8 which adopts "notice pleading" that does not require the plaintiff to allege facts constituting the claim for relief. The plaintiff need only give "fair notice" of the claim or defense so that the opposing party can respond, conduct discovery and prepare for trial. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Federal Rules of Civil Procedure governs the sufficiency of federal claims and the manner in which they are presented. *Taylor v. United States*, 821 F.2d 1428 (9th Cir. 1428, 1433). Here, Plaintiff has alleged

separate claims for relief under federal law for supervisor liability in clear and simple terms.

Plaintiff FAC alleges and details the factual allegations necessary to give the Defendant BACA notice of the federal claims asserted against him and show his personal involvement of a continued and serious pattern and practices of constitutional violations including deputy use of force; inmate on inmate violence; denial of medical care; and, deputy dereliction of duty, causing inmate on inmate violence. He had personal participation as is evidenced by the Sheriff's personal statements presented to the public by his lawyers in the Office of Independent Review and the Special Counsel to the Sheriff Merrick Bobb.

Plaintiff need allege that the policy [was] the 'moving force behind the constitutional violation.'" *Oviatt, 954 F.2d at 1474* (quoting *City of Canton, 489 U.S. at 389-91*). Plaintiff has amply provide not just notice of the claim, but substantial factual allegations demonstrating that the Sheriff's actions as supervisor were a moving force behind the constitutional violations. Thus, the FAC presents substantial facts that BACA was personally involved in knowing of the problem, implementing a policy, custom or practice so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Johnson v. Duffy,* supra. The examples of notice to Baca are not only relevant, but provide him substantial notice of the claim against him.

### 3. As a Matter of Law, Plaintiff Is Required to Name the Sheriff as the Correct "Policymaker."

As stated above, under California law, a county sheriff is charged by law as the executive manager over all of the county's detention facilities and operating a county jail (Cal. Penal Code Section 4000, et seq.,) and is required by statute to take charge of and keep the county jail and prisoners of the jail, and is answerable for the prisoners' safekeeping. (See Cal. Government Code, Section 26605, 26610, and Penal Code Section 4006.)

1        Thus, because the Sheriff of Los Angeles is a separate legal entity with a distinct elected official as its "policymaker" for purposes of liability under 42 U.S.C. § 1983, it is necessary to name each potential "policymaker." This legal necessity is vividly demonstrated by the decision in *City of St. Louis v. Praprotnik,* 485 U.S. 112 (1988). In *Praprotnik,* a jury exonerated the individual defendants but held the city liable. The Eighth Circuit affirmed. In a plurality opinion, the Supreme Court reversed with respect to the individual defendants, finding that *petitioner's supervisors did not have policymaking authority* over his demotion and discharge. Looking to language of the City charter, the Court identified the Civil Service Commission as the final personnel policymaker for the city, (id., 125-126) but the Court found no basis for imposing municipal liability against them. Id., 129-130. e.

**CONCLUSION**

       Plaintiff agrees that the Court can issue an order that the words "general laws of the State of California," are stricken from the First Cause of Action. For all the above reasons, Plaintiff requests that Defendants' Motions be denied, and that Defendants be ordered to file an Answer to the FAC within 10 days from this hearing.

DATED: May 29, 2008        **LAW OFFICES OF R. SAMUEL PAZ**

By _____/S/_____
       Sonia M. Mercado
       Co- Attorney for Plaintiff