R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone: (310) 410-2981
Facsimile: (310) 410-2957

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA IN HIS INDIVIDUAL AND PERSONAL CAPACITY, ET., AL,<br>　　　　Defendants.<br>_____ | CASE NO. **CV O8-00508 GW (SHx)**<br>(Hon. George H. Wu)<br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BACA'S THIRD MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE ON BEHALF OF DEFENDANTS, LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, AND DEPUTY BUGARIN; MEMORANDUM OF POINTS AND AUTHORITIES.**<br>Date:　　August 11, 2008<br>Time:　　8:30 a.m.<br>Courtroom: 10<br>Case filed:　1/30/08 |

**PLAINTIFF FILES AN OPPOSITION TO DEFENDANT BACA'S THIRD MOTION TO DISMISS AND REQUESTS THE COURT DENY THE MOTION.**

At the onset, the Court's Order of June 12, 2008, on Defendants Baca, Bugarin, Los Angeles County and Los Angeles County Sheriff's Department's

Motion to Dismiss, denied the motion as to all defendants, except as to Sheriff Baca and the Third Cause of action.

All defendants (except Baca) are in default for not Answering the Second Amended Complaint ("SAC"), and Plaintiff concurrently herein request that a default be entered as to these defendants except Baca.

**A.   DEPUTY BUGARIN'S MOTION TO DISMISS WAS DENIED AND SUBSUMED IN THE COURT'S ORDER OF JUNE 12, 2008 TO WHICH ORDER DEPUTY BUGARIN SUBMITTED.**

At the Second Motion to Dismiss, filed by Deputy Bugarin and Sheriff Baca, Defense counsel then submitted to the Court's Tentative Ruling, which became the ruling of the Court. (Defendants' counsel never raised an issue during meet and confer as to Bugarin.)

In that ruling, the Court denied Defendants' motion to dismiss (including Deputy Bugarin) except as to Sheriff Baca. Thus, Deputy Bugarin has no authority to file yet a third motion to dismiss, as her last motion was denied. The Court's tentative ruling, to which all the parties jointly submitted states at page 2, "The Third Cause of Action does not Adequately State a Claim for Relief against Baca." The Court granted the motion only as to Baca. Had Defendants' objected to the denial of the motion as to Bugarin, they should not have submitted on the Court's ruling. Plaintiff relied upon Defendant Bugarin's submission on the Court's ruling to forego any argument on that issue - as it simply was not at issue - only the Third Cause of Action, and <u>only as to Baca, was granted</u>.

**2.   DEPUTY BUGARIN, LOS ANGELES COUNTY AND LOS ANGELES COUNTY SHERIFF DEPARTMENT ARE ALL IN DEFAULT FOR FAILURE TO FILE A TIMELY ANSWER AND A DEFAULT IS REQUESTED BE ENTERED FORTHWITH.**

1       Particularly on point, the Third Cause of Action upon which the motion to
2 dismiss was granted with leave to amend, refers to "Supervisor Liability" and
3 Plaintiff is not suing Deputy Bugarin for "supervisor liability" thus, she has failed to
4 timely answer the Second Amended Complaint. Plaintiff ask the Court to order
5 Deputy Bugarin to file an Answer forthwith.
6       As important, neither Defendants County of Los Angeles, Los Angeles County
7 Sheriff's Department, nor Deputy Bugrain have filed or served an Answer to the
8 Second Amended Complaint. Once the Court denied their Motion to Dismiss on
9 June 12, 2008, all three had a duty to file an Answer - all three defendants are now in
10 default, and the Court is requested to enter a default as to 1) Deputy Bugarin, 2) Los
11 Angeles County, and 3) Los Angeles County Sheriff Department.
12       The re-filing of this motion by Deputy Bugarin is frivolous and in bad faith,
13 and demonstrates this Defendant and/or her counsel's willingness to ignore the
14 Court's Order.

15 **3.   PLAINTIFF HAS PROVIDED A DEFINITE STATEMENT AS TO**
16      **SHERIFF BACA AND THE MOTION IS WITHOUT LEGAL OR**
17      **FACTUAL MERIT.**

18       At the onset, this Court has been briefed on the issue of whether Sheriff Baca
19 can be sued in his personal capacity as a supervisor. The Court has previously ruled
20 that he can. Yet Defendants continue to argue that the allegations as to Baca are not
21 sufficient because they don't answer all of Defendant's potential questions.
22 Defendant persistently misstates the law and the facts and continues seek allegations
23 be stated which are not at issue.
24       Of note, Defendant's argument that Plaintiff's SAC is "quite similar to the
25 allegations in *Garcia* and *Wiggins*, this similarly incorrect. While *Garcia* and
26 *Wiggins* did not submit substantial facts, Plaintiff's SAC, contrarily, is extremely
27 detailed and complies with more than the required "notice" pleading standards.
28

1    It is well established that a motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can **prove** *no set of facts which would entitle her to relief*. The court must decide whether the facts alleged, if true (conditional - not whether they are true - an issue for the trier of fact), would entitle the plaintiff to *some form of legal remedy*. Unless the answer is unequivocally "no," then the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978).

    Essentially Defendants interpret the "definite statement" to mean that the complaint must make allegations on issues of law which are not relevant herein. Thus, defendant continues to argue that Plaintiff does not allege or respond to questions such as: that Baca had to "personally take part in"; that "Baca directed Bugarin to participate in the incident," or that he "was previously advised of ***Bugarin's*** history of alleged deliberate indifference to the security of inmates..." or that "Baca was advised that Plaintiff reported that he was afraid of being attacked **and that such reports were presented and personally ignored by Sheriff Baca** ." (Defendant's Brief, pg. 8:2-11). Defendant then contends that Plaintiff's failure to allege these facts is a "defect."

    All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Plaintiff must frame their Complaint with "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs." *McHenry v. Renne,* 84 F.3d 1172, 1996 WL 277442 (9th Cir. 1996). The motion should be denied as Plaintiff states a cognizable legal theory or submits sufficient (not all facts) alleged facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

**4. THE PLAINTIFF HAS ALLEGED A DEFINITE STATEMENT AND PROVIDED SUBSTANTIAL NOTICE OF HIS CLAIM RE BACA IN COMPLIANCE WITH RULE 12(e).**

**A. Rule 8 Notice Pleading does not Require Evidentiary Allegations.**

The thrust of Defendant's argument is that the SAC must include not just detailed allegation (and not just notice to Baca), but also all the evidence proving the allegations. This is not the law.

Due to the concept of "notice pleading" pursuant to Rule 8, a motion for a definite statement is disfavored, and must be "so vague as to fail to provide notice of the claims asserted" in order to be granted. *Fices v City of Daphne*, 79 F.3d 1079, 1082-1083 (11th Cir. 1996). Here, Plaintiff has plead more than sufficient facts to give defendants notice of his claim for supervisor liability as to Sheriff Baca.

The discovery process, which is being delayed by this motion, is precisely the stage during which evidence regarding the allegations will be discovered.

**B. Plaintiff May Pursue Causes of Action Against Sheriff Baca Because of His Personal Participation in the Violations Alleged.**

**1. "Personal Participation" Establishes Supervisory Liability.**

The personal participation involved for Sheriff Baca as a supervisor relates to his supervisory responsibilities and duties - **not whether he was physically present** at the scene of the incident - an incorrect spin which defendants continue to interject knowing this is not the standard.

In *Dubner v City & County of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001), the Ninth Circuit Court of Appeals, specifically held that, "Chief Lau could be held liable in his individual capacity as a supervisor if he knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known would cause others to inflict a constitutional injury." Id. p. 968. That Court, also referenced, "*Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998); *Larez*

1  *v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (upholding a similar jury
2  instruction in a § 1983 suit against Chief of LAPD). In addition, he could be liable
3  based on his" own culpable action or inaction in the training, supervision, or control
4  of his subordinates," *Larez*, 946 F.2d at 646 (quoting *Clay v. Conlee*, 815 F.2d 1164,
5  1170 (8th Cir. 1987)); or his "acquiescence in the constitutional deprivations of
6  which [the] complaint is made," id. (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1528
7  (10th Cir. 1988)).)" Id at pg 968

8      It is without dispute that the responsibility for operating county jails in
9  California is placed by law upon the sheriff. See Cal. Penal Code § 4000; *Brandt v.*
10 *Board of Supervisors*, 84 Cal. App. 3d 598, 601 [147 Cal. Rptr. 468] (1987). The
11 sheriff is required by statute to take charge of and keep the county jail and the
12 prisoners in it, and is answerable for the prisoner's safekeeping. See Cal. Gov. Code
13 § 26605, 26610, Cal. Penal Code § 4006. *Brandt,* 601.

14     Section 1983 of the Civil Rights Act of 1864 imposes liability "on a person
15 who subjects, or causes to be subjected, any individual to a deprivation of federal
16 rights. . . ." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (internal
17 quotation marks omitted).  In *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th
18 Cir. 1991) the Ninth Circuit held supervisory liability is imposed against a
19 supervisory official in his individual capacity for his "own culpable action or
20 inaction in the training, supervision, or control of his subordinates," (cites omitted)
21 or for his "'acquiesce[nce] in the constitutional deprivations of which [the]
22 complaint is made,'" (cites omitted); or for conduct that showed a " 'reckless or
23 callous indifference to the rights of others.'" (Cites omitted.)  The affirmative
24 conduct may involve the supervisor's direct participation in the events giving rise to
25 plaintiff's claim or it may involve the implementation of policies, rules, or directives
26 that "set in motion a series of acts by others . . ., which he knew or reasonably should
27 have known, would cause others to inflict the constitutional injury." *Larez*, at 646.
28

A sheriff named as a "supervisor may be liable if there exists *either* (1) his or her personal involvement in the constitutional deprivation, *or* **[disjunctive] (2)** a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v County of San Diego*, 942 F.2d 1435, 1446-1447 (9th Cir. 1991); *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989) (citing *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987) emphasis added).

Supervisory liability exists **even without overt personal participation** in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Redman* id., quotes and citation omitted. This latter liability is not a form of vicarious liability. Rather, it is direct liability. Actions against supervisors under § 1983 are allowable as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right. "The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Cir. 1978).

    **2. The Complaint Alleges BACA's "Personal Participation" In a Supervisor Capacity Action, That Exposes Him to Liability.**

Federal rules of pleading are governed by Fed. R. Civ. Pro. 8 which adopts "notice pleading" that does not require the plaintiff to allege facts constituting the claim for relief. The plaintiff need only give "fair notice" of the claim or defense so that the opposing party can respond, conduct discovery and prepare for trial. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Federal Rules of Civil Procedure governs the sufficiency of federal claims and the manner in which they are presented. *Taylor v. United States*, 821 F.2d 1428 (9th Cir. 1428, 1433). Here, Plaintiff has alleged

1 separate claims for relief under federal law for supervisor liability in clear and
2 simple terms. (See, SAC, page 9 to 19.)
3     Plaintiff SAC alleges and details the factual allegations necessary to give the
4 Defendant BACA notice of the federal claims asserted against him and show his
5 personal involvement of a continued and serious pattern and practices of
6 constitutional violations including deputy use of force; inmate on inmate violence;
7 denial of medical care; and, deputy dereliction of duty, causing inmate on inmate
8 violence. He had personal participation as is evidenced by the Sheriff's personal
9 statements presented to the public by his lawyers in the Office of Independent
10 Review and the Special Counsel to the Sheriff Merrick Bobb.
11     Plaintiff need allege that the policy [was] the 'moving force behind the
12 constitutional violation.'" *Oviatt, 954 F.2d at 1474* (quoting *City of Canton, 489 U.S.*
13 *at 389-91*). Plaintiff has amply provide not just notice of the claim, but substantial
14 factual allegations demonstrating that the Sheriff's actions or inactions as supervisor
15 were a moving force behind the constitutional violations. (See SAC, ¶s 30 to 33.)
16 Thus, the Complaint presents substantial facts that BACA was personally involved
17 in knowing of the ongoing problem, (See SAC ¶s 34 to 49), implementing a policy
18 so deficient that the policy "itself is a repudiation of constitutional rights" and is "the
19 moving force of the constitutional violation." *Johnson v. Duffy,* supra. Plaintiff has
20 fully complied with this requirement. (See SAC ¶s 30 to 51.)

       **3.    As a Matter of Law, Plaintiff Is Required to Name the Sheriff as the Correct "Policymaker."**

23     As stated above, under California law, a county sheriff is charged by law as the
24 executive manager over all of the county's detention facilities and operating a county
25 jail (Cal. Penal Code Section 4000, et seq.,) and is required by statute to take charge
26 of and keep the county jail and prisoners of the jail, and is answerable for the

prisoners' safekeeping. (See Cal. Government Code, Section 26605, 26610, and Penal Code Section 4006.)

Thus, because the Sheriff of Los Angeles is a separate legal entity with a distinct elected official as its "policymaker" for purposes of liability under 42 U.S.C. § 1983, it is necessary to name each potential "policymaker." This legal necessity is vividly demonstrated by the decision in *City of St. Louis v. Praprotnik,* 485 U.S. 112 (1988). In *Praprotnik,* a jury exonerated the individual defendants but held the city liable. The Eighth Circuit affirmed. In a plurality opinion, the Supreme Court reversed with respect to the individual defendants, finding that *petitioner's supervisors did not have policymaking authority* over his demotion and discharge. Looking to language of the City charter, the Court identified the Civil Service Commission as the final personnel policymaker for the city, (id., 125-126) but the Court found no basis for imposing municipal liability against them. Id., 129-130.

Thus, Plaintiff Starr seeks to avoid the same fate as the plaintiff in *Praprotnik,* by naming the correct "policymakers" for the particular issues presented by this case.

## 5. DEFENDANTS' MOTION SHOULD BE DENIED FOR MISUSE OF LOCAL RULE 7-3 AND SANCTIONS SHOULD BE GRANTED AGAINST THEM.

Local Rule 7-3, implicitly expects that after the Court's ruling on the issue in a motion to dismiss, having had the motion denied in part, the moving party cannt ignore the Court's order and file another motion to dismiss. There was no necessity to bring this motion as to deputy Bugarin.

The balance of the motion is similarly a repetition of the June 12, 2008 motion to dismiss as to Sheriff Baca and should be denied. The clear purpose of Rule 7-3 is to avoid delays and wasting judicial time with motions which have been resolved and can be prevented. As set forth below, Plaintiff properly, sufficiently, and with

1  substantial facts, amended his complaint as to Sheriff Baca, and this motion should
2  be denied.

**6.   CONCLUSION**

Plaintiff's SAC sufficiently alleges a cause of action against Sheriff Baca.  For all the above reasons, Plaintiff requests that Defendant's Motions be denied, and that Sheriff Baca (and all defendants presently in default) file an Answer to the SAC within 3 days of this hearing.

Plaintiff also request that as to Deputy Bugarin, Los Angeles County, and Los Angeles Sheriff Department, that the Court enter a default for failing to file an Answer herein.

DATED: July 28, 2008          **LAW OFFICES OF R. SAMUEL PAZ**


By _____/S/_____
        Sonia M. Mercado
        Co- Attorney for Plaintiff