R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone: (310) 410-2981
Facsimile: (310) 410-2957

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA IN HIS INDIVIDUAL AND PERSONAL CAPACITY, ET., AL,<br>        Defendants. | CASE NO. **CV O8-00508 GW (SHx)**<br><br>(Hon. George H. Wu)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BACA'S FIFTH MOTION TO DISMISS BASED UPON A HIGHER STANDARD OF PLEADING AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES; and REQUEST FOR JUDICIAL NOTICE OF PLAINTIFF'S OPPOSITIONS TO DEFENDANT BACA'S SECOND, THIRD AND FOURTH MOTIONS TO DISMISS.**<br><br>Date:      January 8, 2009<br>Time:      8:30 a.m.<br>Courtroom: 10<br><br>Case filed:  1/30/08 |

**PLAINTIFF FILES AN OPPOSITION TO DEFENDANT BACA'S FIFTH MOTION TO DISMISS AND REQUESTS THAT THE COURT DENY THE MOTION OR CERTIFY ITS ORDER FOR AN INTERIM APPEAL.**

1.  **PLAINTIFF REQUESTS THAT THE COURT TAKE JUDICIAL NOTICE OF ITS FILE HEREIN, AND OF PLAINTIFF'S OPPOSITIONS TO BACA'S SECOND, THIRD AND FOURTH MOTION TO DISMISS**.

The legal issues presented in Defendant Baca's Fifth Motion to Dismiss, are the same as previously presented to this Court.  Plaintiff requests that the Court take judicial notice of Defendant Baca's First, Second, Third, and Fourth Motion to Dismiss and of Plaintiff's Opposition to Baca's First, Second, Third, and Fourth Motion to Dismiss.

2.  **PLAINTIFF HAS PROVIDED BACA MORE THAN SUFFICIENT NOTICE OF HIS CLAIMS OF THE CAUSAL CONNECTION BETWEEN THE SHERIFF'S KNOWLEDGE OF DEPUTIES' DERELICTION OF DUTY AND HIS FAILURES TO TAKE CORRECTIVE MEASURES, FAILURES TO IMPLEMENT POLICIES, FAILURES TO SUPERVISE HIS SUBORDINATES, AND HIS RATIFICATION OF WRONGFUL CONDUCT.**

Plaintiff's prior four Oppositions to Baca's Motions to Dismiss, and in the First Amended Complaint, the Second Amended Complaint and Third Amended Complaint, Plaintiff has provided Baca with adequate notice pleading as required by Fed. R. Civ. Pro. 8 (a) (2) which requires simply that Plaintiff provide a **short and concise notice of the claims.**  As discussed below, a series of Supreme Court cases have rejected what the Baca urges, a heightened pleading standard.  Here, Plaintiff has provided <u>substantial facts</u> for the basis of his claims alleging Baca's individual liability, because, as Defendant's points out, the Court asked that plaintiff "*state precisely the <u>basis for the claims</u> as to defendant L. Baca....*"

This fifth motion is not about Baca's feigned lack of "notice of claims," but rather, his continued argument that because he is Sheriff, he should not be exempt from accountable for a "sufficient causal connection" between is lack of action or

1  conduct which is a moving force of the unconstitutional conduct resulting in

2  plaintiff's injuries.

3          **A.     Baca's Motions Emphasize Claims not Alleged in the Complaint.**

4          At the onset, this Court has been briefed on the issue of whether Sheriff Baca

5  can be sued in his individual capacity as a supervisor.  The Court has previously

6  ruled that he can.  However, although the issue in this case **is not** whether Baca

7  personally participated or was present at Plaintiff's stabbing, still Defendant begins

8  each of the five motions to dismiss with the question whether "*Supervisor Liability*

9  *[Baca] is Based on the Supervisor's* **personal participation**," knowing full well that

10 this is not the issue alleged.  It can only be assumed that this persistent misstatement

11 is an effort to confuse the Court.  Plaintiff does not contend that it was Baca who

12 stabbed him 23 times.   Here, Baca's liability is alleged to be based on the second

13 prong of supervisor liability stated in Baca's motion, (which is an alternative

14 disjunctive standard) whether "(2) a sufficient causal connection between the

15 supervisor's wrongful conduct and the constitutional violation . . . " (Defendant's

16 Motion 5, pg. 6:24).

17         **B.     The Plaintiff Has Alleged a Definite Statement Regarding Sufficient**

18                 **Causal Connection Between Baca's Action and Inactions and the**

19                 **Constitutional Violation.**

20         As set forth above, the issue alleged in all the Complaints, including the Third

21 Amended Complaint, is whether Baca's actions or inactions ( his "own culpable

22 action or inaction in the training, supervision, or control of his subordinates, ") were

23 a moving force in the unconstitutional conduct that resulted in Plaintiff's injuries.

24 The Sheriff named as a "supervisor may be liable if there exists *either* (1) his or her

25 personal involvement in the constitutional deprivation [not the issue herein], ***or***

26 **[disjunctive] (2) a sufficient causal connection between the supervisor's**

27 **wrongful conduct and the constitutional violation."** *Redman v County of San*

28 *Diego*, 942 F.2d 1435, 1446-1447 (9th Cir. 1991).

1   In *Dubner v City & County of San Francisco*, 266 F.3d 959, 968 (9th Cir.

2   2001), the Ninth Circuit Court of Appeals, specifically held that, "Chief Lau could

3   be held liable in his individual capacity as a supervisor if he knowingly refused to

4   terminate a series of acts by others, which he knew or reasonably should have known

5   would cause others to inflict a constitutional injury." *Id*. at 968.  That Court, also

6   referenced, "*Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998); *Larez*

7   *v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (upholding a similar jury

8   instruction in a § 1983 suit against Chief of LAPD). In addition, he could be liable

9   based on his" own culpable action or inaction in the training, supervision, or control

10  of his subordinates," *Larez*, 946 F.2d at 646 (quoting *Clay v. Conlee*, 815 F.2d 1164,

11  1170 (8th Cir. 1987)); or his "acquiescence in the constitutional deprivations of

12  which [the] complaint is made," *id*. (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1528

13  (10th Cir. 1988)).)" *Id*. at pg 968.

14  As set forth above, Baca must be named as a Defendant, and may be named in

15  his individual liability capacity where the facts show a custom of knowledge of

16  unconstitutional conduct by his subordinates, inaction and ratification. The

17  responsibility for operating county jails in California is placed by law upon the

18  sheriff.  See Cal. Penal Code § 4000; *Brandt v. Board of Supervisors*, 84 Cal. App.

19  3d 598, 601 [147 Cal. Rptr. 468] (1987).  The sheriff is required to take charge of

20  and keep the county jail and the prisoners in it, and is answerable for the prisoner's

21  safekeeping. See Cal. Gov. Code §  26605, 26610, Cal. Penal Code §  4006. *Brandt,*

22  *Id.,* 601.  Under California law, a county sheriff is charged by law as the executive

23  manager over all of the county's detention facilities and operating a county jail (Cal.

24  Penal Code Section 4000, et seq.,) and is required by statute to take charge of and

25  keep the county jail and prisoners of the jail, and is answerable for the prisoners'

26  safekeeping.  (See Cal. Government Code, Section 26605, 26610, and Penal Code

27  Section 4006.)

28

1    Plaintiff has amply satisfied the second "causal connection" prong by alleging
2    facts which put Baca on notice of ongoing unconstitutional conduct of his
3    subordinates.   Of note, the cases relied upon by defendant are cases wherein the
4    supervisor did not have "notice" of prior unconstitutional conduct by his
5    subordinates.   Plaintiff has not only alleged the elements of this cause of action as to
6    Baca, but included substantial facts of these issues and notice to Baca.

7    **3.    THE MOTION TO DISMISS SHOULD BE DENIED AS THE THIRD**
8    **AMENDED COMPLAINT SATISFIES FED. R. CIV. PRO. 8 (A)(2).**

9    Federal rules of pleading are governed by Fed. R. Civ. Pro. 8 (a) (2) which
10   adopts "notice pleading" that does not require the plaintiff to allege facts
11   constituting the claim for relief.  The plaintiff need only give "fair notice" of the
12   claim or defense so that the opposing party can respond, conduct discovery and
13   prepare for trial.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  There the Supreme
14   Court stated that the Rule meant what it said:

15       The Federal Rules of Civil Procedure do not require a claimant to set out
16       in detail the facts upon which he bases his claim. To the contrary, all the
17       Rules require is 'a short and plain statement of the claim' that will give
18       the defendant fair notice of what the plaintiff's claim is and the grounds
19       upon which it rests." *Id., at 47* (footnote omitted).

20       The Federal Rules of Civil Procedure governs the sufficiency of federal claims
21   and the manner in which they are presented.  Baca'S attempt to alter the pleading
22   standard via the court rather than through changes to the Federal Rules goes
23   completely against this Court's own precedents regarding rule-making authority.
24   *See*, *e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) ("A requirement of
25   greater specificity for particular claims is a result that 'must be obtained by the
26   process of amending the Federal Rules, and not by judicial interpretation" (citations
27   omitted.).  Here, Plaintiff has alleged separate claims for relief under federal law for
28   supervisor liability in clear and simple terms.

1    Plaintiff has alleged at ¶s 6, 30-55 of the Complaint the allegations which
2    establish the factual allegations necessary to give the Defendant Baca notice of the
3    federal claims asserted against him and show his personal knowledge of a continued
4    and serious pattern and practices of constitutional violations including deputy use of
5    force; inmate on inmate violence; denial of medical care; and, deputy dereliction of
6    duty, causing inmate on inmate violence.  He had personal knowledge of the pattern
7    of unconstitutional conduct as is evidenced by the Sheriff's personal statements
8    presented to the public by his lawyers in the Office of Independent Review and the
9    Special Counsel to the Sheriff Merrick Bobb.

10    Thus, the Complaint presents substantial facts that Baca was personally
11    involved in knowing of the problem, implementing a ***custom of inaction*** so deficient
12    that the custom "itself is a repudiation of constitutional rights" and is "the moving
13    force of the constitutional violation."  *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th
14    Cir. 1978).

15    **4.    THE SUPREME COURT HAS SPECIFICALLY REJECTED**
16    **DEFENDANT'S ASSERTION THAT A PLAINTIFF ALLEGING A**
17    **SUPERVISOR'S CUSTOM AND PRACTICE VIOLATION IN A 42**
18    **U.S.C. § 1983 MUST PLEAD FACTS "WITH PARTICULARITY" AT**
19    **THE PLEADING STAGE.**

20    In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
21    507 U.S. 163 (1993) The plaintiffs were homeowners alleging violations of the
22    *Fourth Amendment* under 42 U.S.C. § 1983 arising from forcible entry into their
23    homes, excessive force and property damage against several local officials, the
24    county and two municipal corporations that employed the police officers under
25    *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) and failure to
26    adequately train the police officers involved under *Canton v. Harris*, 489 U.S. 378
27    (1989).

28

1    The district court dismissed the complaints because they failed to meet the

2    "heightened pleading standard" then required by a circuit decision in *Elliott v. Perez*,

3    751 F.2d 1472 (5th Cir.1985).  The Supreme Court granted certiorari "to resolve a

4    conflict among the Courts of Appeals concerning the applicability of a heightened

5    pleading standard to *§ 1983* actions alleging municipal liability" *Id.*, at 164 citing

6    *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988) ("[A]

7    claim of municipal liability under *section 1983* is sufficient to withstand a motion to

8    dismiss even if the claim is based on nothing more than a bare allegation that the

9    individual officers' conduct conformed to official policy, custom, or practice")

10   (internal quotation marks omitted).

11   Chief Justice Rehnquist's (for a unanimous Court) reversed stating the basic

12   principle applicable here:

13   We think that it is impossible to square the "heightened pleading

14   standard" applied by the Fifth Circuit in this case with the liberal system

15   of "notice pleading" set up by the Federal Rules.  *Rule 8(a)(2)* requires

16   that a complaint include only "a short and plain statement of the claim

17   showing that the pleader is entitled to relief.  (*Id.* at 168, citing *Conley*

18   *v. Gibson*, 355 U.S. 41 (1957) *supra*.)

19   The "heightened pleading standard" rejected in *Leatherman* was almost

20   identical to what Baca urges this court to apply and which this Court has adopted in

21   its November 6, 2008 Order requiring the Plaintiff to "state precisely the basis for

22   the claims as to defendant L. Baca in the revised third amended complaint."  The

23   heightened pleading standard" rejected in *Leatherman* was described as follows:

24   In cases against governmental officials involving the likely defense of

25   immunity we require of trial judges that they demand that the plaintiff's

26   complaints **state with factual detail and particularity the basis for**

27   **the claim** which necessarily includes why the defendant-official cannot

28   successfully maintain the defense of immunity. *Id.*, at 1473.

1       The Supreme Court has consistently rejected a heightened pleading standard

2   and has solidly established that Fed. R. Civ. Pro. 8 (a) (2) is the proper standard.  In

3   *Crawford-El v. Britton*, 523 U.S. 573, 594-595 (1998) the Court rejected a D.C.

4   Circuit created heightened pleading standard in a § 1983 *First Amendment*

5   retaliation claim by a  prisoner alleging improper motive of a prison official in

6   depriving him of his property.  In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002),

7   a Title VII employment discrimination claim, the Court again rejected a Second

8   Circuit created heighten pleading standard that required the plaintiff to allege

9   "specific facts establishing a prima facie case of discrimination." (*Id.*, at 510-512.)

10  The Court made it very clear that "*Rule 8(a)*'s simplified pleading standard applies to

11  all civil actions."  The Supreme Court also rejected the same heightened pleading

12  standard which required greater "particularity" in a Title VII claim in *McDonald v.*

13  *Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283, n. 11 (1976). See also *Scheuer v.*

14  *Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of

15  a complaint, before the reception of any evidence either by affidavit or admissions,

16  its task is necessarily a limited one. The issue is not whether a plaintiff will

17  ultimately prevail but whether the claimant is entitled to offer evidence to support

18  the claims").

19  **5.   CONCLUSION**

20      The present heightened pleading standard the Defendant urges is error as a

21  matter of law.  The Plaintiff has fully complied with Fed. R. Civ. Pro. 8 (a) (2), and

22  the Motion should be denied.  Alternatively, if the Court is inclined to grant it, the

23  Court should certify its order for an interim appeal.

24

25  DATED: December 26, 2008          **LAW OFFICES OF R. SAMUEL PAZ**

26                           /S/ Sonia M. Mercado

27                  By _____

28                    Sonia M. Mercado
                  Co- Attorney for Plaintiff