R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:   (310) 410-2981
Facsimile:    (310) 410-2957

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br>           Plaintiff,<br><br>      v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA IN HIS PERSONAL CAPACITY, ET., AL,<br>           Defendants. | CASE NO. **CV 08-00508 GW (SHx)**<br><br>(Hon. George H. Wu)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT LASD'S MOTION TO STAY THE MAGISTRATE COURT'S ORDER ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SONIA MERCADO.**<br><br>Date:              February 20, 2009<br>Time:             11:00 a.m.<br><br>Trial:               June 16, 2009<br>Discovery Cut-off: March 31, 2009 |

**1.    GOOD CAUSE EXIST TO DENY OR LIMIT A STAY OF COMPLIANCE WITH THE MAGISTRATE'S ORDER.**

   *A.    Defendant's Dismissal of the Magistrate Court's Order to Provide a Privilege Log, Indicates That there are no Privileged Documents.*

It bears noting that the general practice when asserting a "privilege" in this District, is to provide a privilege log with the response to requests for documents. Here, Defendant  refused to provide a privilege log not only with their discovery responses, and further during the parties' meet and confer efforts to resolve these asserted "privileges," but also when the Magistrate Judge ordered that if any

privilege document existed, the Defendant could provide a "privilege log," but Defendant refused to do so.

Defendant ignored producing a privilege log, not only because no "privilege documents" exist - but, to prevent any judicial officer from being able to make any further orders on these issues.  This reveals that the underlying reason for not producing documents, much less a privilege log, is that Defendant doesn't want to produce relevant discoverable documents which presumably will assist Plaintiff in prosecuting his civil rights actions.

For these reasons a "stay" of these orders should be denied.  Alternatively, any stay of the Magistrate's order should be specifically limited to end upon the date and hour of the hearing of Defendant's motion for reconsideration, and compliance of the Magistrate's Order should be due forthwith, on March 23, 2009 by 4:00 p.m..

### C. *Defendant Is Unlikely to Prevail on a Motion for Reconsideration Because the Magistrate Judge Did Not Abuse His Discretion.*

While it is undisputed that the Judge in the case can review the Magistrate's Order, it is equally undisputed that Defendant bears the burden of demonstrating with authority and facts how the Magistrate abused discretion in issuing the order. Here, while Defendant's Motion for Reconsideration is lengthy (20 pages), it fails to state how the Magistrate's Order  "is clearly erroneous or is contrary to law," as required by FRCP Rule 72 (a).

### D. *Defendant is just running the clock on the discovery deadline.*

It is evident by the long docket on this case, and by the long delays in other discovery matters, that the defense tactic in this case has been "defense by obstruction and delay."

On February 18, 2009, in an effort to resolve Defendants' request for a stay of the discovery order, Plaintiff's counsel proposed a resolution asking defense counsel to agree to continue scheduling order which would resolve Plaintiff's concerns for discovery delays.   As of the filing of this opposition, defendants ignored this

1 alternative resolution and provided no response.  (See Declaration of Sonia
2 Mercado.)
3       As time is of essence (the discovery deadline is March 31, 2009, expert
4 designation of March 18, 2009, and trial June 16), the motion for reconsideration is
5 scheduled for March 23, 2009, effectively usurping all remaining discovery and trial
6 preparation time.  Defendants want it both ways: stall producing evidence regarding
7 the second cause of action and produce only self serving discovery, while running
8 out the clock on discovery.
9 **2.    CONCLUSION.**
10       Should the Magistrate Judge grant a "stay", then given the six months
11 Defendant will have had as of the March 23rd hearing on the motion for
12 reconsideration to have copies of the documents at issue, should Defendant's motion
13 for reconsideration be denied, the Magistrate Judge should order that the "stay" ends
14 immediately upon such hearing and ruling, and that Defendant must fully comply
15 with his order and produce all responsive documents on March 23, 2009, by 4:00
16 p.m. by hand delivery to Plaintiff's office.
17       This deadline will not harm Defendant as they have had notice of the request
18 for these documents since September 24, 2008, and notice of the Magistrate Judge's
19 Order since February 2, 2009.

20                                Respectfully submitted,
                                 **SONIA MERCADO & ASSOCIATES**
21
22                                  /S/ Sonia M. Mercado
Dated: February 20, 2009    By:_____
23                                  Sonia M. Mercado, Co-counsel for Plaintiff
24
25
26
27
28

**DECLARATION OF SONIA M. MERCADO**

I am an attorney duly licensed to practice law in the State of California and before the United States Central District Court in Los Angeles. I am co-counsel for Plaintiff with Mr. R. Samuel Paz. If called as a witness in this matter, I would competently testify as follows:

1. On February 18, 2009, I telephoned Ms. Martinelli, expressing my concern that the discovery deadline was March 31, 2009, just days after her scheduled hearing on Defendant's Motion for Reconsideration, and that I would have no objection to a stay if Defendants cooperated by agreeing to continuing the scheduling order so that Plaintiff would not be prejudiced by the delay. A stay resulted in an unfair one sided advantage to the defense. I also expressed that all parties would have to spend many more hours doing a motion to continue the schedule (drafting, meeting and conferring, and appearances) on this issue. While Ms. Martinelli agreed with me, she stated that she needed her clients' "authority," that she was meeting with them on Thursday and would get back to me.

2. As of the date and time of filing this response, Defendants ignored this alternative resolution. I can only assume that they wish to delay and obstruct discovery, in order to deprive Plaintiff's right to a fair trial, and that the request for a "stay" of the Magistrate's Order is a delaying tactic.

3. Should the Magistrate Judge disagree, and grant a "stay", then given the six months Defendant will have had as of the March 23rd hearing on the motion for reconsideration, should Defendant's motion for reconsideration be denied, then I respectfully request that the Magistrate Judge order that Defendant fully comply with his order and fully produce all responsive documents on March 23, 2009, by 4:00 p.m. on that same date by hand delivery to Plaintiff's office.

1 |      I declare under penalty of perjury, under the laws of the State of California,
2 | that the foregoing is true and of my personal knowledge
3 | Dated: February 20, 2009          By:_____/s/ Sonia Mercado
4 |                                                 Sonia M. Mercado