# DECLARATION OF SONIA M. MERCADO

I am an attorney duly licensed to practice law in the State of California and before the United States Central District Court in Los Angeles. I am co-counsel for Plaintiff with Mr. R. Samuel Paz. If called as a witness in this matter, I would competently testify as follows:

**COMPLIANCE WITH RULE 7-3 REQUIREMENTS.**

1. This motion is made following the conferences of counsel pursuant to Local Rule 7-3, which took place on numerous dates, commencing on September 8, 2008 and thereafter both by letter and telephonically when the parties' counsels had several discussions on the issue of the Rule 30(a)(2)(A) deposition limit. I met and conferred with Ms. Martinelli, but we were not able to reach a resolution and she advised me that I had to file this motion seeking leave to take further depositions as her client would not stipulate thereto.

**DEFENDANTS' WITNESSES' LACK OF MEMORY AND KNOWLEDGE REQUIRES PLAINTIFF TO TAKE MORE DEPOSITIONS.**

2. On June 3, 2008, I deposed Deputy Anthony Montes, his record noted no witnesses were located, but that Inmate Veloz (identified by plaintiff to deputies as one of his attackers) was injured. At deposition however he had no independent recollection of the incident or of Plaintiff prior to the incident.

3. On June 3, 2008, I deposed Deputy Raul Magadan, he stated that he completed an Inmate Injury Report, regarding the incident describing Plaintiff as bleeding, complaining of chest pains and that Plaintiff was escorted to treatment; he had no other contact with Plaintiff prior to the incident or Plaintiff. He also testified that he had no independent recollection of the incident.

4. On June 13, 2008, Plaintiff caused Deputy Solano and Deputy Martinez to be subpoenaed for deposition June 23, 2008 as required by Defense counsel Ms. Corrado. But, on June 19, 2008, Ms. Corrado wrote stating, "regarding

|   |     |                                                                                                     |
|---|-----|-----------------------------------------------------------------------------------------------------|

1  Deputies Solano and Martinez whom you subpoenaed for deposition for June
2  24, 2008, please be advised that neither I, nor they, will be available on that
3  date for deposition."
4  5. On <u>July 2, 2008</u>, I deposed Defendant Maybet Bugarin, she was identified by
5  Plaintiff as the deputy who kicked and injured his face and body. Her name
6  did not appear on the Rule 26 disclosure nor any incident report. She had not
7  memory of this incident, other than what was indicated in her report.
8  6. On <u>July 21, 2008</u>, in response to a deposition notice for Deputy Patricia
9  Delatorre, Defendants wrote that over 200 deputies named Delatorre were
10 employed by the LASD and asked if Plaintiff could assist the defendant in
11 identifying which of it's employees were involved in the incident.
12 7. On <u>July 23, 2008,</u> I deposed Deputy Christine Martinez, she stated that her
13 report noted a search for weapons had negative results and that even though
14 persons involved in the incident had stab wounds, no weapons were found or
15 located. She had no independent recollection of the incident or of Plaintiff
16 before the incident.
17 8. On <u>August 21,2008,</u> I deposed Deputy Patricia Delatorre (Casas), she was
18 deposed because she was identified by defense counsel as the custody deputy
19 monitoring security and the cell doors at issue. Deputy Delatorre, also was not
20 identified in the Rule 26 disclosure, she stated at deposition that she had no
21 recollection of the incident or of Plaintiff, nor did she recall being in charge of
22 the gate on that specific date. Thus, I had to depose further deputies.
23 9. On <u>August 26, 2008</u>, I deposed Deputy Edgar Solano, he was not identified in
24 the Rule 26 Disclosure, but he did prepare a Inmate Injury Report, in the report
25 he noted no witness were found. He also had no independent recollection of
26 the incident or of Plaintiff prior to the incident.
27 10. On <u>August 27, 2008</u>, I deposed Sgt. Michael Inge. He was the first line
28 supervisor of the deputies working the day shift on Floor 2000 (module 2400)

|   |   |   |
|---|---|---|
| 1 |  | and Deputy Garivay, Bugarin and Martinez's supervisor.  It was his job to |
| 2 |  | maintain the safety and security of inmates and supervise the deputies that |
| 3 |  | work for him.  It was also his job to know and be informed of prior incidents of |
| 4 |  | inmate on inmate violence, so that he could take corrective measures to |
| 5 |  | prevent them in the future, he failed to do so.  He testified that due to a change |
| 6 |  | in shift, he left the facility at the end of his shift, and the incoming Sergeant |
| 7 |  | Lam (Deposition Sgt. Inge p. 147:4-24), was then responsible for approval and |
| 8 |  | signing the incident report.  Thus I would have to depose him if I wanted that |
| 9 |  | information, as   He testified that he had no personal recollection of this |
| 10 |  | incident (Depo Inge p. 71:22-24). |
| 11 | 11. | On <u>August 28, 2008</u>, I deposed Jose Garivay after taking six (6) deputy |
| 12 |  | depositions trying to find out who was responsible for the security of the gate. |
| 13 |  | For the first time, he admitted, and I learned, that the identity of the deputy |
| 14 |  | who was responsible for securing the gates and safety of the inmates, which |
| 15 |  | led to Plaintiff being stabbed 25 times. |
| 16 | 12. | On <u>August 28, 2008</u>, I deposed Lt. Alfred Gonzalez, because Defense counsel |
| 17 |  | identified him as the Watch Commander on duty during this incident.  He |
| 18 |  | testified that it was his responsibility to hold all deputies and sergeants |
| 19 |  | accountable for not performing their duties and to be informed and inquire as |
| 20 |  | to all incidents under his watch, and to respond and investigate incidents such |
| 21 |  | as this one.  He testified that he was never contacted regarding this incident, an |
| 22 |  | attempted murder on his watch until his deposition on August 28, 2008, and |
| 23 |  | that he had not personal recollection of this matter.  However, at deposition he |
| 24 |  | testified that he ended his shift and left and that the subsequent Watch |
| 25 |  | Commander became responsible for approving the incident report herein. |
| 26 | 13. | On <u>October 24, 2008</u>, I deposed Captain John Clark, the Facility Commander. |
| 27 |  | He identified a document which referenced that an unnamed custody person |
| 28 |  | had identified the inmates who stabbed Plaintiff but nothing was done.  He |

-3-

1  identified numerous personnel in a document entitled "Inmate Discipline
2  Report." Attached as Exhibit 1, is a correct copy of this document, identifying
3  Sgts. Mathers and Bottomly as hearing officers regarding this incident, and
4  Sgt. Smitson as the approving sergeant and interviewing officer.

14. Capt. Clark also stated that the facility captain before him was Leyva, who was in charge prior to Clark's commencement on August 28, 2004. Thus, I would have to depose Capt. Leyva to obtain information regarding the incidents of deaths and serious bodily harm referenced in our complaint.

15. I also seek to depose Sheriff Baca in order to learn facts and information regarding what actions and corrective measures he took as a supervisor over all. I have heard Sheriff Baca state in public that he is the head chief, that the "buck stops with him" and he is responsible for the jail. Only Sheriff Baca can respond for his own conduct regarding prior incidents of lapse or lack of security at the jail, which resulted in numerous killings and attempted murders causing serious bodily harm.

16. Due to the deponent-witnesses' "lack of memory or knowledge", Plaintiff has to take further depositions to discover pertinent and relevant facts and information in this case.

17. The persons sought to be deposed are: 1) Ray Leyva, the facility commander prior to Captain Clark, who was responsible during the period of time when similar incidents occurred and went uncorrected, 2) Sheriff Lee Baca, the Sheriff and "chief" responsible for supervision of his subordinates, 3) Sgt. Lam, named as a supervisor in the Rule 26 Disclosure, and identified by Lt. Gonzalez as the one responsible for approval of the incident report,  4) Sgt. Mathers, and 5) Sgt. R. Bottomley, 6) Eric Smitson (discipline hearing officer and supervisor), 7) the officer in charge of the Jail Investigative Unit, and 8) the deputy personnel who identified seeing Inmate Cisneros as "he went in to the cell when the gates were opened."

1  18.  None of these witnesses are duplicative of prior witnesses deposed, and as
2      almost all deponents have no recollection of this incident, probably pertinent
3      discovery has not yet been revealed.  Plaintiff does not have the necessary
4      information to proceed to trial.
5      I declare under penalty of perjury, under the laws of the State of California,
6  that the foregoing is true and of my personal knowledge.

7  Dated: March 12, 2009            By: /S/ Sonia M. Mercado
8                                       _____
                                         Sonia M. Mercado