R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone: (310) 410-2981
Facsimile: (310) 410-2957

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA IN HIS INDIVIDUAL AND PERSONAL CAPACITY, ET., AL,<br>　　　　Defendants. | CASE NO. **CV O8-00508 GW (SHx)**<br><br>(Hon. George H. Wu)<br><br>**PLAINTIFF'S NOTICE AND EX PARTE APPLICATION TO STAY THIS CASE PENDING DETERMINATION OF THE PENDING APPEAL OR ALTERNATIVELY FOR AN ORDER TO SHORTEN TIME TO BE HEARD ON A MOTION TO STAY THIS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SONIA MERCADO**<br><br>**[Filed Concurrently with Proposed Order]**<br><br>Date:<br>Time:　　　　　　8:30 a.m.<br>Courtroom:　　　　10<br><br>Case filed:　　　　1/30/08<br>Disc Cut-off:　　　 9/8/09<br>Mtn Cut-off:　　　11/2/09<br>Trial:　　　　　　12/8/09 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS' OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on **August 26, 2009,** or as soon thereafter as the matter can be heard, before the Honorable George H. Wu, District Judge of the

1. Central District of California, in Courtroom 10, at 312 N. Spring Street, Los
2. Angeles, California, Plaintiff Dion Starr will move by Ex Parte Application for an
3. Order to stay this action pending resolution of Plaintiff's Ninth Circuit Court of
4. Appeals case number 09-55233, regarding the district court's judgment dismissing
5. the Third Amended Complaint as to Sheriff Baca, until further order of the court.

**Alternatively, Plaintiff requests** that the court issue <u>an order to shorten time to be heard</u> on a motion to stay this case pending determination of the appeal on August 31, 2009, at 8:30 a.m., or at a date set by the Court.

Pursuant to Fed.R.App.Proc., Rule 8(a)(1), Plaintiff must file this request for a stay with the district court issuing the judgment appealed in this matter. Pursuant to Fed.R.Civ.Proc., Rule 62, good cause exist to grant a stay pending determination of the appeal.

**Notice of Ex Parte Application**, in compliance with Central District of California, Local Rule 7-19.1, giving notice to Defendants' counsel Lisa Martinelli on August 24, 2009 before 12:00 noon. (Declaration of S. Mercado ¶ 1 & 2.) Pursuant to L.R. 7-9, the contact information for defendant's counsel is as follows:

>   Lisa Martinelli, Esq.
>   HURRELL CANTRALL, LLP
>   660 South Figueroa Street, 21st Floor
>   Los Angeles, California 90017-3442
>   Tel: 213-420-2000

Defense counsel is opposed to this ex parte application.

The urgency of hearing this matter ex parte or by shortening time to be heard is due to the upcoming scheduling order deadlines affected by the pending trial date.

Dated: August 25, 2009                    Respectfully submitted,
                                          **SONIA MERCADO & ASSOCIATES**

                                                 /S/ Sonia M. Mercado
                                          By:_____
                                          Sonia M. Mercado, Co-counsel for Plaintiffs

**1.     Introductory Statement.**

On January 8, 2009, the court granted Sheriff Baca's motion to dismiss and to strike Plaintiff's Third Amended Complaint as to Sheriff Baca in his individual supervisor capacity, and entered a judgment on January 14, 2009. At the January 8, 2009, hearing, Plaintiff requested certification for appeal of this order, and the court and the defendants agreed to this certification for appeal. On February 13, 2009, Plaintiff filed a Notice of Appeal, and the Ninth Circuit issued a briefing schedule as follows:

- September 2, 2009, Plaintiff's opening brief is due;
- October 2, 2002, Defendant's answering brief is due; and
- October 16, 2002, Plaintiff's reply brief is due.

Given this scheduling order, it is expected that the Ninth Circuit Court of Appeal will not render a decision prior to the trial date of December 8, 2009, nor within other scheduling order deadlines such as designation of experts, motion deadline of November 2, 2009, or the final status conference deadline of November 19, 2009.

**2.     The Court Has Authority to Stay the Trial and Scheduling Order Pending Appeal.**

Fed.R.Civ.Proc., Rule 62(g) grants the district court authority to stay this action upon a showing that an appeal, with some likelihood of success, is pending. Fed.R.App.Proc., Rule 8, requires that Plaintiff first seek a stay from the district court judge.

The plaintiff/appellant would suffer harm unless a stay is granted. Plaintiff would be required to proceed to trial, and if he prevails on the appeal as to whether the Third Amended Complaint as to Sheriff Baca can proceed to trial, then he will have to be afforded a second separate trial as against Sheriff Baca. This would require duplication of judicial time, jury time, and of all witnesses, defendants and counsels.

As important, a stay in this action will not cause any harm to other parties, witnesses or defendants, nor to any public entity's interest in this case, nor would it reverse, annul, undo, or suspend what has already been done or what is not specifically stayed. A stay would not pass on merits of orders of trial court. The sole purpose of the stay would be to preserve the status quo pending the appeal so that plaintiff- appellant may try his case as to all issues and all defendants in one trial.

Proceeding with trial presently scheduled for December 8, 2009, prior to a resolution of the appeal regarding a most pertinent defendant (Sheriff Baca), would prejudice Plaintiff because whether plaintiff prevails at the trial level without Sheriff Baca, he would still have to proceed to a second trial as to Sheriff Baca. Further, proceeding to trial without resolution of the appeal as to this defendant, could create other appealable issues, resulting ultimately in further appeals.

**3.  There is No Prejudice or Harm to Any Defendant if a Stay is Granted.**

The parties will not be prejudiced by a stay of this matter pending resolution of the issue on appeal. Contrarily, a stay will prevent resulting inconsistent rulings, duplication of attorney and judicial time, duplicate trials and hearings.

The request for a stay will ensure all parties having one meaningful trial which also serves both judicial economy. For these reasons it is generally the defense who seek a stay pending issues on appeal - they do not want to waste resources and time in duplicate trials, not to mention the potential for further subsequent duplication of issues on other potential appeals by either party.

As important, should plaintiff prevail on a *first trial* per the pending Third Amended Complaint, the issue on appeal as against Sheriff Baca will not become moot, and plaintiff will still have a right to a second trial as against Sheriff Baca on the *supervisor liability* claim.

In *Gibson v. County of Washoe,* 290 F.3d 1175 (9th Cir. 2002), the Ninth Circuit clearly articulated the manner in which supervisor and/or municipal liability

can be proven or plead separate and independent of individual liability.  The defense argument that if plaintiff wins at the trial level, any subsequent action against Sheriff Baca would become moot, is incorrect.  If a stay is not granted and plaintiff prevails on appeal, he will still have the right to proceed to trial in his Third Amended Complaint against Sheriff Baca in his individual supervisor capacity.

**4.     The Ex Parte Urgency of Hearing this Matter as Soon as Possible is Due to the Upcoming Scheduling Order Deadlines.**

Based on the current scheduling order in this case, the urgency of being heard ex parte or alternatively by August 31, 2009, is due to the pending deadline for designating experts which is September 9, 2009, and the discovery deadline of September 9, 2009.  Particularly, a stay of this action order would affect the designation of expert deadline which is determined by the present trial date of December 8, 2009.  As important, defendants have advised that they intend to file dispositive motions soon.   Such potential dispositive motions would further complicate and cause other potential conflicting rulings and/or further appellate issues.  Thus, not only do potential motion hearings raise the necessity to hear this matter urgently, but should Plaintiff prevail on appeal, a stay would avoid further conflict of rulings and other potential issues on appeal.

**5.     Conclusion.**

A trial prior to resolution of the pending appeal would effectively result in two trials of this matter, further potential conflicting rulings on potential dispositive motions, resulting in further potential separate appeals.  A stay at this time, pending resolution of the appeal, will ensure consistent rulings, avoid separate multiple trials and appeals, as well as provide judicial economy of time and resources for both the parties and the district court.

Plaintiff respectfully request that the district court grant a stay of this action, until the pending appeal is determined.  Alternatively, plaintiff request that the court

1 | issue an order to shorten time to be heard on August 31, 2009, or another date soon
2 | thereafter available to the court, on a plaintiff's motion to stay this action.

3 | Dated: August 25, 2009                Respectfully submitted,
                                          **SONIA MERCADO & ASSOCIATES**

                                                 /S/ Sonia M. Mercado

                                          By:_____
                                          Sonia M. Mercado, Co-counsel for Plaintiffs