1   Sonia M. Mercado (SBN: 117060)
**SONIA MERCADO & ASSOCIATES**
2   R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
3   5701 West Slauson Ave., Suite 202
Culver City, CA 90230
4   Telephone:   (310) 410-2981
Facsimile:   (310) 410-2957
5   E-mail: samuelpaz@msn.com

6   Co-Counsel for Dion Starr

7   Lisa Martinell, (SBN 109562)
**HURRELL CANTRALL LLP**
8   660 South Figueroa Street, 21st Floor
Los Angeles, California 90017
9   Telephone:   (213) 426-2000
Facsimile:   (213) 426-2020

10  Attorneys for All Defendants

11

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14
    DION STARR,                       )   CASE NO. **CV O8-00508 GW (Shx)**
15              Plaintiff,            )
                                      )   [Magistrate Judge Stephen Hillman]
16         v.                         )
                                      )   JOINT STIPULATION REGARDING
17  COUNTY OF LOS ANGELES, LOS        )   ITEMS IN DISPUTE REGARDING
    ANGELES COUNTY SHERIFF'S          )   PLAINTIFF'S REQUEST FOR
18  DEPARTMENT, SHERIFF LEE           )   INSPECTION OF THE LOS ANGELES
    BACA IN HIS INDIVIDUAL AND        )   COUNTY SHERIFF DEPARTMENT
19  PERSONAL CAPACITY, ET., AL,       )   DOCUMENTS AND WRITINGS
              Defendants.             )
20  _____  )   DATE:       October 19, 2009
                                          TIME:       2:00 p.m.
21                                        CtRoom:     520, Roybal Building

22
                                          Disc. Cut-off:   September 8, 2009
23                                        Mtn Deadline:    November 2, 2009
                                          PreTrial:        November 17, 2009
24                                        Trial:           December 2, 2009

25  DOCUMENTS REQUESTED AND AT ISSUE:

26         The following are certain of Plaintiff's Request for Inspection of the Los

27  Angeles County Sheriff's Department Documents and Writings, verbatim, the

28

response received verbatim and the reasons why further responses to said demands should be compelled.

The following are certain of the Request for Inspection of Documents to LASD, verbatim, the response verbatim and the reasons and authority why further responses to each  demands should be compelled.

After meeting and conferring in person, defense counsel represented that she would produce the table of content or index of the documents, but failed to do so.  Not able to resolve the disputed items, this Joint Stipulation is necessary.

**PLAINTIFF'S INTRODUCTORY STATEMENT.**

**a.    The Discovery Relates to the Claims and Defenses in this Action.**

In prior requests for documents, plaintiff has requested LASD policies and procedures relating to deputy duties regarding monitoring gates, processing inmates to sick call, designation of inmates to work as trustees,

**b.  Synopsis of Background Facts.**

On January 27, 2006, Deputy Garivay opened Plaintiff 's cell door allowing Hispanic inmate-gang members inside his cell, contrary to rules and regulations, placing Plaintiff in immediate danger of physical harm, and in fact, the Hispanic gang inmates attempted to kill him, stabbing him 23 times.  Plaintiff screamed for help, but there was no response for about 7 minutes, although a deputy reported that he observed when the Hispanic inmate-gang member entered the cell.  Plaintiff, is African American, and was housed in Module 2400 of the 2000 floor, for a non-violent crime.

Subsequent to this event, due to failures by supervisors to report and take corrective measures, similar inmate-on-inmate violence continued due to this ongoing pattern of unconstitutional conduct by defendant supervisors.

**c.    No Investigation of Use of Force or Crime In this Incident.**

No investigation nor reporting of this crime was done. When deputies finally responded to this attempted murder, Plaintiff was handcuffed, laid on the

floor and while seriously injured, bleeding and moaning in excruciating pain, deputy Bugarin, a Hispanic deputy, yelled at him "nigger lay down," and without any reason or justification, she intentionally kicked Plaintiff to his face and nose causing more injury, bleeding and a fractured nose.

Plaintiff was then taken to the medical clinic where a deputy documents that Plaintiff identified his attacker and reported that he wanted to press criminal charges, but no criminal investigation was done, no criminal charges were filed, and instead, after going to the hospital and returning to jail, Plaintiff, the victim of the crime, was placed in isolation for months.  During this period, he complained about Deputy Bugarin kicking him but nothing was done.  His wounds were infrequently cleaned, and he was denied access to medical care for his broken nose - and after he finally obtained a Court order for treatment of his nose, it was x-rayed and treated.

### d.  Supervisor Failure to Correct Unconstitutional Conduct.

Prior to the inmate attack of Starr which is one of the bases of the claims against the individual defendant deputies, before and during Sheriff Baca's tenure as sheriff, the county jail was suffering an epidemic of inmate-on-inmate violence, causing deaths and serious injuries.  Studies, reports, investigations and complaints revealed this was due to lax or lack of discipline on the part of deputies and repeated failures by Sheriff Baca and his command staff to respond and take corrective measures.

In the Third Amended Complaint ("TAC"), the third claim, for supervisor liability against supervisors, plaintiff alleges the factual incidents of inmate-on-inmate abuse caused, in large part, by deputies failing to provide reasonable security which constitute an ongoing pattern of unconstitutional conduct.  Plaintiff alleges that Sheriff Baca's inaction to investigate, retrain, reprimand or request disciplinary action of the involved deputies and supervisors is acquiescence in the unconstitutional conduct and constitutes a custom and/or practice that is the moving

force (a causal nexus) of the deliberate indifference to reasonable security by deputies which resulted in Plaintiff's right to be violated.

Plaintiff alleges that defendant supervisors knew or should have known, that one-half of a string of killings occurred in the 2000 floor where this incident took place, and of hundreds of assaults and racial related Hispanic on African American beatings and killings at the jail. For example, two months prior to the attempted murder of Plaintiff, an inmate was beaten to death by Hispanic gang members also in Module 2400, where Plaintiff was attacked. The many deaths and assaults were due to lack of reasonable security as a result of Defendant supervisors's acquiescence, ratification and/or lack of supervision or corrective measures.

**e.      Synopsis of Relevance of Manuals Requested.**

Defendants have take the position that this incident occurred during "pill call," thus attempting to create the inference that this was an inadvertent mistake. Plaintiff has attempted to obtain various policies and procedures regarding the administration of the pill call process but the only policy defendants have produced For this reason,

Defendants contend that this incident took place during the morning "pill call," and that during pill call all the module B cell doors are opened allowing all inmates participating in pill call to come out. Plaintiff contends that the incident did not take place during pill call. The "pill call" procedures and policies are at issue.

Also at issue are custody policies and procedures regarding: selection of inmate trustees (workers); "pill call"; reporting and investigations of inmate on inmate crimes; writing supplemental incident reports; duties of floor sergeants, watch commanders, and facility captains.

Most concerning in this case is defendants' position that relevant and requested policies and procedures, if not identified with certain clarity and specifically by plaintiff, they will not produce them. Thus, inspecting these entire manuals is crucial in order to obtain the pertinent policies and procedures.

Plaintiff has not requested that defendant produce the entire manual, only that the defendant permit an inspection of the manual, at which time plaintiff can copy, at his costs, only those polices and procedures which are relevant to this matter.

## DEFENDANT'S INTRODUCTORY STATEMENT.

The instant Joint Stipulation came as a complete and utter surprise to defendants who had been diligently working with plaintiff's counsel to provide the appropriate responses to the requests at issue.  Plaintiff's reason for moving forward with the instant motion are curious, to say the least, as defendants are at a loss to understand plaintiff's intended purpose, when the very requests at issue are being mutually narrowed down by counsel and responded to in turn. Defendants submit that plaintiff's fee driven motions to compel have become plaintiff's staple in the instant case and if anything, serve to impede defendants in their efforts to gather the necessary documents, and further delay defendants' efforts to review and evaluate the documents prior to plaintiff's inspection.

### A.    Factual Summary.

Contrary to plaintiff's overly exaggerated and misleading contentions, this case involves plaintiff DION STARR's unfortunate involvement in an altercation with his fellow inmates which resulted in superficial injuries to all of the involved inmates, including plaintiff.  The injured inmates were quickly taken to the Men's Central Jail clinic for treatment and were subsequently transported to LA County/USC Medical Center for further treatment.  Plaintiff returned to Men's Central Jail the same day and obtained reasonable medical care on an as-needed basis thereafter.

### B.    The Instant Motion is Untimely and should not be Entertained by this Court.

A scheduling order is not a frivolous piece of paper, idly entered, only to be cavalierly disregarded by counsel without peril. *Johnson v. Mammoth Recreations Inc.*, 975 F. 2d 604, 610 (9th Cir. 1992).  The initial discovery cut-off in this

matter was December 24, 2008, nine months prior to the instant discovery cut-off date of September 8, 2009.  Since the setting of the original discovery cut-off date, **at plaintiff's initiation and request**, defendants agreed to mutually seek a continuance of the pre-trial deadlines.  Nonetheless, the discovery cut-off date in effect at this time is September 8, 2009, and plaintiff's Motion to Compel is far past the twice continued discovery cut-off date and is thus untimely.  In fact, by the time the instant motion is heard by this Court, it will be well over one month past the twice continued discovery cut-off in this case and only two months before the upcoming December 8, 2009 trial.  Accordingly, defendants respectfully request that this Court disregard the instant motion.

In *Continental Industries, Inc. v. Integrated Logistics Solutions LLC, et al.*, the Court explained as follows:

> Although Fed. R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in a timely fashion…Failure to pursue a discovery remedy in timely fashion may constitute waiver of discovery violations…**it is especially important that a party file its motion before the discovery cutoff**…

*Continental Industries, Inc. v. Integrated Logistics Solutions LLC*, et al, 211 F.R.D. 442, 444 (N. Dist. Okl. 2002).

The Ninth Circuit confirmed that discovery motions must be filed and heard before the discovery cut-off date in *Garrett v. City and County of San Francisco*, 818 F.2d 1515 (9th Cir. 1987).  In *Garrett*, the Court observed that a motion to compel was "set for hearing before the discovery cut-off date" and was timely made under the scheduling order.  *Id*. at 1519.

This Court also appears to share the philosophy that discovery motions must be filed and heard sufficiently in advance of the discovery cut-off date, considering Judge Hillman's Case Management Order.  General Order 08-09 Cases (Magistrate Judge Pilot Project) states as follows on page 3 lines 6-9: "Any motion challenging the adequacy of responses to discovery must be filed timely,

served, and calendared sufficiently in advance of the discovery cutoff date to permit additional discovery to be obtained before that date, if the motion is granted". *Id.* (emphasis added).

Plaintiff has failed to present any extraordinary circumstances for this Court to now disregard its Scheduling Order and entertain yet another of plaintiff's motions to compel the inspection and production of documents.

While this action commenced in January 27, 2008, plaintiff chose to wait until July 18, 2009, only a month and a half prior to the discovery cut-off date, to propound the discovery requests at issue. Moreover, the documents sought to be inspected by plaintiff are of no esoteric nature, and their existence was known to plaintiff's counsel since the beginning of the case.

Importantly, as previously mentioned, this Court has already twice extended the discovery deadline in this case, from its original cut-off date of December 24, 2008. Plaintiff has also failed to present any explanation for not timely pursuing the discovery at issue.

Continuing to entertain plaintiff's motions to compel past the discovery cut-off date would be prejudicial to the defendants. This case is set for trial on December 8, 2009. Accordingly, the parties need to engage in extensive trial preparation due to upcoming pre-trial deadlines. As well, having already met and conferred, the defendants will shortly proceed with a Motion for Summary Judgment in this case.

Defendants have already exerted extensive energy and costs in meeting plaintiff's discovery demands throughout this litigation. Plaintiff cannot expect the defendants to continuously engage in discovery, well after the discovery cut-off and until the eve of trial. Moreover, plaintiff should not present untimely motions for this Court's evaluation, thus disrupting the Court's schedule. Accordingly, defendants respectfully request that this Court refuse to entertain the instant motion as plaintiff failed to file the motion in a timely basis.

**DOCUMENTS REQUESTED FOR INSPECTION.**

**INSPECTION DEMAND 1:**

The complete original Custody Policy and Procedure Manual in effect on January 27, 2006.

**RESPONSE TO NO. 1:**

Objection. This request is vague and ambiguous as to the terms "complete original" and "Custody Policy and Procedure Manual."  It is unclear what specific document plaintiff intends to inspect with the request.  Accordingly, responding party cannot comply with this request.  Said request also assumes facts that are not in evidence.  To the extent that plaintiff is referring to the complete original Custody Division Manual in effect on January 27, 2006, this request is overbroad as to scope as it is not limited to the policies and procedures which are relevant to the issues in this action. Hence, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence.  For instance the Custody Division Manual addresses, *inter alia,* use of personal phones, employee absences, employee overtime, parking, transportation and handling of personal handguns, commendations, use of chemical agents, and inmate food inspections, all of which are all clearly not relevant to the issues in this action.  As such, responding party will not comply with this request as currently stated.

In addition, responding party cannot comply with this request as it is not currently in possession, custody, or control of an original and complete Custody Division Manual as it existed on January 27, 2006 because specific policies therein are regularly updated as needed.

Accordingly, the inspection scheduled for August 18, 2009 will not take place.

**PLAINTIFF'S REASONS FOR FURTHER RESPONSE NO. 1:**

After the parties met and conferred, defense counsel agreed to produce the table of content or index of this Custody Policy and Procedure Manual for January 2006, but to date has not produce anything.

It appears that Defendant objects as follows: 1) that the request is "vague"; 2) that the request is not relevant; and 3) that they are not in "possession, custody or control" of the requested document.

1.     The Request is Not Vague:

It is undisputed that defendant has a "Custody Policy and Procedure Manual," bearing this title. This is particularly true, as defense counsel agreed to produce the index or table of content for this Custody Manual of Policies and Procedures.  As telling, defense deponents have identified this custody manual. Further, if the document is entitled by something else, still defendant could produce the manual for inspection.

Defendant's objections "vague"is meritless and in bad faith, asserted to delay and obstruct Plaintiff's right to timely discovery.  These frivolous objections effectively prevent Plaintiffs from finishing discovery within the Court's present scheduling order.  This series of boilerplate objections are of the nature that the courts have ruled as improper.  *Paulson v. Case Corp.,* 168 F.R.D.285, 289 (C.D. Cal. 1996)

2.     The Request is Relevant:

The time period of this request specifically relates to the time period that plaintiff was in custody in January 2006, and to know which policy and procedures were in force and effect at the time.

Plaintiff contacted the Los Angeles County Law Library, located at 301 W. 1st Street, Los Angeles, at telephone number 213.785-2513, and spoke with the reference desk assistant, who advised that the library carried the LASD policy and procedures manuals until 1999, when apparently the LASD stopped providing the library a copy.  Thus, this is not a privileged document, and was

1   routinely maintained, as it should be, in the local library.  Of note, the Los
2   Angeles Police Department posts its policy and procedure manual in their
3   website.

4       Defendants content that many policies and procedures, such as policies and
5   procedures regarding pill call, inmate trustee designations, procedures for nursing
6   administration of pill call, etc, do not exist.  Plaintiff opines that a mere
7   "inspection" of the Custody policy and procedure manual, would allow plaintiff
8   to peruse this manual, which will take place with defense counsel or a defense
9   employee present, and to make copies of those policies and procedures which
10  relate to this case.  Otherwise, should plaintiff not precisely articulate a relevant
11  policy or procedure, defendants simply will not produce a copy should the title be
12  slightly different, or should plaintiff not articulate a relevant policy or procedure
13  which is in this manual.

14      3.     Defense Counsel Concedes the Manual is Available

15      While defendant objects that the "manual" from 2006 is not available, it is
16  difficult to accept this response as correct.  If the manual is in fact only and
17  exclusively maintained in electronic format, then a mere search command would
18  suffice to retrieve the document through a search engine.  Nonetheless, if LASD
19  was able to generate a document to be filed in the local Law Library, then
20  certainly, it can produce the manual as was effective in 2006.

21  **DEFENDANTS' REASONS FOR NOT PRODUCING INSPECTION NO. 1**

22      After meet and confer discussions regarding the inappropriateness of plaintiff's
23  requests, the parties mutually agreed to resolve their differences and the agreement
24  was memorialized in plaintiff's August 26, 2009 letter, attached hereto as Exhibit
25  "A."  Specifically, on August 26, 2009, plaintiff agreed to review the table of
26  contents of the Custody Procedure Policy Manual, to narrow down the requests for
27  inspection as the defendants refused to allow plaintiff to inspect the entire Custody
28  Policy and Procedure Manual on the basis that it contains volumes of irrelevant
    information.  Plaintiff's letter did not specify a date by which plaintiff expected to

receive the responses and defendants diligently engaged in efforts to obtain, review and produce the table of contents of the Custody Policy and Procedure manual.

On September 4, 2009, without any further discussion, plaintiff served defendants with plaintiff's portion of the instant Joint Stipulation, well aware that the table of contents were being reviewed by defense counsel for production.

The Table of Contents for the Custody Division and Policy Manual has long since been produced and the parties have been continuing in their efforts to narrow down plaintiff's requests to relevant information only and to further resolve their differences.  As such, defendants submit that the instant motion to compel is in bad faith.

**INSPECTION DEMAND 2:**

The complete original Custody Policy and Procedures Manual in effect presently.

**RESPONSE TO NO. 2:**

Objection. This request is vague and ambiguous as to the terms "complete original" and "Custody Policy and Procedure Manual."  It is unclear what specific document plaintiff intends to inspect with the request.  Accordingly, responding party cannot comply with this request.  To the extent that plaintiff is referring to the complete original Custody Division Manual in effect on January 27, 2006, this request is overbroad as to scope as it is not limited to the policies and procedures which are relevant to the issues in this action. Hence, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence.  For instance the Custody Division Manual addresses, *inter alia,* use of personal phones, employee absences, employee overtime, parking, transportation and handling of personal handguns, commendations, use of chemical agents, and inmate food inspections, all of which are all clearly not relevant to the issues in this action.  As such, responding party will not comply with this request as currently stated.

1    Accordingly, the inspection scheduled for August 18, 2009 will not take
2    place.

3    ### PLAINTIFF'S REASONS FOR FURTHER RESPONSE NO. 2:

4    It is clear that this request seeks the "present" "Custody Policy and
5    Procedure Manual" at LASD, as the prior request No. 1, sought the manual effective
6    for January 2006.

7    ### PLAINTIFF'S REASONS FOR INSPECTION NO. 2

8    1.    The Request is Not Vague:

9    It is undisputed that defendant has a "Custody Policy and Procedure
10   Manual," bearing this title. This is particularly true, as defense counsel agreed to
11   produce the index or table of content for this Custody Manual of Policies and
12   Procedures.  As telling, defense deponents have identified this custody manual.
13   Further, if the document is entitled by something else, still defendant could
14   produce the manual for inspection.  Defendant's objection "vague" is  meritless
15   and in bad faith, asserted to delay and obstruct Plaintiff's right to timely
16   discovery.  These frivolous objections effectively prevent Plaintiffs from
17   finishing discovery within the Court's present scheduling order.  This series of
18   boilerplate objections are of the nature that the courts have ruled as improper.
19   *Paulson v. Case Corp.,* 168 F.R.D.285, 289 (C.D. Cal. 1996).

20   2.    The Request is Relevant:

21   The time period of this request specifically relates to the time period that
22   plaintiff was in custody in January 2006, and to know which policy and
23   procedures were in force and effect at the time.

24   It is well established, that "relevant evidence" means evidence having any
25   tendency to make the existence of any fact that is of consequence to the
26   determination of the action more probable or less probable than it would be
27   without the evidence."  Fed.Rules Evid., Rule 401.

28   Plaintiff contacted the Los Angeles County Law Library, located at 301 W.
1st Street, Los Angeles, at telephone number 213.785-2513, and spoke with the

reference desk assistant, who advised that the library carried the LASD policy and procedures manuals until 1999, when apparently the LASD stopped providing the library a copy.  Thus, this is not a privileged document, and was routinely maintained, as it should be, in the local library.  Of note, the Los Angeles Police Department posts its policy and procedure manual in their website.

Defendants content that many policies and procedures, such as policies and procedures regarding pill call, inmate trustee designations, procedures for nursing administration of pill call, etc, do not exist.  Plaintiff opines that a mere "inspection" of the Custody policy and procedure manual, would allow plaintiff to peruse this manual, which will take place with defense counsel or a defense employee present, and to make copies of those policies and procedures which relate to this case.  Otherwise, should plaintiff not precisely articulate a relevant policy or procedure, defendants simply will not produce a copy should the title be slightly different, or should plaintiff not articulate a relevant policy or procedure which is in this manual.

**DEFENDANTS' REASON FOR NOT PRODUCING INSPECTION NO. 2**

After meet and confer discussions regarding the inappropriateness of plaintiff's requests, the parties mutually agreed to resolve their differences and the agreement was memorialized in plaintiff's August 26, 2009 letter, attached hereto as Exhibit "A."  Specifically, on August 26, 2009, plaintiff agreed to review the table of contents of the Custody Procedure Policy Manual, to narrow down the requests for inspection as the defendants refused to allow plaintiff to inspect the entire Custody Policy and Procedure Manual on the basis that it contains volumes of irrelevant information.  Plaintiff's letter did not specify a date by which plaintiff expected to receive the responses and defendants diligently engaged in efforts to obtain, review and produce the table of contents of the Custody Policy and Procedure manual.

On September 4, 2009, without any further discussion, plaintiff served defendants with plaintiff's portion of the instant Joint Stipulation, well aware that the table of contents were being reviewed by defense counsel for production.

The Table of Contents for the Custody Division and Policy Manual has long since been produced and the parties have been continuing in their efforts to narrow down plaintiff's requests to relevant information only and to further resolve their differences.  As such, defendants submit that the instant motion to compel is in bad faith.

**INSPECTION DEMAND 3:**

The complete and original Deputy Orientation Program Training Manual. in effect on January 27, 2006.

**RESPONSE TO NO. 3:**

Objection. This request is vague and ambiguous as to the terms "complete and original."  Said request also assumes facts that are not in evidence. This request is overbroad as to scope as it is not limited to the subjects which are relevant to the issues in this action. Hence, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. For instance, the Deputy Orientation Program Training Manual addresses, *inter alia,* the absence policy, vacation and compensatory time off, sick time, punctuality, uniform standards, parking procedures, visitors badges, telephone demeanor, and inmate showers,  all of which are all clearly not relevant to the issues in this action.  As such, responding party will not comply with this request as currently stated.

In addition, responding party cannot comply with this request as it is not currently in possession, custody, or control of an original and complete Deputy Orientation Program Training Manual as it existed on January 27, 2006 because specific policies therein are regularly updated as needed.

Accordingly, the inspection scheduled for August 18, 2009 will not take place.

**PLAINTIFF'S REASONS FOR FURTHER RESPONSE NO. 3:**

    1.    The Request is Not Vague:

This request is narrowly defined based upon the testimony and contention of defendants that when deputies begin working in the department (LASD), they are provided a Deputy Orientation Program Training Manual.  If the document sought to be inspected is entitled by another name, that manual has been sufficiently identified and can be produced for inspection.

Defendant's objection "vague" is  meritless and in bad faith, asserted to delay and obstruct Plaintiff's right to timely discovery.  These frivolous objections effectively prevent Plaintiffs from finishing discovery within the Court's present scheduling order.  This series of boilerplate objections are of the nature that the courts have ruled as improper.  *Paulson v. Case Corp.,* 168 F.R.D.285, 289 (C.D. Cal. 1996).

    2.    The Request is Relevant:

Any part of this manual which relates to matters such as, "the absence policy, vacation and compensatory time off, sick time, punctuality, uniform standards, parking procedures, visitors badges, telephone demeanor, and inmate showers," will likely not be reviewed, and will not be copied after the inspection.  Thus, an inspection creates no fear of the alleged (although frivolous) objection that certain portions of the manual may not be "relevant."

The training of deputies, as in this case, that relates with how to supervise and monitor inmates, open gates, provide sick call, permit inmates to enter and exit cells, rows and modules, permit trustees to enter to work in a row, are all relevant to this case.

Most telling, any portion of the manual that does not relate to this case, plaintiff agrees not to copy.

**DEFENDANTS' REASONS FOR NOT PRODUCING INSPECTION NO. 3**

Plaintiff is in possession of the Deputy Orientation and Training Manual in effect at the time of the Raul Tinajero Internal Affairs Bureau Investigation, previously

produced as COLA/LASD 07559-07687.  Defendants have advised plaintiff that the defendants will not allow inspection of the entire Deputy Orientation and Training Manual as it contains dozens of pages of irrelevant information. However, defendants are willing to allow inspection of the relevant portions of the Deputy Orientation and Training Manual.

**INSPECTION DEMAND 4:**

The complete and original Deputy Orientation Program Training Manual in effect on January 27, 2009.

**RESPONSE TO NO. 4:**

Objection. This request is vague and ambiguous as to the terms "complete and original."  Said request also assumes facts that are not in evidence. This request is overbroad as to scope as it is not limited to the subjects which are relevant to the issues in this action. Hence, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. For instance, the Deputy Orientation Program Training Manual addresses, *inter alia,* the absence policy, vacation and compensatory time off, sick time, punctuality, uniform standards, parking procedures, visitors badges, telephone demeanor, and inmate showers,  all of which are all clearly not relevant to the issues in this action.  As such, responding party will not comply with this request as currently stated.

Accordingly, the inspection scheduled for August 18, 2009 will not take place.

**PLAINTIFF'S REASONS FOR FURTHER RESPONSE NO. 4:**

1.    The Request is Not Vague:

This request is narrowly defined based upon the testimony and contention of defendants that when deputies begin working in the department (LASD), they are provided a Deputy Orientation Program Training Manual.  If the document sought to be inspected is entitled by another name, that manual has been sufficiently identified and can be produced for inspection.

Defendant's objection "vague" is meritless and in bad faith, asserted to delay and obstruct Plaintiff's right to timely discovery. These frivolous objections effectively prevent Plaintiffs from finishing discovery within the Court's present scheduling order. This series of boilerplate objections are of the nature that the courts have ruled as improper. *Paulson v. Case Corp.,* 168 F.R.D.285, 289 (C.D. Cal. 1996).

2.    The Request is Relevant:

Any part of this manual which relates to matters such as, "the absence policy, vacation and compensatory time off, sick time, punctuality, uniform standards, parking procedures, visitors badges, telephone demeanor, and inmate showers," will likely not be reviewed, and will not be copied after the inspection. Thus, an inspection creates no fear of the alleged (although frivolous) objection that certain portions of the manual may not be "relevant."

The training of deputies, as in this case, that relates with how to supervise and monitor inmates, open gates, provide sick call, permit inmates to enter and exit cells, rows and modules, permit trustees to enter to work in a row, are all relevant to this case.

Most telling, any portion of the manual that does not relate to this case, plaintiff agrees not to copy.

**DEFENDANTS' REASONS FOR NOT PRODUCING INSPECTION NO. 4**

Plaintiff is in possession of the Deputy Orientation and Training Manual in effect at the time of the Raul Tinajero Internal Affairs Bureau Investigation, previously produced as COLA/LASD 07559-07687. Defendants have advised plaintiff that the defendants will not allow inspection of the entire Deputy Orientation and Training Manual as it contains dozens of pages of irrelevant information. However, defendants are willing to allow inspection of the relevant portions of the Deputy Orientation and Training Manual.

**INSPECTION DEMAND 5:**

The complete original nursing policies and procedures and protocols in effect on January 27, 2006, regarding any issue of providing and administering "pill call" services at MCJ.

**RESPONSE TO NO. 5:**

Objection. This request is vague and ambiguous as to the terms "complete and original."  Said request also assumes facts that are not in evidence. This request is overbroad as to scope as it is not limited to the subjects which are relevant to the issues in this action. Hence, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. There are currently no allegations that the nursing policies and/or procedures, in any way, caused plaintiff alleged injuries.   As such, responding party will not comply with this request as currently stated.

Accordingly, the inspection scheduled for August 18, 2009 will not take place.

**PLAINTIFF'S REASONS FOR FURTHER RESPONSE NO. 5:**

1.    The Request is Not Vague:

This request is narrowly tailored to "nursing policies and procedures and protocols in effect on January 27, 2006, regarding any issue of providing and administering "pill call" services at MCJ."

The objection that the request is vague is in bad faith and frivolous.  If the document sought to be inspected is entitled by another name, that manual has been sufficiently identified and can be produced for inspection.

Defendant's objection "vague" is  meritless and in bad faith, asserted to delay and obstruct Plaintiff's right to timely discovery.  These frivolous objections effectively prevent Plaintiffs from finishing discovery within the Court's present scheduling order.  This series of boilerplate objections are of the nature that the courts have ruled as improper.  *Paulson v. Case Corp.,* 168 F.R.D.285, 289 (C.D. Cal. 1996).

2.    The Request is Relevant:

This request is particularly relevant to defendant's contentions that the incident occurred during pill call.  Plaintiff therefor, has a right to know what were the nursing policies and procedures with regards to how pill call was to take place at the time of this incident.

"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.Rules Evid., Rule 401.

**DEFENDANTS' REASON FOR NOT PRODUCING INSPECTION NO. 5**

Defendants have produced the responsive documents bate stamped COLA/LASD 8413 to COLA/LASD 8415 in their second supplemental response to plaintiff's Request for Inspection of the Los Angeles County Sheriff Department Documents and Writings.

**INSPECTION DEMAND 6:**

All complete original nursing policies and procedures and protocols in effect on January 27, 2006, regarding providing and administering "pill call" services at 2000 floor of MCJ.

**RESPONSE TO NO. 6:**

Objection. This request is vague and ambiguous as to the terms "complete and original."  Said request also assumes facts that are not in evidence. This request is overbroad as to scope as it is not limited to the subjects which are relevant to the issues in this action. Hence, this request seeks documents which are not reasonably calculated to lead to the discovery of admissible evidence. There are currently no allegations that the nursing policies and/or procedures, in any way, caused plaintiff alleged injuries.   As such, responding party will not comply with this request as currently stated.

Accordingly, the inspection scheduled for August 18, 2009 will not take place.

**PLAINTIFF'S REASONS FOR FURTHER RESPONSE NO. 6:**

1.     The Request is Not Vague:

This request is narrowly tailored to "nursing policies and procedures and protocols in effect on January 27, 2006, regarding any issue of providing and administering "pill call" services at MCJ."

The objection that the request is vague is in bad faith and frivolous.  If the document sought to be inspected is entitled by another name, that manual has been sufficiently identified and can be produced for inspection.

Defendant's objection "vague" is  meritless and in bad faith, asserted to delay and obstruct Plaintiff's right to timely discovery.  These frivolous objections effectively prevent Plaintiffs from finishing discovery within the Court's present scheduling order.  This series of boilerplate objections are of the nature that the courts have ruled as improper.  *Paulson v. Case Corp.,* 168 F.R.D.285, 289 (C.D. Cal. 1996).

2.     The Request is Relevant:

This request is particularly relevant to defendant's contentions that the incident occurred during pill call.  Plaintiff therefor, has a right to know what were the nursing policies and procedures with regards to how pill call was to take place at the time of this incident.

"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.Rules Evid., Rule 401.

**DEFENDANTS' REASON FOR NOT PRODUCING INSPECTION NO. 6**

Defendants have produced the responsive documents bate stamped COLA/LASD 8413 to COLA/LASD 8415 in their second supplemental response to plaintiff's Request for Inspection of the Los Angeles County Sheriff Department Documents and Writings.

DATED: September 16, 2009          Respectfully Submitted,
                                   **SONIA MERCADO AND ASSOCIATES**

                                        /s/ Sonia M. Mercado
                                   By_____
                                   Sonia M. Mercado, Counsel for Plaintiff


DATED: September 16, 2009          **HURRELL CANTRALL LLP**

                                        /s/ Lisa Martinelli


                                   By:_____
                                   Lisa Martinelli, Counsel for All Defendants