


# County of Los Angeles
### Sheriff's Department Headquarters
### 4700 Ramona Boulevard
### Monterey Park, California 91754-2169

LEROY D. BACA, SHERIFF

January 27, 2005

Deputy Christina Martinez, #471267
1224 Barford Avenue
Hacienda Heights, California 91745

Dear Deputy Martinez:

On September 8, 2004, you were served with a Letter of Intention, indicating your right to respond to the Sheriff's Department's pending disciplinary action against you, as reported under File Number IAB 2116977. You were also advised of your right to review the material on which the discipline was based.

You did exercise your right to respond. After reviewing the response submitted to support your position, the Department executives have amended the recommended discipline.

You are hereby notified that you are suspended without pay from your position of Deputy Sheriff, Item No. 2708A, with this Department for a period of one (1) day. However, pursuant to a settlement agreement between you and the Department, the one (1) day will be held in abeyance for a period of twelve (12) months which will end on January 11, 2006. If you should become the Subject of a founded administrative investigation, with similar violations, and the event occurred within the prescribed twelve (12) month time period, the one (1) day held in abeyance will be imposed. Additionally, you will be subject to further discipline for each and every founded violation of the Department's Manual of Policy and Procedures. All Departmental records will reflect, nevertheless, that you received a one (1) day suspension.

An investigation under File Number IAB 2116977, conducted by Internal Affairs Bureau, coupled with your own statements, has established the following:

1. That in violation of Manual of Policy and Procedures Sections 3-01/030.10, Obedience to Laws, Regulations and Orders, while assigned as the "third man" and training officer in Module 22/2400, you routinely failed to personally conduct the Safety, Security, and Fire Prevention Checks as required by Departmental policy.

*A Tradition of Service*

COLA/LASD 06788

Deputy Christina Martinez, #471267                                                       2

Prior to imposing this disciplinary action, I have thoroughly reviewed the incident and your record with this Department.

You will hereby take notice that any future acts of misconduct may result in more severe disciplinary action.

The Sheriff's Department reserves the right to amend and/or add to this letter.

Sincerely,

LEROY D. BACA, SHERIFF


*Original Signed*

John H. Clark, Captain
Commander, Men's Central Jail

Note: Attached for your convenience are excerpts of the applicable areas of the Manual of Policy and Procedures.

JHC:KM:tm

c:   Advocacy Unit
     John L. Scott, Chief, Custody Operations Division
     Internal Affairs Bureau
     Personnel Administration
     Office of Independent Review (OIR)
     Men's Central Jail/unit Personnel File

## Disposition Worksheet

**MARTINEZ, Christina, #471267**
Deputy Sheriff
Men's Central Jail
Custody Division

The evidence in this investigation supports the following charge(s):

1. That in violation of Manual Section 3-01/30.10, <u>Obedience to Laws, Regulations, and Orders</u>, and/or Section 3-01/050.10, <u>Performance to Standards</u>, on or about April 20, 2004, the Subject, while assigned as the "third man" and training officer in module 22/2400, failed to ensure that personnel assigned to the modules properly performed their duties, as required by Department policy and Title 15, regarding the manner in which they conducted and documented the Safety, Security, and Fire Prevention Checks.

2. That in violation of Manual Section 3-01/030.10, <u>Obedience to Laws, Regulations, and Orders</u>, and/or Section 3-01/050.10, <u>Performance to Standards</u>, the Subject, while assigned as the "third man" and training officer in module 22/2400, routinely failed to personally conduct the Safety, Security, and Fire Prevention Checks as required by Department policy.

### SUMMARY

On April 20, 2004, Inmate Santiago Pineda murdered another inmate (Raul Tinajero). The murder occurred in the cell that Tinajero had been assigned to on the second floor of Central Jail (Module 2200, Cell D-13). It was later determined that Inmate Pineda, who had been classified as a "K-3" inmate housed on the third floor of Central Jail (Module 3800), had left his cell during the morning court line process, which occurred between 0430 and 0500 hours.

During the course of the investigation into the murder of Inmate Tinajero, it was determined that Inmate Pineda had entered the cell occupied by Tinajero at approximately 1000 hours. He then murdered Tinajero some time between 1000 and 1100 hours. Tinajero then lay dead on the floor of the cell, underneath a bunk and covered with a blanket, until approximately 1620 hours. During this time, Subject Martinez had been the day shift "third man" and training officer in 2200 and 2400, and, contrary to Department policy, had not personally conducted any of the Safety, Security, and Fire Prevention Checks for either module.

COLA/LASD 06854

It was also determined through the course of the investigation that the two day shift module officers who worked with Subject Martinez had not been conducting the Safety, Security, and Fire Prevention Checks in a proper manner. Both had also routinely failed to document the times that they had been making the checks in "real time," as required by policy. As the "third man" and training officer working inside module 22/2400, Subject Martinez was responsible for ensuring that the checks were being done properly, and that the documentation of these checks was completed accurately.

Regarding Count #1 of the allegations:

During the course of this investigation, it was determined that both module officers who worked with Subject Martinez had not been properly conducting the Safety, Security, and Fire Prevention Checks, in that neither one would check to ensure that each individual inmate was showing signs of life, as required by policy. (In fact, one of the personnel acknowledged that he had failed to do any of the Safety, Security, and Fire Prevention checks before the time that Inmate Tinajero was found murdered in the cell). Both said that they would walk the row and look inside each cell as they passed by, but did not check to ensure that each inmate was breathing. As the "third man" and training officer assigned to modules 22/2400, it was incumbent upon Subject Martinez to ensure that personnel assigned to her module performed their duties properly and within Department guidelines. She failed to do so.

### Discipline Assessment

The Department's Guidelines for Discipline lists the following analogous misconduct with associated disciplinary penalties:

| | |
|---|---|
| Obedience to Laws, Regulations, and Orders | W/R to Discharge |
| Performance to Standards | W/R to Discharge |

### Assessment of Aggravating and Mitigating Factors

*Severity of Infraction:*

Failure to properly conduct the Safety, Security, and Fire Prevention Checks in an appropriate manner is a serious issue. As the "third man" and training officer inside the module, Subject Martinez was responsible for ensuring that these checks were conducted properly and within Department guidelines. She did not do so. Her actions in this matter were entirely unacceptable, and not consistent with the Department's Core Values.

COLA/LASD 06855

### Degree of Culpability:

During her interview with investigators from the Internal Affairs Bureau, Subject Martinez acknowledged that, as the "third man" and training officer, she was responsible for ensuring that "things got done" inside the module. Subject Martinez also noted that she rarely did any of the Safety, Security, and Fire Prevention Checks in the module. She said that at the beginning of shift each day, the other two officers in the module would get together and agree how the two of them would split up the responsibility for the checks. This being the case, it is clear that Subject Martinez expected that the other two officers would routinely do the checks, and that she was not expecting to do any of them, which is in direct violation of Department policy. She stated in her interview that she did not physically walk down any of the rows during her shift on the day of Inmate Tinajero's murder.

During the course of their interviews with the Internal Affairs Bureau, it was determined that both day shift module officers would write the same time for each log entry they made during their row checks (if the officer walked 2 rows, both row sheets would indicate the exact same time). This being the case, they were not recording each of their checks in "real time" as required by Department policy. As the "third man" and training officer, Subject Martinez failed to recognize this error and take corrective action.

NOTE:

Custody Division Manual Section 4-11/020.00, Uniform Daily Activity Log, states in part:

> "Record all hourly walk-through Safety Checks in real time."

### Disciplinary History:

Subject Martinez does not have a problematic disciplinary history.

Count #1 of the allegations is **FOUNDED**.

Regarding Count #2 of the allegations:

As noted in Count #1 of the allegations, Subject Martinez acknowledged that, as the "third man" and training officer, she was responsible for ensuring that "things got done" inside the module. Subject Martinez also noted that she rarely did any of the Safety, Security, and Fire Prevention Checks in the module. She said that at the beginning of shift each day, the other two officers in the module would get together and agree how the two of them would split up the responsibility for the checks. This being the case, it is clear that Subject Martinez expected that the other two officers would routinely do the checks, and that she was not expecting to do any of them, which is in direct violation of Department policy. She stated in her interview that she did not physically walk down any of the rows during her shift on the day of Inmate Tinajero's murder.
Central Jail Unit Order 3-07-010, Safety, Security, and Fire Prevention Checks, reads, in part:

"On AM and PM shift the "Third Man"/Training Officer shall be responsible for making all hourly checks. In the Training Officer's absence, the Prowl #1 Deputy shall make the hourly walks."

As acknowledged by Subject Martinez, she did not adhere to this policy requirement.

Count #2 of the allegations is **FOUNDED**.

### Discipline Assessment

The Department's Guidelines for Discipline lists the following analogous misconduct with associated disciplinary penalties:

Obedience to Laws, Regulations, and Orders          W/R to Discharge

### Assessment of Aggravating and Mitigating Factors

#### Severity of Infraction:

Failure to adhere to Department policy in this regard is a serious matter. As the designated "third man" and training officer in the module, the responsibility for conducting the Safety, Security, and Fire Prevention Checks belonged to Subject Martinez. By her own acknowledgment, she routinely failed to do the checks, and failed to ensure that they were being done properly.

#### Degree of Culpability:

Subject Martinez is responsible for her actions and must take sole responsibility in this regard. While the two other officers assigned to the module had been completing the Safety Checks in a manner not consistent with Department policy, the ultimate responsibility for conducting the checks and/or ensuring that they were done properly belonged to her.

Count #2 of the allegations is **FOUNDED**.

#### Determination of Discipline:

This discipline is subject to revision upon receipt of the Subject's response or grievance.

```
_____  Discharge
_____  Reduction in Rank
   X      Suspension with loss of pay and benefits for five (5) days
_____  Written Reprimand
_____  No Discipline
```

RL:MLB:mlb

### 3-01/030.10 Obedience to Laws, Regulations, and Orders

Members shall not willfully violate any federal statute, State law, or local ordinance.

Members shall conform to and abide by the following:
- Charter of Los Angeles County
- Los Angeles County Code
- Rules of the County Office of Human Resources

Members shall obey and properly execute all lawful orders issued by any supervisor of higher rank or classification or who is officially acting in such capacity.

When assigned to duty with another member of the Department, an employee shall be subject to disciplinary action for any violation by the other member of any provision of this Chapter unless the employee was unaware of the violation or unless the employee, if the situation permits safe and prudent action, attempts in good faith to prevent the violation, and, at the earliest reasonable time, reports the violation to his supervisor.

Members who violate any rules, regulations, or policies of the Department or the County shall be subject to disciplinary action. The commission or omission of any other act contrary to good order and discipline shall also be the subject of disciplinary action.

Members who are arrested for any offense, other than an infraction under the Vehicle Code, shall promptly notify their immediate supervisor of the facts of the arrest.

According to the nature of the offense, and in conformance with the rules of the County Office of Human Resources, disciplinary action may include, but is not limited to, the following:

- A reprimand (written) *
- Suspension without pay
- Reduction in rank
- Dismissal from the Department

COLA/LASD 06790

I certify that on the date indicated below, I received the original of the attached **LETTER OF SUSPENSION** under File Number *IAB 2116977* as set forth in Section 18.01 of the Rules of the Los Angeles County Civil Service Commission.

01/27/05
DATE

*[signature]*
CHRISTINA MARTINEZ,
#471267

I certify that on the date indicated below, I served the original of the attached letter of suspension on **CHRISTINA MARTINEZ** as set forth in Section 18.01 of the Rules of the Los Angeles County Civil Service Commission.

1/27/05
DATE

*[signature]*
WITNESS SIGNATURE

John H. Clark
WITNESS PRINT

Please return this page along with
Supervisor/Timekeeper Notification within
two (2) business days to:

**TAJUANA MOORE**
**INTERNAL AFFAIRS BUREAU**
**4900 S. EASTERN AVE. #100**
**CITY OF COMMERCE CA 90040**
**(323) 890-5311**

COLA/LASD 06791

RECEIVED 

## SETTLEMENT AGREEMENT

This Agreement is entered into between the Los Angeles County Sheriff's Department, hereinafter referred to as "Department," and Deputy Christina Martinez, Employee Number 471267, hereinafter referred to as "Grievant."

The Department and Grievant are parties to this dispute and desire to settle all issues involved in the Letter of Intent dated September 8, 2004, (IAB No. 2116977) upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, the Department and Grievant for and in consideration of the mutual covenants contained herein, agree as follows:

1. The Department will, upon execution of this Agreement, reduce the intended five (5) day suspension to a one (1) day suspension.

2. The Department will, upon execution of this Agreement, hold the one (1) day in abeyance.

3. The Grievant understands that if she becomes the subject of a founded investigation involving a similar violation of the Manual of Policy and Procedures, and that if the event resulting in the founded investigation occurred within the twelve (12) month period of the date of execution of this Agreement, the one (1) day held in abeyance shall be imposed. In addition, the Grievant understands that she will be subjected to additional discipline for each and every founded violation of the Department's Manual of Policy and Procedures.

4. Both parties agree and understand that the Grievant's records will reflect that the one (1) day suspension was imposed and may be used for the purposes of demonstrating "progressive discipline."

5. Both parties agree that the alleged violation of Manual of Policy and Procedures Section 3-01/050.10, Performance to Standards, shall be rescinded.

6. Both parties further agree and understand that the Grievant is found to be in violation of the Manual of Policy and Procedures Section 3-01/030.10, Obedience to Laws, Regulations and Orders.

7. The Department shall further issue the Grievant a Letter of Imposition which she accepts without appeal and includes the following:

COLA/LASD 06792

-2-

Charge #1 outlined in the Letter of Intent shall be rescinded:

Charge #2 outlined in the Letter of Intent shall be modified to read:

> That in violation of Manual of Policy and Procedures Section 3-01/030.10, Obedience to Laws, Regulations and Orders, while assigned as the "third man" and training officer in Module 22/2400, you routinely failed to personally conduct the Safety, Security, and Fire Prevention Checks as required by Departmental policy.

8. The Grievant agrees to withdraw her grievance and waive any and all further administrative or judicial remedies with respect to the Letter of Imposition and the modified discipline, and also waives any administrative or judicial remedies with respect to any imposition pursuant to paragraphs three (3), above.

9. The parties further agree that this Settlement shall not be considered, cited, or used in future disputes as establishing past precedent or past employment practice.

10. In consideration of the terms and conditions set forth herein, Grievant agrees to fully release, acquit and forever discharge the County, and all present and former officers, employees and agents of the County, and their heirs, successors, assigns and legal representatives from any and all liability whatsoever for any and all claims arising out of or connected with the employment relationship between the County and Grievant concerning the subject matter of the grievance referred to herein.

11. The Grievant further agrees to relinquish and expressly waives all rights conferred upon her by the provisions of California Civil Code Section 1542, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

12. The date of the last signature placed hereon shall hereinafter be known as the "date of execution" and the "effective date" of this Agreement.

13. The parties agree that the foregoing comprises the entire Agreement between the parties and that there have been no other promises made by any party. Any modification of this Agreement must be in writing.

-3-

I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

**For the Sheriff's Department:**

Date: 01/12/05           Date: 1/12/05

_____        _____
Christina Martinez, Deputy         John Scott, Chief

COLA/LASD 06794