R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:  (310) 410-2981
Facsimile:   (310) 410-2957

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA IN HIS INDIVIDUAL AND PERSONAL CAPACITY, ET., AL,<br><br>        Defendants. | CASE NO. **CV O8-00508 GW (SHx)**<br><br>(Hon. George H. Wu)<br><br>**PLAINTIFF'S NOTICE OF MOTION TO STAY TRIAL PENDING DETERMINATION OF THE PLAINTIFF'S APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>**[Filed Concurrently with Proposed Order]**<br><br>Date:        November 19, 2009<br>Time:        8:30 a.m.<br>Courtroom:  10<br><br>Case filed:    1/30/08<br>Disc Cut-off:  9/8/09<br>Mtn Cut-off:  11/2/09<br>PreTrial:     11/30/09<br>Trial:        12/8/09 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS' OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on **November 19, 2009,** or as soon thereafter as the matter can be heard, before the Honorable George H. Wu, District Judge of the Central District of California, in Courtroom 10, at 312 N. Spring Street, Los Angeles, California, Plaintiff Dion Starr will move the Court for an Order to Stay

1 this action pending resolution of Plaintiff's Ninth Circuit Court of Appeals case
2 number 09-55233, regarding the district court's judgment dismissing the Third
3 Amended Complaint as to Sheriff Baca, until further order of the this Court.
4      Pursuant to Fed.R.App.Proc., Rule 8(a)(1), Plaintiff must file this request for a
5 stay with the district court issuing the judgment appealed in this matter.
6      Plaintiff previously filed an Ex Parte Application to stay this matter, which the
7 Court denied without prejudice to Plaintiff refiling this motion "following the
8 completion of discovery and motion cut off dates but prior to the pretrial conference
9 and trial dates." (Court Order, docket number 152).  Plaintiff herein refiles this
10 motion to stay following Defendants' hearing on Motion for Summary Judgment on
11 November 16, 2009, and following the motion cut off of November 2, 2009.

Dated: October 28, 2009          Respectfully submitted,
                                           **SONIA MERCADO & ASSOCIATES**

                                            /S/ Sonia M. Mercado
                                      By:_____
                                      Sonia M. Mercado, Co-counsel for Plaintiffs

**1.   Introductory Statement.**

On January 8, 2009, the court granted Sheriff Baca's motion to dismiss and to strike Plaintiff's Third Amended Complaint as to Sheriff Baca in his individual supervisor capacity, and entered a judgment on January 14, 2009.  At the January 8, 2009, hearing, Plaintiff requested certification for appeal of this order, and the court and the defendants agreed to this certification for appeal.  On February 13, 2009, Plaintiff filed a Notice of Appeal, and the Ninth Circuit issued a briefing schedule as follows:

- September 2, 2009, Plaintiff's opening brief was filed;
- October 2, 2002, Defendant's answering brief is due; and
- October 16, 2002, Plaintiff's reply brief was filed.

Given this scheduling order, and the fact that the Ninth Circuit Court of Appeals has not yet set hearing schedule, it is expected that it will not render a decision prior to the trial date of December 8, 2009, nor the final status conference deadline of November 30, 2009.

Pursuant to Fed.R.App.Proc., Rule 8(a)(1), Plaintiff must file this request for a stay with the district court issuing the judgment appealed in this matter.  Further, Plaintiff previously filed such a request and the Court denied it on August 31, 2009, without prejudice, stating that Plaintiff refiling this motion "following the completion of discovery and motion cut off dates but prior to the pretrial conference and trial dates."  (Court Order, docket number 152).

Pursuant to the Court's August 31, 2009, Order, Plaintiff herein refiles this motion to stay following the discovery deadline of September 8, 2009 and Defendants' hearing on Motion for Summary Judgment set for hearing on November 16, 2009.

This motion will be heard before the Final Pretrial Conference scheduled for November 30, 2009 and the Trial scheduled for December 8, 2009.

**2. The Court Has Authority to Stay the Trial and Scheduling Order Pending Resolution on Appeal.**

Fed.R.Civ.Proc., Rule 62(g) grants the district court authority to stay this action upon a showing that an appeal, with some likelihood of success, is pending. Fed.R.App.Proc., Rule 8, requires that Plaintiff first seek a stay from the district court judge.

The plaintiff/appellant would suffer harm unless a stay is granted. Plaintiff would be required to proceed to trial, and if he prevails on the appeal as to whether the Third Amended Complaint as to Sheriff Baca can proceed to trial, then he will have to be afforded a second separate trial as against Sheriff Baca. This would require duplication of judicial time, jury time, and of all witnesses, defendants and counsels.

As important, a stay in this action will not cause any harm to other parties, witnesses or defendants, nor to any public entity's interest in this case, nor would it reverse, annul, undo, or suspend what has already been done or what is not specifically stayed. A stay would not pass on merits of orders of trial court. The sole purpose of the stay would be to preserve the status quo pending the appeal so that plaintiff- appellant may try his case as to all issues and all defendants in one trial.

Proceeding with trial presently scheduled for December 8, 2009, prior to a resolution of the appeal regarding a very pertinent defendant (Sheriff Baca), would prejudice Plaintiff because whether Plaintiff prevails at the trial level without Sheriff Baca, he would still have to proceed to a second trial as to Sheriff Baca. Further, proceeding to trial without resolution of the appeal as to this defendant, could create more conflicting scheduling matters and other appealable issues, resulting ultimately in further appeals.

**3. There is No Prejudice or Harm to Any Defendant if a Stay is Granted.**

The parties will not be prejudiced by a stay of this matter pending resolution of the issue on appeal. Contrarily, a stay will prevent resulting inconsistent rulings, duplication of attorney and judicial time, duplicate pre-trial conferences, motions in limine, trials and hearings.

The request for a stay will ensure all parties have one meaningful trial which also serves judicial economy. For these reasons it is generally the defense who seek a stay pending issues on appeal - they do not want to waste resources and time in duplicate trials, not to mention the potential for further subsequent duplication of issues on other potential appeals by either party.

As important, should plaintiff prevail on a *first trial* per the pending Third Amended Complaint, the issue on appeal as against Sheriff Baca will not become moot, and plaintiff will still have a right to a second trial as against Sheriff Baca on the *supervisor liability* claim.

In *Gibson v. County of Washoe,* 290 F.3d 1175 (9th Cir. 2002), the Ninth Circuit clearly articulated the manner in which supervisor and/or municipal liability can be proven or plead separate and independent of individual liability. The defense argument that if plaintiff wins at the trial level, any subsequent action against Sheriff Baca would become moot, is incorrect. If a stay is not granted and plaintiff prevails on appeal, he will still have the right to proceed to trial in his Third Amended Complaint against Sheriff Baca in his individual supervisor capacity.

**4. Conclusion.**

A trial prior to resolution of the pending appeal would effectively result in two trials of this matter, further potential conflicting rulings and resulting in further potential separate appeals. A stay at this time, pending resolution of the appeal, will ensure consistent rulings, avoid separate multiple trials and appeals, as well as provide judicial economy of time and resources for both the parties and the district court.

1 | Plaintiff respectfully request that the District Court grant a stay of this action,
2 | pending resolution of the appeal, and until further order of this Court.

3 | Dated: October 28, 2009

Respectfully submitted,
**SONIA MERCADO & ASSOCIATES**

/S/ Sonia M. Mercado

By:_____
Sonia M. Mercado, Co-counsel for Plaintiffs