1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Lisa Martinelli, State Bar No. 109562
   E-Mail: lmartinelli@hurrellcantrall.com
3  Mariam Kaloustian, State Bar No. 236702
   HURRELL CANTRALL LLP
4  660 South Figueroa Street, 21st Floor
   Los Angeles, California 90017-3442
5  Telephone: (213) 426-2000
   Facsimile: (213) 426-2020
6
7  Attorneys for Defendants COUNTY OF LOS ANGELES, LOS
   ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY
8  MAYBET BUGARIN (erroneously sued as Garviay Bugarin),
   DEPUTY JOSE GARIBAY (erroneously sued as Deputy Jose
   Garivay), SGT. MICHAEL INGE, LT. ALFRED GONZALES
9  (erroneously sued as Lt. Alfred Gonzalez) and CAPTAIN JOHN
   CLARK
10

11          **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 13  DION STARR, | CASE NO. CV08-00508 GW (SHx) |
| 14         Plaintiff, | **Trial Date:**        **December 8, 2009** |
| 15     v. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO** |
| 16  COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S | **BIFURCATE PLAINTIFF'S FOURTEENTH AMENDMENT** |
| 17  DEPARTMENT, SHERIFF LEROY BACA, IN HIS INDIVIDUAL | **CLAIM FROM *MONELL* AND SUPERVISORY LIABILITY** |
| 18  CAPACITY, DEPUTY MAYBET BUGARIN, DOE FEMALE DEPUTY | **CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES;** |
| 19  RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ, AND DOES 1 | **[PROPOSED ORDER]** |
| 20  THROUGH 10, INCLUSIVE, | **Date:**        **November 30, 2009** |
| 21         Defendants. | **Time:**        **8:30 a.m.** **Location:**    **"10"** |

22

23      TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

24      PLEASE TAKE NOTICE THAT on November 30, 2009, at 8:30 a.m., in

25  courtroom "10" of the above entitled court located at 312 Spring Street, Los

26  Angeles, California 90012, defendants COUNTY OF LOS ANGELES, LOS

27  ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY MAYBET

28  BUGARIN, DEPUTY JOSE GARIBAY, SERGEANT MICHAEL INGE,

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1  BUGARIN, DEPUTY JOSE GARIBAY, SERGEANT MICHAEL INGE,
2  LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK will move
3  this Court to Order bifurcation of plaintiff's Fourteenth Amendment claim from
4  plaintiff's *Monell* and Supervisory Liability claims, pursuant to *Federal Rules of*
5  *Civil Procedure*, Rule 42(b).

6      This Motion is made on the grounds that presentation of evidence regarding
7  plaintiff's *Monell* claim and Supervisory Liability claims, without a determination of
8  liability for plaintiff's Fourteenth Amendment claim, will necessarily prejudice
9  DEPUTY MAYBET BUGARIN and DEPUTY JOSE GARIBAY, waste the Court's
10  time and confuse the jury.  Bifurcation will simplify the issues for the jury, allowing
11  them to fairly adjudicate DEPUTY BUGARIN and DEPUTY GARIBAY's liability.

12      This Motion is made following the satisfaction of Local Rule 7-3 on October
13  13, 2009.

14      This Motion will be based upon this Notice, the attached Memorandum of
15  Points and Authorities, the Declaration of Lisa Martinelli, Esq., all exhibits, papers,
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1    documentary evidence as may be presented at the time of the hearing of this Motion.

2

3    DATED: November ___9___, 2009        HURRELL CANTRALL LLP

4

5

6                                         By: _____
                                              THOMAS C. HURRELL
7                                             LISA MARTINELLI
                                              MARIAM KALOUSTIAN
8                                             Attorneys for Defendants COUNTY OF
                                              LOS ANGELES, LOS ANGELES
9                                             COUNTY SHERIFF'S DEPARTMENT,
                                              DEPUTY MAYBET BUGARIN
10                                            (erroneously sued as Garviay Bugarin),
                                              DEPUTY JOSE GARIBAY (erroneously
11                                            sued as Deputy Jose Garivay), SGT.
                                              MICHAEL INGE, LT. ALFRED
12                                            GONZALES (erroneously sued as Lt.
13                                            Alfred Gonzalez) and CAPTAIN JOHN
                                              CLARK
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1                       **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.**     **INTRODUCTION AND RELEVANT FACTS.**

3      This matter involves allegations by plaintiff DIONN STARR that his

4 Fourteenth Amendment rights were violated by defendants DEPUTY MAYBET

5 BUGARIN and DEPUTY JOSE GARIBAY as a result of an incident at Men's

6 Central Jail in Los Angeles, California, on January 27, 2006, where plaintiff was

7 incarcerated. In his operative Third Amended Complaint, plaintiff alleges causes of

8 action for Fourteenth Amendment violations for excessive force, deliberate

9 indifference to a serious medical need and serious risk of harm against DEPUTY

10 BUGARIN and JOSE GARIBAY, a *Monell* claim against defendants COUNTY OF

11 LOS ANGELES ("COLA") and LOS ANGELES COUNTY SHERIFF'S

12 DEPARTMENT ("LASD"), and a Supervisory Liability cause of action under

13 Section 1983 against defendants SERGEANT MICHAEL INGE, LIEUTENANT

14 ALFRED GONZALES, and CAPTAIN JOHN CLARK.

15      While plaintiff's allegations against DEPUTY BUGARIN and DEPUTY

16 GARIBAY are rather simple and strictly limited to the underlying case, plaintiff's

17 *Monell* claim is comprised of the following 12 vague and convoluted theories of

18 liability: 1) Improper classification and housing of inmates; 2) Inadequate

19 supervision and training of custody assistants and deputies to provide reasonable

20 security to inmates; 3) Failure to provide reasonable security and/or prevent abuse of

21 inmates by other inmates; 4) Failure to supervise, investigate, and take corrective

22 actions in incidents and failure to provide reasonable security resulting in inmate-

23 on-inmate violence; 5) Condoning lax supervision of deputy misconduct,

24 unconstitutional conduct, and dereliction of duty; 6) Condoning lax supervision by

25 supervisors who fail to report or investigate deputies and other supervisors

26 wrongful, unconstitutional conduct or dereliction of duty and failure to provide

27 reasonable security to inmates; 7) Condoning lax supervision by line supervisors

28 who fail to report or investigate deputies who use excessive force on inmates; 8)

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

Ratifying wrongful conduct by deputies and/or supervisors that result in serious injuries to inmates or deaths of inmates, civil litigation, judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct; 9) Failure to implement competent and appropriate policies and procedures regarding supervision of gates and control of gates; 10) Failure to enforce policies and procedures regarding the use and designation of inmates as trustees; 11) Failure to implement indicated policies and procedures for designation of inmate workers as trustees; 12) Failure to comply with policies and procedures regarding checking inmate identification.  (*See* Third Amended Complaint, ¶ 27).

Additionally, plaintiff's Supervisory Liability cause of action against SGT. INGE, LT. GONZALES, and CPT. CLARK is premised on their alleged failure to take proper action in light of their knowledge of other incidents of "acts of inmate on inmate violence" and " incidents of killings." (*See* Third Amendment Complaint, ¶ 55).

While plaintiff's Fourteenth Amendment claim against the two deputies will require a straightforward presentation of the limited evidence which is germane to plaintiff's allegations for Fourteenth Amendment violations, plaintiff will attempt to introduce an extraordinary amount of evidence and spend considerable time in attempting to prove his *Monell* and Supervisory Liability claims.  For example, to date, defendants have been forced to produce more than 8,500 pages of documents in response to plaintiff's discovery requests.  However, only a minute fraction of these documents is relevant and admissible for purposes of plaintiff's Fourteenth Amendment claim.  Accordingly, for the sake of judicial economy, efficient use of the Court's time and resources, and simplification of the issues, defendants request bifurcation of the Fourteenth Amendment claim from plaintiff's *Monell* and Supervisory Liability claims.

Additionally, evidence of plaintiff's *Monell* and Supervisory Liability claims will require the introduction of entirely unrelated incidents which did not involve

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1    DEPUTY BUGARIN or DEPUTY GARIBAY. Evidence of entirely unrelated
2    incidents is prejudicial to the Deputy defendants as they may be punished or
3    assumed to have acted improperly based on the actions of other deputies or Sheriff's
4    personnel.

5        Finally and importantly, since plaintiff's *Monell* and Supervisory Liability
6    claims cannot stand without first establishing an underlying constitutional violation,
7    defendants respectfully request this Court to bifurcate plaintiff's Fourteenth
8    Amendment claim against the two deputies from plaintiff's *Monell* and Supervisory
9    Liability claim against COLA, LASD, SGT. INGE, LT. GONZALES and CPT.
10    CLARK. As such, defendants respectfully request that this Motion be granted.

11    **II.**      **THIS COURT SHOULD BIFURCATE THE ISSUES OF LIABILITY**
12        **AGAINST THE DEPUTY DEFENDANTS FROM PLAINTIFF'S**
13        **MONELL AND SUPERVISORY LIABILITY CLAIMS.**

14    *Federal Rules of Civil Procedure*, Rule 42(b) states in pertinent part:

15    "(b) Separate Trials. The court, in furtherance of convenience or to
16    avoid prejudice, or when separate trials will be conductive to
17    expedition and economy, may order a separate trial of any claim, …or
18    of any separate issue, …always preserving inviolate the right of trial by
19    jury as declared by the Seventh Amendment to the Constitution or as
20    given by a statute of the United States."

21    Fed. R. Civ. Proc. 42(b).

22        Rule 42(b) confers broad discretion upon the district court to bifurcate a trial,
23    thereby deferring costly and possibly unnecessary proceedings pending resolution of
24    potentially dispositive preliminary issues. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266
25    F.3d 993, 998 (9th Cir. 2001); *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 574 (9th Cir.
26    1995).

27        In this case, plaintiff cannot proceed with his *Monell* and Supervisory
28    Liability claims without the jury first finding DEPUTY BUGARIN and DEPUTY

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1    GARIBAY liable for Fourteenth Amendment violations.  See *Russ v. Jordan*, 1992
2    U.S. Dist. LEXIS 19484, *20-21 (N. Dist. Cal. 1992) (if defendants can prove that
3    plaintiff suffered no constitutional harm, then whether the City has an
4    unconstitutional policy or custom is irrelevant).  As such, bifurcation of plaintiff's
5    *Monell* and Supervisory Liability claims from the remainder of the lawsuit is
6    particularly appropriate because the trial on whether the deputy defendant violated
7    plaintiff's Fourteenth Amendment rights would resolve whether plaintiff could
8    proceed with his *Monell* and Supervisory Liability claims.    In other words,
9    bifurcation would potentially obviate the need for further proceedings.  *Jinro Am.,*
10   *Inc., supra* (court may order separate trial on preliminary issue of whether contract
11   existed before deciding rights and liabilities of parties under that agreement);  *Amato*
12   *v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (separate trial of
13   officer from City in § 1983 action proper when verdict in first trial might have
14   obviated need for second trial).

15        In *Figueroa v. Gates*, 207 F. Supp. 2d 1085 (C.D. Cal. 2002), the Court
16   considered a 42 U.S.C. § 1983 case which included a *Monell* claim, following the
17   shooting death of two individuals by the Los Angeles Police Department Special
18   Investigations Section. *Id.* at 1086, 1090.  Defendants filed a motion to bifurcate the
19   "individual capacity claims" from plaintiffs' *Monell* and punitive damages claims.
20   *Id.* at 1101.    Although plaintiffs opposed defendants' motion to bifurcate, the
21   Figueroa court granted defendants' request to bifurcate plaintiffs' *Monell* claim,
22   finding that certain evidence of indemnification votes relevant to the case would
23   only be admissible in the *Monell* phase and allowing evidence of indemnification
24   votes relevant to the case would be unfairly prejudicial and would confuse the jury.
25   *Id.*  Overall, the *Figueroa* court exercised its discretion in bifurcating the individual
26   liability claims based on the reasoning that if the officers were found not to be
27   liable, then there would be no need to proceed with the *Monell* cause of action. *Id.*
28   Trying the individual liability issues first promoted convenience and efficiency. *Id.*

HURRELL CANTRALL LLP
680 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1  at 1102.

2       Based on the foregoing, it is not surprising that courts have routinely ordered
3  bifurcation of *Monell* claims, recognizing the unduly prejudicial effect of such
4  claims on the individual defendants. See *Ruvalcaba v. City of Los Angeles*, 167
5  F.3d 514, 518 (9th Cir. 1999); *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th
6  Cir. 1996); *Russ v. Jordan*, 1992 U.S. Dist. LEXIS 19484, *20 (N.D. Cal. 1992).
7  These courts have recognized that if no underlying wrongful behavior occurs, there
8  is no need to proceed to the issue of whether there is municipal liability. See
9  *Ruvalcaba, supra*, 167 F.3d at 518.

10       Like the *Figueroa* case, the evidence plaintiff DION STARR may present at
11  trial to support his *Monell* and Supervisory Liability claims is inapplicable to
12  plaintiff's claims against the individual deputies for Fourteenth Amendment
13  violations. Fed. R. Evid. 401, 402. During discovery, the Court ordered defendants
14  to produce voluminous death reviews, internal affairs investigations and incident
15  reports concerning gruesome deaths which took place at Men's Central Jail. These
16  documents involve instances separate and apart from the January 27, 2006 incident
17  and, thus, have absolutely no relevance to plaintiff's Fourteenth Amendment claims.

18       These documents, coupled with the witnesses who will testify at trial
19  regarding plaintiff's *Monell* claim, will complicate the trial against DEPUTY
20  BUGARIN and DEPUTY GARIBAY and will be completely unnecessary should
21  defendants prevail on plaintiff's Fourteenth Amendment cause of action. Fed. R.
22  Evid. 403; see *Russ v. Jordan, supra.*

23       Defendants also produced numerous policies during the discovery process.
24  However, whether or not COLA or LASD had certain policies or procedures in
25  place is not determinative of the issue of whether DEPUTY BUGARIN and
26  DEPUTY GARIBAY in fact violated plaintiff's Fourteenth Amendment rights. It
27  would be premature for the jury to hear evidence supporting plaintiff's *Monell* and
28  Supervisory Liability claims against COLA, LASD, SGT. INGE, LT. GONZALES,

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1  and CPT. CLARK, if the jury is yet to determine whether there was a violation of
2  plaintiff's constitutional rights.  For example, evidence of a policy of deliberate
3  indifference to prisoner's medical needs is irrelevant to the issue of whether
4  DEPUTY BUGARIN was in fact deliberately indifferent to plaintiff's medical needs
5  in the instant case.

6      Additionally, bifurcation will avoid undue prejudice to individual defendants,
7  DEPUTY BUGARIN and DEPUTY GARIBAY, caused by the disclosure of cases
8  involving improper actions taken by Sheriff's personnel in completely unrelated
9  cases.  See *Boyd v. City and County of San Francisco*, 2006 U.S. Dist. LEXIS
10  14047, *5-6 (N.D. Cal. 2006) (bifurcation will avoid prejudice as the evidence
11  relevant to the claims against the individual officers does not overlap in any
12  meaningful way with the evidence relevant to the claims against the City and Chief
13  Hong).  Therefore, to avoid confusing the issues for the trier of fact, as well as
14  undue prejudice to defendants, the liability of defendants DEPUTY BUGARIN and
15  DEPUTY GARIBAY must first be determined prior to any consideration of COLA's
16  or LASD's liability, or any of the supervisor defendants' liability.

17  **III.   CONCLUSION**

18      Based on the foregoing, defendants respectfully request bifurcation of
19  plaintiff's Fourteenth Amendment claim against DEPUTY BUGARIN and
20  DEPUTY GARIBAY from plaintiff's *Monell* and Supervisory Liability claims
21  against the COUNTY OF LOS ANGELES, the LOS ANGELES COUNTY
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

SHERIFF'S DEPARTMENT, SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK.

DATED: November ___9___, 2009        HURRELL CANTRALL LLP

By: _____

THOMAS C. HURRELL
LISA MARTINELLI
MARIAM KALOUSTIAN
Attorneys for Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY MAYBET BUGARIN (erroneously sued as Garviay Bugarin), DEPUTY JOSE GARIBAY (erroneously sued as Deputy Jose Garivay), SGT. MICHAEL INGE, LT. ALFRED GONZALES (erroneously sued as Lt. Alfred Gonzalez) and CAPTAIN JOHN CLARK

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 660 South Figueroa Street, 21st Floor, Los Angeles, California 90017-3442.

On November 9, 2009, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM FROM** *MONELL* **AND SUPERVISORY LIABILITY CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address eolivares@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 9, 2009, at Los Angeles, California.

_____
Edilma Olivares

1
2

**SERVICE LIST**
**Dion Starr v. COLA, et al.**
**Case No. CV08-00508 GW (SHx)**

3  R. Samuel Paz, Esq.
   LAW OFFICES OF R. SAMUEL PAZ                **Attorneys for Plaintiff**
4  5701 W. Slauson Avenue, Suite 202
   Culver City, CA 90230
5  Tel.: (310) 410-2981
   Fax : (310) 410-2957
6  Soniamer2002@yahoo.com

7
   Sonia M. Mercado, Esq.
8  SONIA MERCADO & ASSOCIATES                 **Attorneys for Plaintiff**
   5701 W. Slauson Avenue, Suite 202
9  Culver City, CA 90230
   Tel.: (310) 410-2981
10 Fax: (310) 410-2957
   Samuelpaz@msn.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

--