Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Lisa Martinelli, State Bar No. 109562
E-Mail: lmartinelli@hurrellcantrall.com
Mariam Kaloustian, State Bar No. 236702
HURRELL CANTRALL LLP
660 South Figueroa Street, 21st Floor
Los Angeles, California 90017-3442
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTY
MAYBET BUGARIN (erroneously sued as Garviay Bugarin),
DEPUTY JOSE GARIBAY (erroneously sued as Deputy Jose
Garivay), SGT. MICHAEL INGE, LT. ALFRED GONZALES
(erroneously sued as Lt. Alfred Gonzalez) and CAPTAIN JOHN
CLARK

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DION STARR,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, IN HIS INDIVIDUAL CAPACITY, DEPUTY MAYBET BUGARIN, DOE FEMALE DEPUTY RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>          Defendants. | CASE NO. CV08-00508 GW (SHx)<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**<br><br>Trial Date:          December 8, 2009<br>Pretrial Conf. Date: November 30, 2009 |

Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY

SHERIFF'S DEPARTMENT, DEPUTY MAYBET BUGARIN, DEPUTY JOSE

GARIBAY, SERGEANT MICHAEL INGE, LIEUTENANT ALFRED

GONZALES, and CAPTAIN JOHN CLARK hereby submit the following

Memorandum of Contentions of Law and Fact pursuant to Local Rule 16-4.

/ / /

**MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

I. **FACTUAL CONTENTIONS.**

    A. **Defendants' Theory of the Case.**

    Plaintiff DION STARR did not suffer any constitutional violations or other damages as a result of the January 27, 2006 incident. Rather, Mr. STARR participated in an altercation with fellow inmates at Men's Central Jail which resulted in him sustaining a number of superficial lacerations. The altercation was swiftly quelled by the responding deputies, who did not engage in any wrongdoing and certainly did not commit any constitutional violations. Finally, Mr. STARR's alleged injuries were tended to shortly following the altercation at the jail clinic where he underwent medical testing, and an hour later at the County hospital where he was further examined and treated. Plaintiff continued to receive medical care, treatment, and medication until February of 2007.

    At this time, the remaining causes of action in this case are as follows: (1) plaintiff's First Cause of Action for violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against defendants DEPUTY MAYBET BUGARIN and DEPUTY JOSE GARIBAY; (2) plaintiff's Second Cause of Action for *Monell* violations against defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; and (3) plaintiff's Third Cause of Action for supervisory liability against defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK.

    B. **Statement of Factual Contentions.**

    On January 27, 2006, Deputy JOSE GARIBAY was manning the cell gates at Module 2400 of Men's Central Jail, when he opened the gates to Baker Row for morning pill call. Sometime thereafter, an inmate-on-inmate physical altercation ensued among the inmates housed in the Baker Row cells and two trustees who were in the vicinity when the gates were opened. At some point during the altercation, inmates began yelling for help. Immediately upon hearing the calls for help,

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

DEPUTY GARIBAY radioed for assistance. Moments later, various jail personnel, including defendant DEPUTY MAYBET BUGARIN, arrived at the scene and assisted in quelling the altercation without further incident.

Soon thereafter, the injured inmates, including plaintiff, were escorted out of the module down to the jail clinic for examination and treatment. Three of the involved inmates sustained injuries. Among those were plaintiff, who sustained superficial lacerations to his head and body. He underwent an electrocardiogram and had his wounds cleansed at the jail clinic. About an hour later, he was transported to the emergency department of the County hospital, where he was further examined and treated. Later that night, plaintiff was discharged from the emergency department without being admitted. Thereafter, plaintiff continued to receive medical care and treatment at the jail clinic, including pain medication, for his injuries through February 22, 2007.

At no time prior to the incident did plaintiff complain to anyone at Men's Central Jail about his cell assignment. Moreover, by plaintiff's own admission, at no time prior to the incident did any Men's Central Jail inmate, of any race, threaten plaintiff. Additionally, no Hispanic inmates or trustees ever threatened or caused plaintiff harm prior to the subject incident. Further, plaintiff never had any problems or run-ins with any inmate of any race prior to the subject incident. He also never had any problems with any of the Hispanic deputies, including DEPUTY BUGARIN, prior to this incident.

C.   **Claims.**

a.   **Claim 1 by Plaintiff DION STARR:** Claim for Deliberate Indifference to a Risk of Serious Harm Pursuant to the Fourteenth Amendment Under 42 U.S.C. § 1983 Against Defendants DEPUTY MAYBET BUGARIN and DEPUTY JOSE GARIBAY.

(1)   Elements Required to Establish Plaintiff's Claim for

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

<u>Deliberate Indifference to a Risk of Serious Harm Under</u>

<u>the Fourteenth Amendment under 42 U.S.C. § 1983</u>:

    (i)    A serious harm existed to plaintiff;

    (ii)    A prison official knew of the serious risk of harm;

    (iii)    The prison official purposely disregarded the serious risk of harm; and

    (iv)    The deliberate indifference was the actual and proximate cause of plaintiff's injuries.

(*See* Ninth Circuit Model Jury Instructions (2007), Particular Rights – Eighth Amendment – Prisoner's Claim Re Conditions of Confinement § 9.25; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *Farmer v. Brennan*, 511 U.S. 825, 827 (1994); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 525 (9th Cir. 1999); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).)

    (2)    <u>Key Evidence in Opposition to Claim 1</u>:

    (i)    There was no known risk of serious harm to plaintiff prior to the January 27, 2006 incident.

    (ii)    Plaintiff never had any problems with or threats of harm from fellow inmates or deputies at Men's Central Jail so as to cause concern for his safety prior to the incident on January 27, 2006.

    (iii)    As no threat or risk of serious harm to plaintiff's safety pre-existed the subject incident, defendants DEPUTY BUGARIN and DEPUTY GARIBAY had no specific knowledge of a risk of serious harm to plaintiff prior to January 27, 2006.

    (iv)    Defendant DEPUTY GARIBAY opened the gates for morning pill call at the time of the incident.

    (v)    Defendant DEPUTY GARIBAY radioed for

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

assistance as soon as he heard yells for help stemming from the inmate-on-inmate altercation on January 27, 2006.

    (vi)    Defendant DEPUTY BUGARIN arrived at the scene moments after and helped quell the altercation without further incident.

    (vii)    Defendant DEPUTY BUGARIN escorted plaintiff away from the scene of the altercation to seek immediate medical attention at the jail clinic.

    **b.**    **Claim 2 by Plaintiff DION STARR:** Claim for Deliberate Indifference to Serious Medical Need pursuant to the Fourteenth Amendment Under 42 U.S.C. § 1983 Against Defendant DEPUTY MAYBET BUGARIN.

    (1)    <u>Elements Required to Establish Plaintiff's Claim for Deliberate Indifference to Serious Medical Need Under to the Fourteenth Amendment under 42 U.S.C. § 1983</u>:

        (i)    Plaintiff had a serious medical need; and

        (ii)    Defendant knew of that medical need and disregarded it; and

        (iii)    The act of the defendant caused harm to plaintiff.

(See Ninth Circuit Model Jury Instructions (2007), Particular Rights – Eighth Amendment – Prisoner's Claim Re Medical Care § 9.25; *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).)

    (2)    <u>Key Evidence in Opposition to Claim 2</u>:

        (i)    Defendant DEPUTY BUGARIN arrived at the scene of the altercation moments after it ensued.

        (ii)    Defendant DEPUTY BUGARIN helped quell the altercation.

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

(iii)   Defendant DEPUTY BUGARIN then escorted plaintiff away from the scene of the altercation to seek immediate medical attention at the jail clinic.

(iv)   At the jail clinic, plaintiff underwent an electrocardiogram and had his wounds cleansed.

(v)   About an hour later, plaintiff was transported to the emergency room of the county hospital for further examination and treatment before being discharged later that night.

(vi)   Plaintiff continued to receive medical care and treatment, including pain medication, for his injuries until February 22, 2007.

(vii)   DEPUTY BUGARIN denied plaintiff access to medical care on solely one occasion because the jail was on lockdown.

(viii)  Plaintiff did not suffer any harm as a result of the isolated incident where DEPUTY BUGARIN had to deny plaintiff access to medical care.

c.   **Claim 3 by Plaintiff DION STARR:** Claim for Excessive Force Pursuant to the Fourteenth Amendment Under 42 U.S.C. § 1983 Against Defendants DEPUTY MAYBET BUGARIN.

(1)   Elements Required to Establish Plaintiff's Claim for Excessive Force under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983:

(i)   The defendant used excessive and unnecessary brutal force under the circumstances;

(ii)   The defendant acted maliciously and sadistically for the very purpose of causing harm;

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

(iii)    The conduct of the defendant caused harm to the plaintiff.

(Ninth Circuit Model Jury Instructions (2007), Particular Rights – Eighth Amendment – Prisoner's Claim of Excessive Force § 9.24; *Pierce v. Multnoham County, Oregon*, 76 F.3d 1032 (9th Cir. 1996), citing *Graham v. Connor*, 490 U.S. 386 (1989); *Redman v. County of San Diego*, 942 F.2d 1435, 1437 (9th Cir. 1991).

    (2)    <u>Key Evidence in Opposition to Claim 3</u>:

        (i)    DEPUTY BUGARIN did not use any force on plaintiff at any time.

        (ii)    DEPUTY BUGARIN's actions did not cause any of the injuries plaintiff claims to have suffered. Rather, any claimed damages were caused by plaintiff's own participation in the inmate on inmate incident.

        (iii)    Plaintiff's damages claim is speculative and unsupported.

    **d.**    **Claim 4 by Plaintiff DION STARR:** Claim for *Monell* Liability Based on Official Policy, Practice or Custom Against Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

    (1)    Elements Required to Establish Plaintiff's Claim for *Monell* Liability Based on Official Policy, Practice or Custom:

        (i)    The acts of Defendants DEPUTY MAYBET BUGARIN and DEPUTY JOSE GARIBAY deprived plaintiff of his Fourteenth Amendment rights under the United States Constitution; and

        (ii)    Defendants DEPUTY MAYBET BUGARIN and

1   DEPUTY JOSE GARIBAY acted pursuant to an

2   expressly adopted official policy or a longstanding

3   practice or custom of defendants COUNTY OF

4   LOS ANGELES and LOS ANGELES COUNTY

5   SHERIFF'S DEPARTMENT.

6   (Ninth Circuit Manual of Model Jury Instructions (2007), Section 1983 Claim

7   Against Local Governing Body Defendants Based on Official Policy, Practice or

8   Custom – Elements and Burden of Proof § 9.4)

9       (2)    <u>Key Evidence in Opposition to Claim 4:</u>

10      (i)    The Deputy defendants did not use any force on

11      plaintiff.

12      (ii)    The Deputy defendants were not deliberately

13      indifferent to any risk of harm to plaintiff.

14      (iii)    The Deputy defendants were not deliberately

15      indifferent to plaintiff's medical needs.

16      (iv)    DEPUTY GARIBAY opened the gates for pill call.

17      (v)    DEPUTY GARIBAY was not aware of any risk of

18      harm to plaintiff prior to opening the gates.

19      (vi)    DEPUTY GARIBAY radioed for assistance as soon

20      as he heard any calls for help.

21      (vii)    DEPUTY BUGARIN responded swiftly to the

22      incident and with the assistance of other Sheriff's

23      personnel, immediately quelled the situation.

24      (viii)    The Deputy defendants did not cause any of the

25      damages plaintiff claims to have suffered.  Rather,

26      any claimed damage was caused by plaintiff's

27      participation in the inmate on inmate altercation.

28      (ix)    Plaintiff has failed to identify a single policy,

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-8-

practice or custom which allegedly caused plaintiff constitutional injuries.

 (x) All of the defendants' policies, practices and customs at issue in this case are constitutional and did not cause plaintiff any constitutional injuries.

 (xi) Plaintiff's claimed damages are speculative and unsupported.

**e.** **Claim 5 by Plaintiff DION STARR:** Claim for *Monell* Liability Based on Failure to Train Against Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

 (1) Elements Required to Establish Plaintiff's Claim for *Monell* Liability Based on Failure to Train:

  (i) The acts of DEPUTY MAYBET BUGARIN and DEPUTY JOSE GARIBAY deprived the plaintiff of his Fourteenth Amendment rights under the United States Constitution;

  (ii) The training policies of defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were not adequate to train its employees to handle the usual and recurring situations with which they must deal.

  (iii) Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were deliberately indifferent to the obvious consequences of its failure to train its employees adequately; and

  (iv) The failure of defendants COUNTY OF LOS

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1    ANGELES and LOS ANGELES COUNTY

2    SHERIFF'S DEPARTMENT to provide adequate

3    training caused the deprivation of the plaintiff's

4    rights by COUNTY OF LOS ANGELES and LOS

5    ANGELES COUNTY SHERIFF'S DEPARTMENT

6    employees; that is the defendants' failure to train is

7    so closely related to the deprivation of the plaintiff's

8    rights as to be the moving force that caused the

9    ultimate injury.

10   (See Ninth Circuit Model Civil Jury Instructions (2007), Claims Against Local

11   Governing Body Defendants Based on Policy of Failure to Train – Elements and

12   Burden of Proof § 9.7.)

13          (2)      <u>Key Evidence in Opposition to Claim 5</u>:

14                   (i)    The Deputy defendants did not use any force on

15                          plaintiff.

16                   (ii)   The Deputy defendants were not deliberately

17                          indifferent to any risk of harm to plaintiff.

18                   (iii)  The Deputy defendants were not deliberately

19                          indifferent to plaintiff's medical needs.

20                   (iv)   DEPUTY GARIBAY opened the gates for pill call.

21                   (v)    DEPUTY GARIBAY was not aware of any risk of

22                          harm to plaintiff prior to opening the gates.

23                   (vi)   DEPUTY GARIBAY radioed for assistance as soon

24                          as he heard the calls for help.

25                   (vii)  DEPUTY BUGARIN responded swiftly to the

26                          incident and with the assistance of other Sheriff's

27                          personnel, immediately quelled the situation.

28                   (viii) The Deputy defendants did not cause any of the

damages plaintiff claims to have suffered.  Rather, any claimed damage was caused by plaintiff's participation in the inmate on inmate altercation.

    (ix)    The incident was properly investigated by the LASD.

    (x)    There was no wrongdoing found on the part of any of the named defendants.

    (xi)    The LASD thoroughly investigates all inmate on inmate incidents at Men's Central Jail according to its policies, practice and custom.

    (xii)    The LASD disciplines all deputies who are found to have acted in violation of LASD policies.

**f.**    **Claim 6 by Plaintiff DION STARR:** Claim for Supervisory Liability Against Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK.

    (1)    <u>Elements Required to Establish Plaintiff's Supervisory Liability Claim:</u>

        (i)    Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK acted under color of law;

        (ii)    The acts of defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK's subordinates deprived the plaintiff of his Fourteenth Amendment rights under the United State Constitution; and

        (iii)    Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-11-

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

CAPTAIN JOHN CLARK directed their subordinates in the acts that deprived the plaintiff of these rights; or

(iv)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK set in motion a series of acts by their subordinates that they knew or reasonably should have known would cause their subordinates to deprive the plaintiff of these rights; or

(v)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK knew, or reasonably should have known, that their subordinates were engaging in these acts and that their conduct would deprive the plaintiff of these rights; and

(vi)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK failed to act to prevent their subordinates from engaging in such conduct.

(*See* Ninth Circuit Model Civil Jury Instructions (2007) Section 1983 Claim Against Supervisory Defendant in Individual Capacity – Elements and Burden of Proof § 9.3).

(2)   <u>Key Evidence in Opposition to Claim 6</u>:

(i)   The Deputy defendants did not use any force on plaintiff.

(ii)   The Deputy defendants were not deliberately indifferent to any risk of harm to plaintiff.

-12-

HURRELL CANTRALL LLP
680 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

    (iii)    The Deputy defendants were not deliberately indifferent to plaintiff's medical needs.

    (iv)    DEPUTY GARIBAY opened the gates for pill call.

    (v)    DEPUTY BUGARIN responded swiftly to the incident and with the assistance of other Sheriff's personnel, immediately quelled the situation.

    (vi)    The Deputy defendants did not cause any of the damages plaintiff claims to have suffered. Rather, any claimed damage was caused by plaintiff's participation in the inmate on inmate altercation.

    (vii)    The incident was properly investigated by the LASD.

    (viii)    There was no wrongdoing found on the part of any of the named defendants.

    (ix)    SERGEANT INGE, LIEUTENANT GONZALES and CAPTAIN CLARK did not personally participate in the incident.

    (x)    SERGEANT INGE, LIEUTENANT GONZALES and CAPTAIN CLARK did not direct any acts which resulted in a violation of plaintiff's Fourteenth Amendment rights.

    (xi)    SERGEANT INGE, LIEUTENANT GONZALES and CAPTAIN CLARK did not set in motion any series of acts which they knew or should have known would cause constitutional violations to plaintiff.

    (xii)    SERGEANT INGE, LIEUTENANT GONZALES and CAPTAIN CLARK did not fail to act to prevent

any constitutional violations to plaintiff.

**D.    Affirmative Defenses.**

a.    **First Affirmative Defense:** Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 for deliberate indifference to a risk of serious harm under the Fourteenth Amendment.

(1)    Elements Required to Establish Defendants' First Affirmative Defense: Plaintiff fails to establish one or more of the following elements of the claim.

(i)    A serious harm existed to plaintiff;

(ii)    A prison official knew of the serious risk of harm;

(iii)    The prison official purposely disregarded the serious risk of harm; and

(iv)    The deliberate indifference was the actual and proximate cause of plaintiff's injuries.

(See Ninth Circuit Model Jury Instructions (2007), Particular Rights – Eighth Amendment – Prisoner's Claim Re Conditions of Confinement § 9.25; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *Farmer v. Brennan*, 511 U.S. 825, 827 (1994); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 525 (9th Cir. 1999); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).)

(2)    Key Evidence in Support of Defendants' First Affirmative Defense:

(i)    There was no known risk of serious harm to plaintiff prior to the January 27, 2006 incident.

(ii)    Plaintiff never had any problems with or threats of harm from fellow inmates or deputies at Men's Central Jail so as to cause concern for his safety prior to the incident on January 27, 2006.

(iii)    As no threat or risk of serious harm to plaintiff's

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST. FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-14-

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

safety pre-existed the subject incident, defendants DEPUTY BUGARIN and DEPUTY GARIBAY had no specific knowledge of a risk of serious harm to plaintiff prior to January 27, 2006.

    (iv)    Defendant DEPUTY GARIBAY opened the gates for morning pill call at the time of the incident.

    (v)    Defendant DEPUTY GARIBAY radioed for assistance as soon as he heard yells for help stemming from the inmate-on-inmate altercation on January 27, 2006.

    (vi)    Defendant DEPUTY BUGARIN arrived at the scene moments after and helped quell the altercation without further incident.

    (vii)    Defendant DEPUTY BUGARIN escorted plaintiff away from the scene of the altercation to seek immediate medical attention at the jail clinic.

**b.**    **Second Affirmative Defense:** Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 for deliberate indifference to serious medical need under the Fourteenth Amendment.

    (1)    Elements Required to Establish Defendants' Second Affirmative Defense:

        (i)    Plaintiff had a serious medical need; and

        (ii)    Defendant knew of that medical need and disregarded it; and

        (iii)    The act of the defendant caused harm to plaintiff.

(See Ninth Circuit Model Jury Instructions (2007), Particular Rights – Eighth Amendment – Prisoner's Claim Re Conditions of Confinement § 9.25; *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).)

-15-

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

(2)   <u>Key Evidence in Support of Defendants' Second</u>
<u>Affirmative Defense</u>:

 (i) Defendant DEPUTY BUGARIN arrived at the scene of the altercation moments after it ensued.

 (ii) Defendant DEPUTY BUGARIN helped quell the altercation.

 (iii) Defendant DEPUTY BUGARIN escorted plaintiff away from the scene of the altercation to seek immediate medical attention at the jail clinic.

 (iv) At the jail clinic, plaintiff underwent an electrocardiogram and had his wounds cleansed.

 (v) About an hour later, plaintiff was transported to the emergency room of the county hospital for further examination and treatment before being discharged later that night.

 (vi) Plaintiff continued to receive medical care and treatment, including pain medication, for his injuries until February 22, 2007.

c. **Third Affirmative Defense:** Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 for malicious or sadistic application of force for purposes of causing harm under the Fourteenth Amendment.

(1)   <u>Elements Required to Establish Defendants' Third</u>
<u>Affirmative Defense</u>:

 (i) The defendant used excessive and unnecessary brutal force under the circumstances;

 (ii) The defendant acted maliciously and sadistically for the very purpose of causing harm;

-16-

1                     (iii)    The conduct of the defendant caused harm to the

2                                   plaintiff.

3 (Ninth Circuit Model Jury Instructions (2007), Particular Rights – Eighth

4 Amendment – Prisoner's Claim of Excessive Force § 9.24; *Pierce v. Multnoham*

5 *County, Oregon*, 76 F.3d 1032 (9th Cir. 1996), citing *Graham v. Connor*, 490 U.S.

6 386 (1989); *Redman v. County of San Diego*, 942 F.2d 1435, 1437 (9th Cir. 1991).

7             (2)    <u>Key Evidence in Support of Defendants' Third Affirmative</u>

8                    <u>Defense</u>:

9                    (i)    DEPUTY BUGARIN did not use any force on

10                              plaintiff at any time.

11                    (ii)   Defendants' actions did not cause any of the

12                          damages plaintiff claims to have suffered.  Rather,

13                          any claimed damages were caused by plaintiff's own

14                          participation in the inmate on inmate incident.

15                  (iii)  Plaintiff's damages claim is speculative and

16                          unsupported.

17                  (iv)  DEPUTY BUGARIN denied plaintiff access to

18                        medical care on solely one occasion because the jail

19                        was on lockdown.

20                  (v)   Plaintiff did not suffer any harm as a result of the

21                        isolated incident where DEPUTY BUGARIN had to

22                        deny plaintiff access to medical care.

23     **d.**    **Fourth Affirmative Defense:** Plaintiff has failed to state a cause

24         of action for a *Monell* claim based on official policy, practice or

25         custom pursuant to 42 U.S.C. § 1983.

26         (1)    <u>Elements Required to Establish Defendants' Fourth</u>

27                  <u>Affirmative Defense</u>:

28                  (i)    Defendants DEPUTY MAYBET BUGARIN and

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-17-

1  DEPUTY JOSE GARIBAY acted under color of

2  law;

3  (ii)  The acts of Defendants DEPUTY MAYBET

4  BUGARIN and DEPUTY JOSE GARIBAY

5  deprived the plaintiff of his Fourteenth Amendment

6  rights under the United States Constitutional; and

7  (iii)  Defendants DEPUTY MAYBET BUGARIN and

8  DEPUTY JOSE GARIBAY acted pursuant to an

9  expressly adopted official policy or a longstanding

10  practice or custom of defendants COUNTY OF

11  LOS ANGELES and LOS ANGELES COUNTY

12  SHERIFF'S DEPARTMENT.

13  (Ninth Circuit Manual of Model Jury Instructions (2007), Section 1983 Claim

14  Against Local Governing Body Defendants Based on Official Policy, Practice or

15  Custom – Elements and Burden of Proof § 9.4)

16  (2)  Key Evidence in Support of Defendants' Fourth

17  Affirmative Defense:

18  (i)  The Deputy defendants did not use any force on

19  plaintiff.

20  (ii)  The Deputy defendants were not deliberately

21  indifferent to any risk of harm to plaintiff.

22  (iii)  The Deputy defendants were not deliberately

23  indifferent to plaintiff's medical needs.

24  (iv)  DEPUTY GARIBAY opened the gates for pill call.

25  (v)  DEPUTY GARIBAY was not aware of any risk of

26  harm to plaintiff prior to opening the gates.

27  (vi)  DEPUTY GARIBAY radioed for assistance as soon

28  as he heard calls for help.

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

-18-

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

(vii)    DEPUTY BUGARIN responded swiftly to the incident and with the assistance of other Sheriff's personnel, immediately quelled the situation.

(viii)    The Deputy defendants did not cause any of the damages plaintiff claims to have suffered. Rather, any claimed damage was caused by plaintiff's participation in the inmate on inmate altercation.

(ix)    Plaintiff has failed to identify a single policy, practice or custom which allegedly caused plaintiff constitutional injuries.

(x)    All of the defendants' policies, practices and customs at issue in this case are constitutional and did not cause plaintiff any constitutional injuries.

(xi)    Plaintiff's claimed damages are speculative and unsupported.

e.    **Fifth Affirmative Defense:** Plaintiff has failed to state a cause of action for a *Monell* claim based on failure to train pursuant to 42 U.S.C. § 1983.

(1)    Elements Required to Establish Defendants' Fifth Affirmative Defense:

(i)    Defendants DEPUTY MAYBET BUGARIN and DEPUTY JOSE GARIBAY acted under color of law;

(ii)    The acts of DEPUTY MAYBET BUGARIN and DEPUTY JOSE GARIBAY deprived the plaintiff of his Fourteenth Amendment under the United States Constitution;

(iii)    The training policies of defendants COUNTY OF

-19-

LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were not adequate to train its employees to handle the usual and recurring situations with which they must deal.

(iv) Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT were deliberately indifferent to the obvious consequences of its failure to train its employees adequately; and

(v) The failure of defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT to provide adequate training caused the deprivation of the plaintiffs' rights by COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT employees; that is the defendants' failure to train is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

(See Ninth Circuit Model Civil Jury Instructions (2007), Claims Against Local Governing Body Defendants Based on Policy of Failure to Train – Elements and Burden of Proof § 9.7).

(2) Key Evidence in Support of Defendants' Fifth Affirmative Defense:

(i) The Deputy defendants did not use any force on plaintiff.

(ii) The Deputy defendants were not deliberately indifferent to any risk of harm to plaintiff.

-20-

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

(iii)   The Deputy defendants were not deliberately indifferent to plaintiff's medical needs.

(iv)   DEPUTY GARIBAY opened the gates for pill call.

(v)   DEPUTY BUGARIN responded swiftly to the incident and with the assistance of other Sheriff's personnel, immediately quelled the situation.

(vi)   The Deputy defendants did not cause any of the damages plaintiff claims to have suffered.  Rather, any claimed damage was caused by plaintiff's participation in the inmate on inmate altercation.

(vii)   The incident was properly investigated by the LASD.

(viii)   There was no wrongdoing found on the part of any of the named defendants.

(ix)   The LASD thoroughly investigates all inmate on inmate incidents at Men's Central Jail according to its policies, practice and custom.

(x)   The LASD disciplines all deputies who are found to have acted in violation of LASD policies.

f.   **Sixth Affirmative Defense:** Plaintiff has failed to state a cause of action for Supervisory Liability pursuant to 42 U.S.C. § 1983.

(1)   Elements Required to Establish Defendants' Sixth Affirmative Defense:

(i)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK acted under color of law;

(ii)   The acts of defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and

-21-

CAPTAIN JOHN CLARK's subordinates deprived the plaintiff of his Fourteenth Amendment rights under the United State Constitution; and

(iii)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK directed their subordinates in the acts that deprived the plaintiff of these rights; or

(iv)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK set in motion a series of acts by their subordinates that they knew or reasonably should have known would cause their subordinates to deprive the plaintiff of these rights; or

(v)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK knew, or reasonably should have known, that their subordinates were engaging in these acts and that their conduct would deprive the plaintiff of these rights; and

(vi)   Defendants SERGEANT MICHAEL INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK failed to act to prevent their subordinates from engaging in such conduct.

(*See* Ninth Circuit Model Civil Jury Instructions (2007) Section 1983 Claim Against Supervisory Defendant in Individual Capacity – Elements and Burden of Proof § 9.3).

-22-

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

(2)   Key Evidence in Support of Defendants' Sixth Affirmative Defense:

(i)   The Deputy defendants did not use any force on plaintiff.

(ii)   The Deputy defendants were not deliberately indifferent to any risk of harm to plaintiff.

(iii)   The Deputy defendants were not deliberately indifferent to plaintiff's medical needs.

(iv)   DEPUTY GARIBAY opened the gates for pill call.

(v)   DEPUTY BUGARIN responded swiftly to the incident and with the assistance of other SHeriff's personnel, immediately quelled the situation.

(vi)   The Deputy defendants did not cause any damages plaintiff claims to have suffered.  Rather, any claimed damage was caused by plaintiff's participation in the inmate on inmate altercation.

(vii)   The incident was properly investigated by the LASD.

(viii)   There was no wrongdoing found on the part of any of the named defendants.

(ix)   SERGEANT INGE, LIEUTENANT GONZALES and CAPTAIN CLARK did not personally participate in the incident.

(x)   SERGEANT INGE, LIEUTENANT GONZALES and CAPTAIN CLARK did not direct any acts which resulted in a violation of plaintiff's Fourteenth Amendment rights.

(xi)   SERGEANT INGE, LIEUTENANT GONZALES

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1    and CAPTAIN CLARK did not set in motion any

2    series of acts which they knew or should have

3    known would cause constitutional violations to

4    plaintiff.

5    (xii)   SERGEANT INGE, LIEUTENANT GONZALES

6    and CAPTAIN CLARK did not fail to act to prevent

7    any constitutional violations to plaintiff.

8    **g.    Seventh Affirmative Defense:** Defendants are entitled to

9    qualified immunity.

10   (1)   Elements Required to Establish Defendants' Seventh

11   Affirmative Defense:

12   (i)    Defendants did not violate a clearly established

13   constitutional right of plaintiff of which a

14   reasonable officer would have known; and

15   (ii)   A reasonable officer in defendants' position could

16   have believed that his or her actions concerning

17   plaintiff were reasonable under the circumstances.

18   (iii)  Defendants did not deprive plaintiff of any rights

19   under the United States Constitution;

20   (See Ninth Circuit Manual of Model Jury Instructions, Qualified Immunity § 9.26;

21   *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151 (2001); *Kennedy v. City of*

22   *Ridgefield*, 439 F.3d 1055 (9th Cir. 2006); *Pearson v. Callahan*, 129 S. Ct. 808, 818

23   (2009).)

24   (2)   Key Evidence in Support of Defendants' Seventh

25   Affirmative Defense:

26   (i)    Defendants did not commit any constitutional

27   violations.

28   (ii)   Defendants acted reasonably in their dealings with

plaintiff at all times.

(iii)   A reasonable officer could have believed that it was reasonable to open the gates for pill call on the morning of the incident.

(iv)   A reasonable officer could have believed that it was reasonable to deny plaintiff access to medical care under the circumstances when the jail was on lockdown status.

(v)   Plaintiff did not have a clearly established right to obtain medical care when the jail was on lockdown status.

## II.   LEGAL BRIEF.

### A.   Issues of Law.

#### a.   Plaintiff Cannot Establish a Fourteenth Amendment Violation.

(1)   Plaintiff Cannot Establish that DEPUTY BUGARIN was Deliberately Indifferent to his Serious Medical Need.

To prevail on his claim for deliberate indifference to a serious medical need, plaintiff must show that he had a "serious medical need," meaning that a "failure to treat [the] prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (rev'd for unrelated reasons.).  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.   *Id.* at 1060. "Deliberate indifference" means "a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference." *Id*. Thus, an "inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006).

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1    Here, plaintiff is claiming that DEPUTY BUGARIN violated his

2  constitutional right to medical care because she allegedly delayed his access to

3  treatment. However, as substantiated by plaintiff's medical records, DEPUTY

4  BUGARIN acted promptly and diligently to secure medical care for the plaintiff.

5  Soon after the altercation began, DEPUTY BUGARIN worked to quell the ruckus

6  and escorted Mr. STARR to the jail clinic for medical attention, where he underwent

7  an electrocardiogram and had his wounds cleansed.   About an hour later, Mr.

8  STARR was transported to the emergency room of the County hospital, where he

9  was again examined and treated. Later that night, plaintiff was discharged from the

10  hospital and returned to the jail where he continued to receive medical care,

11  treatment, and medication, for his injuries until February 22, 2007.

12    Throughout the course of this litigation, plaintiff has identified but one

13  instance in which DEPUTY BUGARIN allegedly delayed his access to medical

14  care.  Specifically, there was an instance in which DEPUTY BUGARIN allegedly

15  informed a nurse that plaintiff could not go to the jail clinic because the jail was on

16  lock-down, and that he had to get a court order to seek care for his nose.  This claim

17  is not sufficient to establish a constitutional violation because it is allegedly only a

18  single isolated event.  See *Jett, supra,* 439 F.3d at 1096 ("[i]f the harm is an

19  'isolated exception' to the defendant's 'overall treatment of the prisoner [it]

20  ordinarily militates against a finding of deliberate indifference"); see also *Frost v.*

21  *Agnos,* 152 F.3d 1124, 1130 (9th Cir. 1998)(finding no merit in claims stemming

22  from alleged delays in…treating broken nose…because claims did not amount to

23  more than negligence).  Even assuming that DEPUTY BUGARIN was negligent in

24  her treatment of plaintiff on that *single isolated event,* negligent conduct does not

25  rise to the level of deliberate indifference that is required for a constitutional

26  violation. *Adamson v. Los Angeles County,* 2008 U.S. Dist. LEXIS 25807, at *15

27  (C.D. Cal. Jan. 11, 2008).)  Moreover, there is no evidence that plaintiff's nose

28  injury was a "serious medical need" or that the delay caused him substantial harm.

1   See *Jett, supra,* 439 F.3d at 1096.

2   Accordingly, plaintiff's claim that DEPUTY BUGARIN violated his

3   constitutional right to access medical care and treatment is unwarranted.

4   (2)   Plaintiff Cannot Establish that DEPUTY BUGARIN or

5   DEPUTY GARIBAY were Deliberately Indifferent to a

6   Risk of Serious Harm to Plaintiff.

7   To prevail on a cause of action for deliberate indifference to a risk of serious

8   harm, plaintiff must demonstrate that prison officials were deliberately indifferent to

9   a threat of serious harm or injury to the plaintiff from another prisoner. *Berg v.*

10   *Kincheloe,* 794 F.2d 457, 459 (9th Cir. 1986). To establish deliberate indifference,

11   plaintiff must show that the prison official knew of and disregarded an excessive

12   risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). As

13   such, an official must both be <u>aware</u> of the facts from which the inference could be

14   drawn that a substantial risk of serious harm exists, and he must also <u>actually</u> draw

15   that inference. *Id.; see also Collins v. County of Kern*, 390 F.Supp.2d 964 (E.D. Cal.

16   2005) and *Hurd v. Garcia,* 454 F.Supp.2d 1032, 1047 (S.D. Cal. 2006). In addition,

17   the plaintiff must show that there was a <u>purposeful</u> act or failure to act on the part of

18   the defendant. *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 525 (9th Cir. 1999).

19   Moreover, plaintiff must demonstrate that the deliberate indifference was the actual

20   and proximate cause of plaintiff's injuries. *Leer v. Murphy*, 844 F.2d 628, 634 (9th

21   Cir. 1988).

22   Here, plaintiff cannot demonstrate that DEPUTY BUGARIN and DEPUTY

23   GARIBAY acted with deliberate indifference because there is <u>no evidence that they</u>

24   <u>were aware of any specific threats</u> made against the plaintiff by other inmates.

25   Rather, it is clear that the altercation took place without any warning or notice to any

26   of the defendants in this action. Furthermore, it is clear that plaintiff never warned

27   any LASD personnel of any threats against him because <u>there were no threats made</u>

28   <u>against him by any inmates.</u> In addition, plaintiff admits that he <u>never had any</u>

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1   problems with any of the other inmates or custody personnel at MCJ.   At no time

2   prior to the incident did plaintiff complain to anyone at MCJ about his cell

3   assignment.   Additionally, no Hispanic inmates or trustees ever threatened or caused

4   him harm prior to the subject incident.   Based on the foregoing, there was no

5   excessive risk to plaintiff's health and safety which Deputies BUGARIN or

6   GARIBAY would have known and disregarded.

7               (3)     Plaintiff Cannot Establish that DEPUTY BUGARIN

8                       Acted Maliciously and Sadistically for the Purpose of

9                       Causing Plaintiff Harm.

10      The appropriate standard to evaluate claims of excessive force by a post

11   arraignment pre-trial detainee in the prison context under the Fourteenth

12   Amendment is "whether force was applied in a good faith effort to maintain or

13   restore discipline or maliciously and sadistically for the very purpose of causing

14   harm." See *Whitley v. Albers,* 475 U.S. 312, 320 (1986);*Graham v. Connor*, 490

15   U.S. 386 (1989); see also *Leonel v. Butler,* 2008 U.S. Dist. LEXIS 89642, *14 (E.D.

16   Cal. Sept. 10, 2008).   In addition, because the use of force relates to the prison

17   official's legitimate interest in maintaining security and order, the court must be

18   deferential when reviewing the necessity of using force. (See *Whitley, supra,* 475

19   U.S. at 321-22.)

20      In the present matter, DEPUTY BUGARIN absolutely denies utilizing any

21   force against Mr. STARR at the time of the incident.   Defendants contend that

22   plaintiff has no evidence that DEPUTY BUGARIN acted in any malicious and

23   sadistic fashion with the intent to cause plaintiff harm.

24               (4)     Defendants Are Entitled to Qualified Immunity.

25      Qualified immunity protects law enforcement officers from civil liability if

26   their conduct does not violate clearly established statutory or constitutional rights of

27   which a reasonably prudent officer person could have believed was lawful.  Harlow

28

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

*v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Saucier v. Katz,* 533 U.S. 194, 202 (2001).

In 2001, the U.S. Supreme Court devised a two-prong test for courts to determine if qualified immunity applies. First, the court must inquire into whether the facts show that the officer's conduct violated a constitutional right. *Id.* at 201. If no constitutional right is violated, the inquiry ends in favor of the defense. Id. Second, if the alleged conduct is constitutionally impermissible, the officers are nonetheless shielded from civil liability if the right was not "clearly established" by law at the time of the incident. *Id.* "The contours of the right must be sufficiently clear that a reasonable officer would understand that what he was doing violates that right." *Id.* at 202. The Ninth Circuit developed a third prong, which looks at whether a reasonable officer could have believed lawful the particular conduct at issue. *Romeo v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

In revisiting the doctrine of qualified immunity, the United States Supreme Court declared on January 21, 2009 that the sequence of analysis set forth above is no longer to be regarded as mandatory. *Pearson v. Callahan*, 2009 U.S. LEXIS 591, *22 (2009). The *Pearson* Court explained that courts should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Id.*

The *Pearson* Court stated that the principle of qualified immunity shields an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law. *Id.* at 37. The Court further stated that qualified immunity covers mere "mistakes in judgment," whether the mistake is one of fact or one of law. *Id.* at 14-15. Moreover, once it is established that defendants were engaged in discretionary functions, it is plaintiff's burden to show that the law

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

regarding the Constitutional violation was settled at the time of the violation. *Cuviello v. City of Stockton*, 2009 U.S. Dist. LEXIS 4896, citing *Gasho v. United States*, 39 F.3d 1420, 1438 (9th Cir. 1994).

*Ford v. Ramirez Palmer*, 301 F.3d 1043 (9th Cir. 2001) is instructive in demonstrating that qualified immunity exists to protect the individual defendants in this case.  In *Ford*, the plaintiff, an administrator of a decedent-inmate's estate, claimed that the defendants violated the decedent-inmate's constitutional rights by housing him with a dangerous inmate, who later killed him.  The defendants moved for summary judgment based on qualified immunity.  While the trial court denied the defendants' motion because it believed a triable issue existed regarding whether the defendants knew of the assaultive inmate's history of violence towards other inmates, the Ninth Circuit Court of Appeals reversed the trial court's decision.  In analyzing whether the defendants were entitled to qualified immunity, the appellate court indicated that the trial court should have looked at the specific context of the case, not as a broad general proposition.  Notably, the case expanded upon *Farmer v. Brennan*, 511 U.S. 825 (1994), which held that a prison official cannot deliberately disregard a substantial risk of serious harm to an inmate, but that *Farmer* did not flesh out at what point a risk of inmate assault becomes sufficiently substantial.  *Ford, supra*, 301 F.3d at 1048.  Along these lines, the question is whether an officer was on notice with regard to the point where a risk of inmate assault was sufficiently substantial, and the risk of some harm is not sufficient to establish liability.  *Id.*  The court indicated that while the decision to continue to house the assaultive inmate with the decedent was unfortunate, it could not be said that a reasonable officer would have clearly understood that the risk of serious harm was so high that he should not have authorized the inmates to share the same cell.  *Id.* at 1051.  Therefore, the Court concluded that the officers were entitled to qualified immunity.  *Id.*

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1    In this action, as set forth above, the individual defendants did not commit
2  any constitutional violation of plaintiff's rights, and therefore, cannot be held liable
3  as a matter of law.   In addition, a reasonable officer in their positions would not
4  have believed that they violated any clearly established rights of the plaintiff.   None
5  of the defendants, or even plaintiff, knew of a substantial threat of harm against him.
6  Therefore, under these circumstances, it would not have been clear to a reasonable
7  officer that their conduct violated plaintiff's constitutional rights.

### b.   Plaintiff Cannot Maintain His *Monell* Claim Based on Official Policy, Practice or Custom and Failure to Train.

10   As discussed above, plaintiff cannot establish an underlying constitutional
11  violation and consequently, plaintiff cannot prevail on his *Monell* claim based on
12  official policy, practice or custom and failure to train.   *Los Angeles v. Heller*, 475
13  U.S. 796, 799 (1986).

14   Moreover, plaintiff cannot prevail on his *Monell* claim because there is
15  insufficient evidence of a custom, policy, or practice which caused plaintiff's
16  injuries.   A plaintiff can prove *Monell* liability only pursuant to a well-established
17  custom or practice of a governmental entity, which cannot be shown by a single
18  occurrence.   *McDade v. West,* 223 F.3d 1135, 1141 (9th Cir. 2000).   Liability for
19  improper custom may not be predicated on isolated or sporadic incidents.   *Trevino v.*
20  *Gates*, 99 F.3d 911, 918 (9th Cir. 1996).   It must be found "upon practices of
21  sufficient duration, frequency and consistency that the conduct has become a
22  traditional method of carrying out policy." *Id.*

23   Plaintiff also has no evidence to support a *Monell* claim based on failure to
24  train.   In order to prevail on a failure to train claim, plaintiff must demonstrate a
25  "conscious" or "deliberate" choice on the part of a municipality.   *Blankenhorn v.*
26  *City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).   Specifically, plaintiffs must
27  show that (1) they were deprived of a constitutional right, (2) the municipality had a
28  training policy that amounts to deliberate indifference to plaintiffs' constitutional

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1  rights, and (3) their constitutional injury would have been avoided had the

2  municipality properly trained those officers.  *Id.*

3  Here, plaintiff cannot establish that the defendants had an unlawful policy,

4  custom or practice or that a failure to train officers served as the moving force

5  behind plaintiff's alleged constitutional injuries.  There is simply no evidence that

6  the defendants had a "permanent and well settled" policy of deliberately putting

7  inmates in situations where inmates would be attacked.  Furthermore, there is no

8  evidence that the defendants would deliberately fail to take prophylactic measures to

9  prevent inmate violence or responsive measures to quell inmate violence.  Rather, it

10  is clear that this was an isolated altercation that ensued without any warning to the

11  defendants.  No unlawful policy or custom can be implicated in such a situation.

12  Moreover, plaintiff has absolutely no evidence to show that a program-wide

13  inadequacy in training led to the constitutional injuries suffered by plaintiff.

14  Accordingly, plaintiff cannot prevail on his *Monell* claim based on official policy,

15  practice or custom and failure to train.

16      c.    **Plaintiff Cannot Prevail on His Supervisory Liability Claim**

17          **Against Defendants SERGEANT MICHAEL INGE,**

18          **LIEUTENANT ALFRED GONZALES, and CAPTAIN**

19          **JOHN CLARK.**

20  A supervisory official may be liable if (1) he or she was *personally* involved

21  in the plaintiff's constitutional deprivation, or (2) there is a sufficient causal

22  connection between the supervisor's wrongful conduct and the constitutional

23  violation.  *Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir. 2001).  The inquiry into

24  causation must be individualized and focused on the duties and responsibilities of

25  each individual defendant whose acts or omissions are alleged to have caused a

26  constitutional deprivation.  *Glosson v. Morales*, 2006 U.S. Dist. LEXIS 96034, *6

27  (S.D. Cal. 2006).

28  As an initial matter, because plaintiff did not suffer a violation or deprivation

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1   of his constitutional right, his claims based on supervisory liability must fail as a

2   matter of law.  See *Jackson v. City of Bremerton*, 268 F.3d 646, 654 (9th Cir. 2001)

3   ("If a person has suffered no constitutional injury at the hands of the individual

4   police officer, the fact that the departmental regulations might have authorized the

5   use of constitutionally excessive force is quite beside the point.").

6        Furthermore, plaintiff's supervisory liability claims lack merit because he

7   cannot establish any facts that establish that defendants SERGEANT MICHAEL

8   INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK had

9   any *personal participation* in the deprivation of his constitutional rights.  Moreover,

10  plaintiff has absolutely no evidence that any conduct, let alone any wrongful

11  conduct, of the supervisory defendants caused plaintiff's alleged constitutional

12  injuries.   To the contrary, each of the supervisory defendants diligently trained,

13  supervised, and monitored their respective subordinates.

14       In addition, the mere fact that defendants LIEUTENANT GONZALES,

15  SERGEANT INGE, and CAPTAIN CLARK were the direct or indirect supervisors

16  of the deputies that responded to this incident is not sufficient to establish liability.

17  An attempt at establishing liability in this manner would be based on respondeat

18  superior, and the Ninth Circuit Court of Appeals has clearly held that supervisory

19  officials cannot be labile for the actions of their subordinates in this manner.  See

20  *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989); *Samonte v. Frank*, 2007 U.S.

21  Dist. LEXIS 11008, *9 (D. Haw. 2007)("mere general responsibility for supervising

22  the operation of a prison is insufficient to establish that an individual personally

23  participated in a constitutional deprivation.").  Consequently, plaintiff will not

24  prevail on his Third Cause of Action for supervisory liability.

25       **B.     Evidentiary Issues.**

26            **a.     Defendants Intend to Submit the Following Evidentiary**

27                 **Motions.**

28       1.     To exclude evidence, references to evidence, witness testimony, or

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1   contentions not disclosed during pretrial discovery, with the exception
2   of impeachment evidence.

3   2.   To exclude any evidence relating to prior or subsequent lawsuits filed
4        against the named defendants herein.

5   3.   To exclude any evidence and testimony that the subject incident was
6        racially motivated.

7   4.   To exclude any evidence and testimony relating to an alleged "code of
8        silence" within the LOS ANGELES COUNTY SHERIFF'S
9        DEPARTMENT.

10  5.   To exclude any evidence relating to documents produced by defendants
11       during discovery pursuant to a court-ordered stipulated protective
12       order, absent a showing of relevance.  .

13  6.   To exclude any evidence relating to reports of "Major Incidents" at
14       Men's Central Jail from July 1, 2002 to January 28, 2006, produced by
15       defendants pursuant to a September 3, 2008 Protective Order.  .

16  7.   To exclude any evidence of news articles or other media regarding the
17       defendants.

18  8.   To exclude any evidence relating to plaintiff's *Monell* claim against
19       defendants COUNTY OF LOS ANGELES and the LOS ANGELES
20       COUNTY SHERIFF'S DEPARTMENT at the trial against the
21       individual defendants.

22  9.   To exclude any evidence pertaining to damages not disclosed during
23       pretrial discovery, including past, present and future damages and other
24       losses in amounts according to proof.

25  10.  To exclude plaintiff's claim that he sustained injuries as a result of the
26       policies pertaining to classification at Men's Central Jail and evidence
27       of LOS ANGELES COUNTY SHERIFF'S DEPARTMENT policies or
28       procedures in support of plaintiff's claim.

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

11.     To exclude testimony by plaintiff DION STARR pertaining to the medical causation of any alleged medical condition and injuries experienced by plaintiffs following the subject January 27, 2006 incident.

12.     To exclude plaintiff's claim that he sustained injuries as a result of defendants' delay in plaintiff's access to medical care in violation of his Fourteenth Amendment rights.

13.     To exclude testimony or evidence that Hispanic deputies at Men's Central Jail are afraid of Hispanic inmates and thus carry out their orders.

14.     To exclude Death Reviws, Internal Affairs Investigations, and Incident Reports relating to inmates Ki Hong, Steven Prendergrast, Mario Alvarado aka Victor Cortes, Kristopher Faye, Chadwick Shane Cochran, Jose Beas, Raul Tinajero, Ramon Gavira Camarillo, and William Sean McNamara.

15.     To exclude testimony that defendant DEPUTY MAYBET BUGARIN had friends in high school who were in Latino gangs.

16.     To exclude evidence or references to Sheriff Leroy Baca, including indicating that Sheriff Leroy Baca was a defendant or that the Court of Appeals is considering whether or not Sheriff Leroy Baca will be a defendant in this matter.

## III.    BIFURCATION ISSUES.

Rule 42(b) of the *Federal Rules of Civil Procedure* states in pertinent part:

"(b) Separate Trials.  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conductive to expedition and economy, may order a separate trial of any claim, ...or of any separate issue, ...always preserving inviolate the right of trial by jury as

1                  declared by the Seventh Amendment to the Constitution

2                  or as given by a statute of the United States."

3  Fed. R. Civ. Proc. 42(b).

4       Here, defendants request bifurcation of plaintiff's Fourteenth Amendment

5  claim against DEPUTY BUGARIN and DEPUTY GARIBAY from plaintiff's

6  *Monell* and Supervisory Liability claims against the COUNTY OF LOS ANGELES,

7  LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SERGEANT MICHAEL

8  INGE, LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK.

9  This request is made on the grounds that plaintiff must first establish an underlying

10  constitutional injury as a prerequisite before municipal and/or supervisory liability

11  can attach.  *Heller*, *supra*, 475 U.S. at 799.  Therefore, if the trier of fact finds no

12  underlying constitutional violation, no time and evidence will need to be spent on

13  claims against defendants COUNTY OF LOS ANGELES, LOS ANGELES

14  COUNTY SHERIFF'S DEPARTMENT, SERGEANT MICHAEL INGE,

15  LIEUTENANT ALFRED GONZALES, and CAPTAIN JOHN CLARK, saving

16  valuable court and party time.  See *Quntanilla v. City of Downey*, 84 F.3d 353, 356

17  (9th Cir. 1996).  Additionally, a finding of liability against the deputy defendants

18  differ from the grounds necessary for finding of supervisory liability and liability

19  under *Monell*, namely evidence of defendants' policies and procedures.  *Id.*

20  Bifurcation of these issues will prevent wasting court time and avoid confusing the

21  jury with simultaneous presentation of evidence both on the incident itself and on

22  voluminous policy and custom evidence.  *Id.*  Accordingly, defendants respectfully

23  submit this Court grant their request for bifurcation.

24  **IV.**    **JURY TRIAL.**

25       All issues applicable to defendants are triable to a jury, and a Demand for

26  Jury Trial was timely filed by defendants, and by plaintiff.  Defendants hereby

27  reiterate their demand for a jury trial in this matter.

28  / / /

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1  **V.    ATTORNEYS' FEES.**

2       Defendants request an award of attorneys' fees if they prevail at trial, and if

3  the Court finds that plaintiffs' claims against them were frivolous, unreasonable, or

4  without foundation.  In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978),

5  the Supreme Court set the standard for an award of attorney's fees to a prevailing

6  civil rights defendant.  "[A] district court may in its discretion award attorney's fees

7  to a prevailing defendant in a [civil rights] case upon a finding that the plaintiff's

8  action was frivolous, unreasonable, or without foundation, even though not brought

9  in bad faith."  *Id.* at 421.  After an analysis of the background of attorney's fees in

10  civil actions, the Court reasoned that "[i]f anything can be gleaned from these

11  fragments of legislative history, it is that while Congress wanted to clear the way for

12  suits to be brought under the [Civil Rights] Act, it also wanted to protect defendants

13  from burdensome litigation having no legal or factual basis."  *Id.* at 420.

14  Additionally, Courts in the Central District of the Ninth Circuit have found that

15  attorney's fees were warranted for a prevailing defendant in a civil rights suit when

16  the defects of the plaintiff's suit were of such magnitude that the plaintiff's ultimate

17  failure was clearly apparent.  *Goldrich, Kest & Stern v. City of San Fernando*, 617

18  F. Supp. 557 (C.D. Cal. 1985).

19       In the present matter, plaintiff DION STARR claims to have suffered

20  constitutional deprivations under the Fourteenth Amendment as a result of the

21  actions taken by the deputy defendants, and claims *Monell* and supervisory liability

22  against the municipal and supervisory defendants as a result of the January 27, 2006

23  incident at Men's Central Jail.  However, plaintiff did not suffer any injury as a

24  result of constitutional violations in this case.  Rather, the injuries Mr. STARR

25  sustained were a result of his participation in the instant incident and not as a result

26  of any wrongdoing by any of the defendants in this case.  Furthermore, Mr.

27  STARR's alleged injuries were tended to shortly following the altercation at the jail

28  clinic where he underwent medical testing, and an hour later at the county hospital

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

1  where he was further examined and treated.  Plaintiff continued to receive medical

2  care, treatment, and medication until February 2007.  As such, attorney's fees are

3  warranted in this case and defendants seek recovery of attorney's fees, should they

4  prevail in this action.

5  **VI.**   **ABANDONMENT OF ISSUES.**

6      None by defendants.

7

8

9  DATED: November ___, 2009      Respectfully submitted,

10                             HURRELL CANTRALL LLP

11

12

13  By _____

14      THOMAS C. HURRELL
       LISA MARTINELLI
15      MARIAM KALOUSTIAN
       Attorneys for Defendants COUNTY OF
16      LOS ANGELES, LOS ANGELES
       COUNTY SHERIFF'S DEPARTMENT,
17      DEPUTY MAYBET BUGARIN
       (erroneously sued as Garviay Bugarin),
18      DEPUTY JOSE GARIBAY (erroneously
       sued as Deputy Jose Garivay), SGT.
19      MICHAEL INGE, LT. ALFRED
       GONZALES (erroneously sued as Lt.
20      Alfred Gonzalez) and CAPTAIN JOHN
21      CLARK
22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 660 South Figueroa Street, 21st Floor, Los Angeles, California 90017-3442.

On November 9, 2009, I served true copies of the following document(s) described as **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address eolivares@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 9, 2009, at Los Angeles, California.

_____
Edilma Olivares

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000

**SERVICE LIST**
**Dion Starr v. COLA, et al.**
**Case No. CV08-00508 GW (SHx)**

R. Samuel Paz, Esq.                                    **Attorneys for Plaintiff**
LAW OFFICES OF R. SAMUEL PAZ
5701 W. Slauson Avenue, Suite 202
Culver City, CA 90230
Tel.: (310) 410-2981
Fax : (310) 410-2957
Soniamer2002@yahoo.com


Sonia M. Mercado, Esq.                                 **Attorneys for Plaintiff**
SONIA MERCADO & ASSOCIATES
5701 W. Slauson Avenue, Suite 202
Culver City, CA 90230
Tel.: (310) 410-2981
Fax: (310) 410-2957
Samuelpaz@msn.com

HURRELL CANTRALL LLP
660 SOUTH FIGUEROA STREET, 21ST FLOOR
LOS ANGELES, CALIFORNIA 90017-3442
TELEPHONE (213) 426-2000