R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:   (310) 410-2981
Facsimile:    (310) 410-2957
E-mail: samuelpaz@msn.com
E-mail: soniamer2002@yahoo.com)

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ET AL,<br><br>    Defendants. | CASE NO. CV O8-00508 GW (SHx)<br><br>[Hon. George H. Wu]<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 4:**<br>**TO PRECLUDE DEFENDANTS FROM PRESENTING OR ARGUING CHARACTER EVIDENCE REGARDING THE PLAINTIFF;**<br>**MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>DATE:      November 30, 2009<br>TIME:       8:30 a.m.<br>CTROOM:  10D<br><br>Trial:         December 8, 2009 |

**PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS, THEIR WITNESSES OR EXPERTS FROM PRESENTING OR ARGUING CHARACTER EVIDENCE REGARDING THE PLAINTIFF.**

**1.    INTRODUCTION.**

Plaintiff anticipates that defendants will attempt to introduce evidence or argument regarding Plaintiff's character in order to create prejudice.  Defendant

-1-

1  Bugarin testified in deposition that Plaintiff was a "complainer" and that he was a
2  gang member (which is not true), in an effort to appeal to jurors' fears and biases
3  against African-Americans, such as Plaintiff.  During discovery Plaintiff
4  requested that Defendants produce all evidence that supported a claim that
5  Plaintiff was a gang member and none was produced. Plaintiff met and conferred
6  with Defendants and were not able to resolve this issue, warranting the filing of
7  this motion in limine.
8       Fed.R. Evid. 404 (a), states in pertinent part that "Evidence of a person's
9  character or a trait of character is not admissible for the purpose of proving action
10 in conformity therewith on a particular occasion;" and section (b) states that
11 evidence of "other crimes, wrongs, or acts is not admissible to prove the character
12 of a person in order to show action in conformity therewith."  Defendants attempt
13 to associate plaintiff with "gangs" in order to argue that he was not attacked by
14 others, but merely involved in a "fight" with them.
15      Fed.R. Evid. 401, defines "relevant evidence" as "evidence having any
16 tendency in reason to make the existence of any fact that is of consequence to the
17 determination of the action more probable or less probable than it would be without
18 the evidence."
19      Besides allowing for the exclusion of evidence that may create "the danger of
20 unfair prejudice," Rule 403 also allows for the exclusion of relevant evidence if its
21 probative value is substantially outweighed by "confusion of the issues, or misleading
22 the jury, or by considerations of undue delay, waste of time, or needless presentation
23 of cumulative evidence."  Here, the issue for the jury is whether defendants violated
24 plaintiff's constitutional rights to reasonable security in custody and to be free
25 from use of excessive force.
26      Plaintiff was not and is not a "gang member" nor is he affiliated with a gang
27 - these kinds of innuendos and associations of plaintiff to gangs is an attempt to
28 attribute "bad character" to him.  The court is requested to preclude  introduction

of evidence or argument by county defendants, their expert or witnesses of documents or things regarding plaintiff's character.

      Plaintiff moves to exclude in argument, questioning, or any reference in this trial to any lay or expert opinion regarding Plaintiff's alleged "**history** of gang related activity, work history or criminal records" as being conjecture and unsupported opinion. An expert's opinions must be based upon reliable facts or data that may be reasonably relied upon by similar experts in forming a their opinions. Fed.R. Evid. 702. Here, the defense seeks to base the opinion on speculation, conjecture and improper matters prohibited by Fed.R. Evid. 703.

Respectfully submitted,

**SONIA MERCADO & ASSOCIATES**

Dated: November 9, 2009    By:   /S/Sonia M. Mercado
                                                   Sonia M. Mercado