R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:   (310) 410-2981
Facsimile:   (310) 410-2957
E-mail: samuelpaz@msn.com
E-mail: soniamer2002@yahoo.com)

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR, | CASE NO. CV O8-00508 GW (SHx) |
| Plaintiff, | [Hon. George H. Wu] |
| v. | **PLAINTIFF'S MOTION IN LIMINE NO. 1:** |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ET AL, | **TO PRECLUDE FIFTEEN NON-RETAINED EXPERTS DESIGNATED BY DEFENDANTS FROM GIVING EXPERT OPINIONS AT THE TIME OF TRIAL AND TO LIMIT THE NUMBER AND TESTIMONY OF PERCIPIENT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES.** |
| Defendants. | |
| | DATE:      November 30, 2009<br>TIME:      8:30 a.m.<br>CTROOM:   10D |
| | Trial:      December 8, 2009 |

**PLAINTIFF'S MOTION IN LIMINE NO. 1 TO PRECLUDE FIFTEEN NON- RETAINED EXPERTS DESIGNATED BY DEFENDANTS FROM GIVING EXPERT OPINIONS AT THE TIME OF TRIAL AND TO LIMIT THE NUMBER AND TESTIMONY OF PERCIPIENT NURSES AND DOCTOR WITNESSES.**

-1-

**1.  FACTS REGARDING DEFENDANTS' DISCLOSURE PURSUANT TO FRCP RULE 26.**

Defendants' designation of experts includes a list of fifteen (15) non-retained experts, who appear to be either nurses or doctors who may have had a contact with Plaintiff.  Attached as Exhibit 1 is a correct copy of Defendants' Designation of Experts.  Plaintiff moves to exclude these "non-retained experts," from giving any non-percipient witness testimony at the time of trial.  None of the fifteen persons listed was designated in compliance with FRCP Rule 26(a)(2)(A). None provided a report indicating what evidence if any they had reviewed to provide their opinions, nor what those opinions were or the basis for them, nor did any provide a list of cases for the last 4 years in which they have provided expert testimony.

Plaintiff moves to preclude Defendants from eliciting "expert testimony" from: Nurse Annalize D. Felix; Nurse Antonio Isaac; Nurse Marylou Sanchez; Nurse Maurito A. Landrito; Nurse Timothy L. Sartin; Nurse Rosa De La Rosa; Dr. Deborah Forrester; Dr. Paymon Banafshe; Dr. John K. Vyden; Dr. David P. Young; Nurse Joji L. Hagler; Dr. Policarpio Enriquez; Nurse Anna Arutyunyan; Nurse Adoracion C. Robeniol; and Dr. Gerald E. Balin, on the grounds that they were not designated as experts, and they are merely potential percipient witnesses identified by defendants in their expert witness list.

**2.  THE *NON-RETAINED EXPERTS* SHOULD NOT BE PERMITTED TO GIVE ANY EXPERT TESTIMONY AT TRIAL NOR AS REBUTTAL EXPERT WITNESSES.**

FRCP Rule 26(a)(2)(A), is simple, unambiguous and mandatory.  It states in pertinent part that "a party **shall** disclose to other parties the identify of any person who may be used at trial to represent evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."  Evidence Rules 702 relates to testimony by experts; 703 relates to the bases of opinion testimony of experts; and 705

relates to the "disclosure of facts or data underlying expert opinion."

Defendants also failed in total to comply with FRCP Rule 26(a)(2)(B), which mandates as follows:

> Except as otherwise stipulated or directed by the court, this disclosure **shall**, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a *written report* prepared and *signed* by the witness. The report shall contain a *complete statement of all opinions* to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as summary of or support for the opinions; the qualifications, including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. (Emphasis added.)

A party who fails to comply with these mandatory disclosure procedures shall upon motion be barred from using any witness or evidence not disclosed. F.R.C.P. 37 (c)(1), and the Advisory Commission Notes (1993), and *Sylla-Sawdon v. Uniroyal Goodrich Tire,* 47 F.3d 227 -281 (8th Cir. 1995)

In *Mems v. City of St. Paul*, 327 F.3d 771, 779-180 (8th Cir., 2003), the district court's ruling excluded testimony of an expert who attempted to change his testimony without an appropriate supplemental designation was affirmed. Similarly, in *Trilogy Commun. Inc., v. Times Fiber Commun., Inc.,* 109 F.3d 739, 744-745 (5th Cir. 1997), the reviewing court found that the district court did not err in excluding a "supplemental" expert report, where the new submissions actually contained new information and new opinions. In that case, the party had actually timely filed an original designation.

1    In *Miller v. Fairchild Industries* 885 F.2d 498, 512 (9th Cir. 1989), the district
2 court's exclusion of expert testimony because the expert report provided only
3 "conclusory statements" was upheld on appeal, because such report gave the
4 defendants in that case "no advance notice of the fact and substance of his expert
5 testimony and therefore no opportunity to prepare." The Circuit Court reasoned that
6 this incomplete report was non compliant with the mandates of FRCP Rule
7 26(a)(2)(B).
8    Fed.R.Evid., Rule 701, states that "if a witness is not testifying as an
9 expert, the witness' testimony in the form of opinions or inferences is limited to
10 those opinions or inferences which are (a) rationally based on the perception of
11 the witness, (b) helpful to clear understanding of the witness' testimony or the
12 determination of the fact in issue, and ( c) not based on scientific, technical, or
13 other specialized knowledge within the scope of rule 702."
14    Defendants have designated only one expert witness in compliance with
15 FRCP Rule 26(a)(2)(A), Richard Bryce. The remainder witnesses are percipient
16 witnesses, and may only testify according to the limitations of Rule 701. To the
17 extend any one of these witnesses is a percipient witness on a particular issue,
18 their potential testimony should be limited to that percipient witness observation
19 or evidence.

**3.    THE DESIGNATION OF FIFTEEN NURSES AND DOCTORS IS
       REDUNDANT AND CUMULATIVE.**

22    There is no issue herein regarding the *quality of medical care* provided to
23 Mr. Starr - the issue is whether Deputy Bugarin denied or delayed Mr. Starr
24 "access to medical care." There being no issue of "quality of medical care" there
25 is no need for "medical expert testimony," and certainly no need to call 15 doctors
26 and nurses to render "medical expert opinions."
27    Plaintiff request that the Court limit the number of nurses or doctors that
28 can testify as "percipient" medical providers to avoid cumulative and redundant

-4-

testimony.

### 4. PERMITTING 15 NURSES/DOCTORS TO TESTIFY ON SIMILAR ISSUES IS PREJUDICIAL, CONFUSING AND A WASTE OF TIME.

It is well established, that Fed.R.Evid., Rule 403, precludes introduction of redundant and cumulative non relevant evidence. It states, "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Evidencing that this list of 15 witnesses is not relevant, is the fact that Defendants do not indicate what if any issue each or any of these witnesses intends to provide expert opinions or testimony about.

Permitting fifteen (15) non-retained "experts" to give any expert opinions merely because they are doctors or nurses, not only averts the mandates of Rule 26, but also of Rule 403. Permitting them to testify would grossly prejudice Plaintiff, encourage deceitful, reprehensible discovery tactics, and make FRCP meaningless. The fifteen nurses and doctors testimony would be redundant and cumulative and should be excluded.

### 5. CONCLUSION.

It would manifestly violate all notions of due process and fairness if Defendants were permitted to violate the mandates regarding expert designations, and elicit expert opinions from "non-retained", albeit non-expert witnesses at the time of trial. Had Defendants wanted to elicit any expert opinions from these witnesses, they had but to timely, properly and fully comply with the mandates of expert designations as required by FRCP Rule 26 (a)(2)(A).

Further, permitting them to testify would create an inference that the "more" testimony Defendants produce, the more the jury should weigh it (literally) in their favor. Thus, the Court should limit the number of percipient

nurses or doctors who can testify and limit their testimony only to "percipient witness doctor or nurse" testimony.

     Plaintiff respectfully submits that these witness should be precluded from giving any expert testimony at all. Any "percipient" witness testimony must be limited to avoid cumulative and prejudicial percipient witness testimony.

                                          Respectfully submitted,

                                          **SONIA MERCADO & ASSOCIATES**

Dated: November 9, 2009                     /S/Sonia M. Mercado
                                     By: _____
                                         Sonia M. Mercado