R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:   (310) 410-2981
Facsimile:    (310) 410-2957
E-mail: samuelpaz@msn.com
E-mail: soniamer2002@yahoo.com)

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR,<br><br>         Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ET AL,<br><br>         Defendants. | CASE NO. CV O8-00508 GW (SHx)<br><br>[Hon. George H. Wu]<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 5:**<br>**TO PRECLUDE INTRODUCTION OF EVIDENCE OR ARGUMENT BY COUNTY DEFENDANTS, THEIR EXPERT OR WITNESSES OF DOCUMENTS OR THINGS REGARDING PLAINTIFF'S MISDEMEANOR OR FELONY RECORD; MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>DATE:    November 30, 2009<br>TIME:    8:30 a.m.<br>CTROOM: 10D<br><br>Trial:    December 8, 2009 |

**PLAINTIFF'S MOTION IN LIMINE NO. 5 TO PRECLUDE INTRODUCTION OF EVIDENCE OR ARGUMENT BY COUNTY DEFENDANTS, THEIR EXPERT OR WITNESSES REGARDING PLAINTIFF'S MISDEMEANOR OR FELONY RECORD.**

**1.    Introduction.**

-1-

Plaintiff anticipates that Defendants may attempt to introduce evidence of misdemeanor or felony pleas that Plaintiff may have entered, dating back to 1991, or a plea he entered subsequent to this incident, alleging they are admissible for purposes of impeachment. Plaintiff met and conferred with Defendants but were not able to resolve this issue, warranting the filing of this motion in limine.

Plaintiff plead to misdemeanor convictions. In August 2000, plaintiff was charged with grand theft regarding car tires and rims; he plead to those charges. On April 15, 2005, plaintiff was arrested and charged with conspiracy to commit murder. Plaintiff was innocent of this charge, plead not guilty and decided to proceed to trial to proof his innocense. Because he was indigent, he did not have the financial resources to bail out of jail, and remained in custody awaiting a trial date. (In the interim on January 27, 2006, the incident at issue herein took place.) On March 5, 2007, plaintiff finally appeared for trial in that criminal matter. On this date, Plaintiff maintained his innocence. His public defender informed him that the prosecutor offered to release him from custody that very day, to drop all charges against him, if he just plead guilty to Cal. Penal Code §182(a)(1) "a conspiracy to commit a crime," (it was explained to him that he would not be charged with any specific crime). Having been in custody for 2 years without a trial for a crime he had not committed, having suffered the incident herein, and eager to be reunited with his children and family, Plaintiff accepted this plea and was immediately released from custody at the courthouse. (See Declaration of Dion Starr, attached hereto.)

Defendants now seek to introduce these convictions to impeach Plaintiff - although those pleas are not relevant in any manner to the issues in this case: whether deputy Garibay violated Plaintiff's constitutional right to reasonable security; whether Bugarin violated his constitutional rights in kicking him while he was handcuffed, and delaying his access to medical care; supervisor liability; and lastly, a *Monell* claim against LASD and COLA.

**2.     Evidence of Prior Misdemeanor Pleas/Convictions Are Not Admissible.**

It is well established that impeachment of a witness by evidence of conviction of a misdemeanor are not admissible at all.  Fed.R.Evid. 609(a)(1) states in pertinent part: "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, *if the crime was punishable by death or imprisonment in excess of one year* under the law under which the witness was convicted..."  (Emphasis added.)

Rule 609(a)(1) indicates that misdemeanor convictions are not admissible to impeach the veracity of a Plaintiff or a witness.

Plaintiff request that the court issue an order precluding defendants from introducing evidence or argument from any defendant, witness or their expert of any prior misdemeanor conviction regarding plaintiff.

**3.     Evidence of Prior Felony Record Unrelated to an Act of Dishonesty must Be Excluded.**

Plaintiff also anticipates that Defendants may attempt to introduce evidence or argument that Plaintiff was previously convicted of a felony.  Fed.R. Evid., 609(a)(2) permits the admission of evidence of a conviction **only** when the conviction required the proof of (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement.  Evidence of all other convictions is inadmissible under this subsection, irrespective of whether the witness exhibited dishonesty or made a false statement in the process of the commission of the crime of conviction. Thus, evidence that a witness was convicted for a crime of violence, such as murder or burglary is not admissible under Rule 609(a)(2), even if the witness acted deceitfully in the course of committing the crime.  (Emphasis added.)

The amendment to Rule 609 is meant to give effect to the legislative intent to limit the convictions that are to be automatically admitted under subdivision (a)(2). The Conference Committee provided that by "dishonesty and false

-3-

1 statement" it meant "crimes such as perjury, subornation of perjury, false
2 statement, criminal fraud, embezzlement, or false pretense, or any other offense in
3 the nature of *crimen falsi,* the commission of which involves some element of
4 deceit, untruthfulness, or falsification bearing on the [witness's] propensity to
5 testify truthfully." Historically, offenses classified as *crimina falsi* have included
6 only those crimes in which the ultimate criminal act was itself an act of deceit. *See*
7 Green, *Deceit and the Classification of Crimes: Federal Rule of Evidence 609(a)(2)*
8 *and the Origins of* Crimen Falsi, *90 J. Crim. L. & Criminology 1087 (2000).*

9 Here, Plaintiff has not been convicted of, nor has he plead guilty to a felony
10 crime involving an element of "*crimina falsi*." The court should preclude
11 defendants, their witnesses or experts, from introducing any evidence or argument
12 regarding plaintiff's prior felony plea or conviction.

13 **4.    Evidence of Prior Misdemeanor or Felony Record Are Substantially More**
14 **Prejudicial than Probative and Should Be Excluded**.

15 Federal Rules of Evidence, Rule 401, defines "relevant evidence" as
16 "evidence having any tendency in reason to make the existence of any fact that is of
17 consequence to the determination of the action more probable or less probable than it
18 would be without the evidence."

19 Besides allowing for the exclusion of evidence that may create "the danger of
20 unfair prejudice," Rule 403 also allows for the exclusion of relevant evidence if its
21 probative value is substantially outweighed by "confusion of the issues, or misleading
22 the jury, or by considerations of undue delay, waste of time, or needless presentation
23 of cumulative evidence." Here, the issue for the jury is whether defendants violated
24 plaintiff's constitutional rights to reasonable security in custody and to be free
25 from use of excessive force. Plaintiff's character is not at issue.

26 Fed.R. Evid., Rule 404 (b), states in pertinent part that evidence of "other
27 crimes, wrongs, or acts is not admissible to prove the character of a person in
28 order to show action in conformity therewith."

There is no probative evidentiary value to the fact that Plaintiff plead no contest to misdemeanors agreed to participate in a rehabilitation program and performed satisfactorily, as such the prior misdemeanor record is strictly limited. See, 4 Witkin, Cal. Crim. Law 3d Pretrial, §343, p. 5724 through §353, p. 580 (West 2000), and *People v. Cisneros*, 84 Cal.App.4th 352, 356 100 Cal.Rptr.2d 784, 787 (2000) (If the defendant does perform satisfactorily throughout the duration of the rehabilitation program, then the criminal charge is dismissed and disclosure of the defendant's arrest record is strictly limited. (§§1000.3, 1000.4.)

In *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir.1987) the rationale for admitting evidence of prior arrests by the Newport Beach Police Department was to show bias against Newport Beach Police defendants.  Here, Plaintiff had never been arrested by the Los Angeles Sheriff Department, so in this case the rationale disappears.  The evidence of the prior pleas or convictions should not be admitted.

**4.    Conclusion.**

Fed.R. Evid. 609(a)(2) and Rules 401 and 403, preclude defendants, their witnesses or experts, from introduction of evidence or argument regarding plaintiff's misdemeanor nor felony convictions which did not have an element of "crimina falsi."  Plaintiff requests that the court issue an order prohibiting defendants from introduction or argument of any evidence regarding these past, and extremely old, pleas or convictions.

Respectfully submitted,

**SONIA MERCADO & ASSOCIATES**

Dated: November 9, 2009         By: /S/Sonia M. Mercado
                                    _____
                                    Sonia M. Mercado

-5-