R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:  (310) 410-2981
Facsimile:   (310) 410-2957
E-mail: samuelpaz@msn.com
E-mail: soniamer2002@yahoo.com)

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ET AL, <br><br> Defendants. | CASE NO. CV O8-00508 GW (SHx) <br><br> [Hon. George H. Wu] <br><br> **PLAINTIFF'S MOTION IN LIMINE NO. 6: TO LIMIT DEFENDANTS' EXPERT MR. BRYCE TO THE OPINIONS AND DOCUMENTS SET FORTH IN HIS RULE 26 REPORT, AND TO PRECLUDE HIM FROM GIVING ANY OPINIONS NOT STATED IN HIS RULE 26 EXPERT REPORT; MEMORANDUM OF POINTS AND AUTHORITIES.** <br><br> DATE:    November 30, 2009 <br> TIME:    8:30 a.m. <br> CTROOM: 10D <br><br> Trial:    December 8, 2009 |

**PLAINTIFFS' MOTION IN LIMINE NO. 6 TO LIMIT DEFENDANTS' EXPERT MR. BRYCE TO THE OPINIONS AND DOCUMENTS SET FORTH IN HIS RULE 26 REPORT, AND TO PRECLUDE HIM FROM GIVING ANY OPINIONS NOT STATED IN HIS RULE 26 EXPERT REPORT.**

As of the date of the filing of this motion in limine, Plaintiff has not

-1-

deposed Defendants' expert. Thus, plaintiff reserves the right to amend this motion or to file another motion depending on the deposition testimony of Mr. Richard Bryce.

**1.     INTRODUCTION.**

Defendants' designation of experts include designation of only one expert, Mr. Bryce.  FRCP, Rule 26(a)(2)( C) provides that the parties can serve a rebuttal to such designation, either as ordered by the court or stipulated by the parties. Accordingly, subsequent to the designation of experts, the parties agreed to a date certain when any rebuttal disclosure could be made.  Defendants had the opportunity to serve a counter designation, which if they chose, could include rebuttal opinions or further material reviewed by Mr. Bryce.  No further rebuttal opinions or further rebuttal material was designated.  Attached as Exhibit 1 is a correct copy of Mr. Bryce's Rule 26 Report.

Plaintiff anticipates that Defendants and Mr. Bryce will attempt to expand on Mr. Bryce's opinions at the time of trial, or to include material he did not include in his report, in violation of the mandates of FRCP Rule 26(a)(2)(A) and (C).  As reflected in Exhibit 1, page 1 of his report, Mr. Bryce outlined 9 opinions that he will render at the time of trial; and at page 1 and 2, he set forth all the bases of his opinions.  Mr. Bryce must be held to only these opinions and to the documents he outlines in his report that he reviewed.

**2.     DEFENDANT'S EXPERT'S CONCLUSIONS INVADE THE PROVIDENCE OF THE JURY AND MUST BE EXCLUDED.**

Mr. Bryce gives opinions which invade the purview of the jury that, "The incident involving Plaintiff occurred during routine pill call;" and that "Evidence does not support the allegation that Deputy Maybet Bugarin kicked Plaintiff in the face and called him racial epithets;" "Defendant, Maybet Bugarin did not show deliberate indifference towards Plaintiff's medical needs;" and "Deputy Jose Garibay had no reason to believe Plaintiff was at risk for being violently attacked

-2-

prior to opening the cell gate for pill call."

Mr. Bryce made the following opinions of ultimate facts to be decided by the trier of fact, and Plaintiff moves to strike them as follows:

2. The incident involving Plaintiff occurred during routine pill call.

5. Evidence does not support the allegation that Deputy Maybet Bugarin kicked Plaintiff in the face and called him racial epithets.

6. Defendant, Maybet Bugarin did not show deliberate indifference towards Plaintiff's medical needs.

7. Deputy Jose Garibay had no reason to believe Plaintiff was at risk for being violently attacked prior to opening the cell gate for pill call.

(See Bryce Report, Exh 1, page 1, attached hereto.)

In *Miller v. Fairchild Industries* 885 F.2d 498, 512 (9th Cir. 1989), the district court's exclusion of expert testimony because the expert report provided only "conclusory statements" was upheld on appeal, because such report gave the defendants in that case "no advance notice of the fact and substance of his expert testimony and therefore no opportunity to prepare." The Circuit Court reasoned that this incomplete report was non compliant with the mandates of FRCP Rule 26(a)(2)(B). It would manifestly violate all notions of due process and fairness if Defendants were permitted to violate the mandates regarding expert designations, and elicit expert opinions which were not reported by Mr. Bryce.

It is well established that testimony of an expert that constitutes mere personal belief or assumptions as to the weight of the evidence invades the province of the jury. See *McGowan v. Cooper Indus., Inc.*, 863 F.2d 1266, 1273 (6th Cir. 1987) (holding that although expert's testimony on industry custom was admissible, "once the jury heard all of the evidence on the scope of [the defendant's] duty, it was as qualified as [the expert] to determine whether [the defendant] breached that duty"); *STX, Inc. v. Brine, Inc.*, 37 F. Supp. 2d 740, 768 (D. Md. 1999) (stating that "'an expert's opinion on the ultimate legal issue must

-3-

be supported by something more than a conclusory statement'") (quoting *In re Buchner*, 929 F.2d 660, 661 (D.C. Cir. 1991)), aff'd, 211 F.3d 588 (D.C. Cir. 2000), *Securities and Exch. Comm'n v. Lipson,* 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998) (holding that expert's training and experience as accountant did not "specially equip him to divine what [the defendant] truly believed" about reliability of financial reports and that any opinions offered in that regard were "at worst, speculation [and] at best, they are credibility choices that are within the province of the jury").

At issue here, Defendant's expert Richard Bryce, rendered opinions based on his personal practices and conclusions, without stating any bases for his opinions. The trial judge must determine at the outset, whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue and must "ensure that any and all scientific testimony or evidence admitted is not only relevant, *but reliable*.'" *Kumho*, Supra.

### 3. MR. BRYCE'S TRIAL EXPERT OPINIONS AND BASES THEREOF MUST BE LIMITED TO HIS RULE 26 REPORT AND IN CONFORMITY WITH FED. R. EVID. 702.

Pursuant to Rule 26, Mr. Bryce's trial testimony must be limited to only those opinions and bases thereof which he set forth in his Rule 26 Report, as attached hereto as Exhibit 1. Plaintiff anticipates that Defendants may attempt to expand his opinions as well as attempt to obtain his opinions on documents not revealed as the basis for his opinions in his report.

Regarding supervisor liability, the only opinion rendered by Mr. Bryce was No. 9: "The supervision, training and security exercised by defendants in this matter provided a reasonable level of safety for Plaintiff and the other inmates housed in the 2400 Module."

Plaintiff moves to preclude in argument, questioning, or any reference in

this trial by Mr. Bryce of any opinions or material not included in his Rule 26 report. The parameters of his expert testimony must be limited to only those opinions which he set forth in his report, as reflected in Exhibit 1 attached hereto.

**4.    CONCLUSION.**

Plaintiff requests that pursuant to FRCP, Rule 26, Mr. Bryce be limited at the time of trial to those opinions and the bases of those opinions which he set forth in his Rule 26 report.

Plaintiff also requests that Mr. Bryce conclusions of facts and presupposition of the evidence are within the purview of the jury, and he should be precluded from giving the following opinions (as numbered in his report):

2. The incident involving Plaintiff occurred during routine pill call.
5. Evidence does not support the allegation that Deputy Maybet Bugarin kicked Plaintiff in the face and called him racial epithets.
6. Defendant, Maybet Bugarin did not show deliberate indifference towards Plaintiff's medical needs.
7. Deputy Jose Garibay had no reason to believe Plaintiff was at risk for being violently attacked prior to opening the cell gate for pill call.

(See Bryce Report, Exh 1, page 1, attached hereto.)

As plaintiff has not yet deposed Mr. Bryce, plaintiff reserves the right to augment this motion in limine.

Dated: November 9, 2009           Respectfully submitted,

**SONIA MERCADO & ASSOCIATES**


                                  /S/Sonia M. Mercado
                              By: _____
                                  Sonia M. Mercado

-5-