R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
Sonia M. Mercado (SBN: 117069)
**SONIA MERCADO & ASSOCIATES**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:  (310) 410-2981
Facsimile:   (310) 410-2957
E-mail: samuelpaz@msn.com
E-mail: soniamer2002@yahoo.com)

Attorneys for Plaintiff Dion Starr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR, | CASE NO. CV O8-00508 GW (SHx) |
| Plaintiff, | [Hon. George H. Wu] |
| v. | **PLAINTIFF'S MOTION IN LIMINE NO. 3: TO EXCLUDE INTRODUCTION OF EVIDENCE OR ARGUMENT BY COUNTY DEFENDANTS, THEIR EXPERT OR WITNESSES OF DOCUMENTS OR THINGS WHICH THEY REPRESENTED DURING THE DISCOVERY PERIOD WERE NOT EXISTENT AND WHICH WERE NOT TIMELY PRODUCED DURING THE DISCOVERY PERIOD; MEMORANDUM OF POINTS AND AUTHORITY.** |
| COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, ET AL, | |
| Defendants. | |
| | DATE:       November 30, 2009<br>TIME:        8:30 a.m.<br>CTROOM:   10D |
| | Trial:          December 8, 2009 |

**PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE INTRODUCTION OF EVIDENCE OR ARGUMENT BY COUNTY DEFENDANTS, THEIR EXPERT OR WITNESSES OF DOCUMENTS OR THINGS WHICH THEY REPRESENTED DURING THE DISCOVERY**

-1-

**PERIOD WERE NOT EXISTENT.**

**1.     Introduction.**

During the discovery process, defendants responded to numerous discovery request that "after a diligent search and reasonable inquiry" they had not found further documents responsive to the particular request made by Plaintiffs.  These include: Defendants' Response to Request for Production of Documents to LASD, Set 1; Defendants' Response to Request for Production of Documents to LASD, Set 2; Defendants' Response to Request for Production of Documents to LASD, Set 3; Defendants' Response to Request for Production of Documents to LASD, Set 4; Defendants' Response to Request for Production of Documents to LASD, Set 5; and Defendants' Response to Special Interrogatories, Set 1.  As such, in full reliance as to the veracity of this representation, and the fact it was signed by defense counsel, plaintiff made no further effort to obtain further documents nor to file a motion to compel further documents as to those responses to which defendants asserted they had no documents.

Particularly, plaintiff moves to exclude any evidence or documents defendants "discovered" after the discovery deadline, especially as to documents which they previously represented did not exist, and which they produced in "Defendants' Third Supplemental Response to Plaintiff's Request for Documents, Set 2 to LASD."

Belatedly, on October 14, 2009, after all crucial deadlines expired (the discovery deadline (9/8/2009), defendants' filed Motion for Summary Judgment (9/15/2009), after the deadline to file motions (10/8/2009), and on the eve of preparing for trial, at a time when Plaintiff could no longer perform any further discovery, Defendants produced for the first time, a Third Supplemental Response to Plaintiff's Request for Documents (originally served to defendants by plaintiff on May 7, 2008) to which they had previously represented that "after a diligent search and reasonable inquiry no other documents existed."  (Which

-2-

representation had also been made following Plaintiff's motion to compel documents.)  Attached hereto as Exhibit 1 is a correct copy of Defendants' Third Supplemental Response, attaching the purported recently found documents, numbered 8727 through 8752 consecutively.

These purported "newly found documents" lack credibility, are untimely and prevent plaintiff from doing discovery, from authenticating them by inspection of defendants' computer system to verify when they were created, from deposing the alleged author, deposing other witnesses, and from propounding further indicated discovery.

This untimely and extremely suspect production of documents numbered 8727 through 8752, not only prejudices plaintiff's right to a fair trial, but mocks the very purpose of the discovery rules which require that defendants do a "diligent search and reasonable inquiry."  It should not be ignored, that Plaintiff painfully filed motions to compel in this case, responded to defendants motions for reconsideration of favorable discovery orders, and essentially and deliberately, delayed and obstructed discovery, although they had six attorneys and county counsels working on this case.  Thus it is extremely hard to fathom that **only after** all discovery was closed, did defendants find further documents regarding plaintiff.

**2.     Proffered Evidence to Be Excluded.**

Plaintiff anticipates that defendants will attempt to introduce this alleged recently discovered documentary evidence which they failed to timely produce, belatedly changing their trial tactics.

Defendants have the temerity to argue that their discovery responses retained a "right to amend," essentially empowering them to such obstructive discovery malicious and bad faith tactics.  This feigned "oops, we just found it," is precisely why the discovery rules mandate honesty and timely responses.

Federal law imposes a duty to preserve critical evidence before litigation

begins or before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be critical evidence in a pending action or one in the offing. See *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal proper where conduct sanctioned is based on willfulness, fault, or bad faith.); *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (in accord); and *Wm. T. Thompson Co. v General Nutrition Corp.*, 593 F. Supp. 1443, 1156 (CD Cal.1984) (approving dismissal sanction for destruction of evidence).

One authority for striking the evidence of the defendants and the Roberts witnesses is *Computer Assoc. Int'l, Inc. v. American Fundware, Inc.*, 133 FRD 166, 170 (DC Co.1990). There the plaintiff alleged defendant illegally copied plaintiff's computer accounting programs. It became clear pre-litigation and certainly by the time the action was filed and served, that the central issue in dispute related to the source code for defendant's program. Defendant nevertheless destroyed its source code during revision. The court held that by the time the answer was due, and maybe earlier, the defendant was under a duty to preserve the code. Its intentional destruction of this critical evidence supported a default sanction. Id., 133 FRD at 170.

There the court explained that such a duty is implied from public policy: "Destruction of evidence cannot be countenanced in a judicial system whose goal is to find the truth through honest and orderly production of evidence under established discovery rules." Id. The court's inherent power to regulate the proceedings allows imposition of dismissal or default sanctions against parties who intentionally destroy evidence while under a duty to preserve it. Id.

Here the duty to preserve was well known to the defendants, well in advance of Plaintiff's request for discovery; well in advance of their original Rule 26 production. Of note, Plaintiff filed motions to compel on those issues to which defendants did not assert that "after a diligent search and reasonable inquiry, no documents exist." In fact, subsequent to plaintiff prevailing on motions to compel

defendants to produce documents, defendants responded with this very same response - plaintiff relied upon such representations.

It is state law and LASD policy to preserve evidence a police officer intends to prosecute, especially if they are statements, as here, of the alleged criminal suspect, Cisneros.

**3.     Conclusion**.

Plaintiff requests that the court exclude all evidence and documents not produced during discovery, and that it particularly exclude from evidence and preclude any witness, defendants or defendants' expert from referring to these documents numbered 8727 through 8752.

Respectfully submitted,
**SONIA MERCADO & ASSOCIATES**

Dated: November 10, 2009    By: /S/Sonia M. Mercado
_____
Sonia M. Mercado