Sonia M. Mercado (SBN: 117060)
**SONIA MERCADO & ASSOCIATES**
R. Samuel Paz (SBN: 62373)
**LAW OFFICES OF R. SAMUEL PAZ**
5701 West Slauson Ave., Suite 202
Culver City, CA 90230
Telephone:  (310) 410-2981
Facsimile:   (310) 410-2957
E-mail: samuelpaz@msn.com
E-mail: soniamer2002@yahoo.com

Co-Counsels for Dion Starr

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION STARR<br><br>           Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>           Defendants.<br>_____ | CASE NO. CV 08-00508 GW(SHx)<br><br>[HON. GEORGE WU]<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER TO STRIKE "DEFENDANTS' AMENDED PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW AND DEFENDANTS' ADDENDA TO EXHIBITS" AND FOR THE COURT TO ENTER AN ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REQUEST FOR SANCTIONS PER L.R. 83-7; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SONIA MERCADO.**<br><br>**[PROPOSED] ORDER, filed concurrently.**<br><br>DATE:<br>TIME:        8:30 A.M.<br>CTROOM:  10 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS' OF RECORD HEREIN:  PLEASE TAKE NOTICE** that on _____, or as soon thereafter as the matter can be heard, before the Hon. Judge George H. Wu, of the Central District of California, in Courtroom 10, at 312 N. Spring Street, Los Angeles, CA., Plaintiff will move by Ex Parte Application for an Order to Strike "Defendants' Amended Proposed

1  Statement of Uncontroverted Facts and Conclusions of Law" and "Defendants' Addenda
2  to Exhibits, Declaration of Lisa Martinelli and Exhibits G, U and V" and for the Court to
3  enter an order denying Defendants' Motion for Summary Judgment.  Alternatively, the
4  Court should issue an order striking the entire "Defendants' Addenda to Exhibits" and
5  any reference to the newly added documents in "Defendants' Amended Proposed
6  Statement."  These new pleadings and exhibits create a new MSJ that deprives Plaintiffs
7  of due process and is in violation of the Court's specific Order.

8  **Urgency of Ex Parte**: Before Plaintiff can respond to "Defendants' Amended
9  Proposed Statement of Uncontroverted Facts and Conclusions of Law," on or before
10 December 15, 2009 (as mutually agreed to between the parties as permitted by the court),
11 Plaintiff should have resolution on this issue in order not to consume, waste or delay
12 further this matter.  This urgency has been created by Defendants' adding unauthorized
13 new matters, which belatedly result in a <u>new motion for summary judgment</u>.

14 **Notice of Ex Parte:** Per L.R. 7-19.1, Plaintiff gave notice to Defendants that on
15 December 2, 2009, absent resolution of this matter, Plaintiff would be forced to move ex
16 parte for an Order to Strike "Defendants' Amended Proposed Statement of
17 Uncontroverted Facts and Conclusions of Law" and "Defendants' Addenda to Exhibits,
18 Declaration of Lisa Martinelli and Exhibits G, U and V" and for the Court to Enter an
19 Order Denying Defendants' Motion for Summary Judgment.  (Decl. Mercado ¶ 1.)
20 Defendants stated that they would oppose this ex parte.

21 Pursuant to L.R. 7-9, the contact information for defendant's counsel is as follows:

22 Lisa Martinelli, Esq., HURRELL CANTRALL, LLP
   660 South Figueroa Street, 21st Floor
23 Los Angeles, California 90017-3442; Tel: 213-420-2000.

24 This motion is made following the conference of counsel pursuant to L.R, 7-3
25 which took place on December 1, 2009 and December 2, 2009.

26 Dated: December 2, 2009           Respectfully submitted,
                                     **SONIA MERCADO & ASSOCIATES**
27

28                                   /S/ Sonia M. Mercado
                                  By:_____
                                     Sonia M. Mercado, Co-counsel for Plaintiffs

Page 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    Introductory Statement.**

On November 16, 2009, the Court held a hearing on Defendants' Motion for Summary Judgment, during which the Court found that Defendants' Statement of Undisputed Facts was incompetent as presented. Essentially the Court found that it included discovery issues, and did not present facts upon which the Court could rule on an MSJ. The Court also stated that Plaintiff had included "objections" in his Responses to Defendants' Statement of Disputed Facts, which the Court opined did not comply with procedural rules.

Rather than denying Defendants' MSJ for failure to meet their initial burden to come forward with the evidence (as Plaintiff opines was procedurally indicated), the Court generously granted Defendants a second opportunity to correct their "statement of undisputed facts" and ordered: "For reasons indicated on the record, counsel for Defendants' shall file an amended statement of undisputed facts and conclusions of law by December 8, 2009. Plaintiffs' will have until December 22, 2009 to file their response." (Exhibit 1, November 16, 2009, Minute Order, Docket No. 220.)

At no time did the Court order that Defendants could file further new evidence to their MSJ. On point, defense counsel, Mr. Hurrell, agrees that new and further evidence was not permitted. (Decl. Mercado ¶1.) But, defendants' counsels ignored Plaintiff's counsel's efforts to resolve this matter without yet more consumption of judicial time and intervention and hours of attorney time expended on what should be a non-issue. Such conduct by defense counsel is in bad faith.

At the November 16, 2009, hearing, the Court informed the parties that they were free to agree upon other agreeable dates and the parties mutually agreed that defendants would file their "Amended Statement" by <u>December 1, 2009</u>, and Plaintiff would file a Response by <u>December 15, 2009</u>, as Plaintiff's counsel is scheduled to leave the state by December 16, 2009 and not available until the end of January 2010 - which is why the Court scheduled the further hearing on this MSJ for January 25, 2010.

Thus, as Plaintiff's counsel has a very short window of days to respond to

defendants' "Amended Statement," this Ex Parte Application for resolution of this issue is urgent.

**1.      Defendants' Motion for Summary Judgment Should be Denied Without Further Hearing on this Matter.**

Defendants have clearly failed to comply with the Court's generous second opportunity to cure the defects in their original "Statement of Undisputed Facts." In filing an "Amended Proposed Statement of Uncontroverted Facts and Conclusions of Law" which contains new and further facts, defendants have ignored the Court's Order, and intentionally created more procedural errors rather than cleaning up prior errors which the Court gave them leave to do.

"Defendants' Addenda to Exhibits, Declaration of Lisa Martinelli and Exhibits G, U and V" creates a new motion for summary judgment and they have no judicial leave to file it.

As important, such newly filed "Amended Statement of Uncontroverted Facts" containing new factual matters not timely filed before, and the new alleged facts contained in the "Addenda to Exhibits, Declaration of Lisa Martinelli and Exhibits G, U and V" *are simply greatly untimely* and must be stricken from the record. These are not mere clarifications, but new statements to which Plaintiff should have had a due process opportunity to know when filing their opposition to the MSJ, filing their "Response to the Statement of Uncontroverted Facts," when preparing declarations by experts, and when reviewing the evidence selected to oppose Defendants' MSJ.

Defendants' deadline for filing a Motion for Summary Judgment *was **October 9, 2009*** (21 days from the November 2, 2009, scheduling order deadline to hear motions - 10-12-09 being a holiday, the deadline was 10-9-09). Of note, Defendants have adamantly opposed any continuation of the "scheduling order" discovery, motion hearing, or pretrial and trial scheduling deadlines. The filing of the "Amended Statement of Uncontroverted Facts" including new facts and the new purported facts in the "Addenda to Exhibits, Declaration of Lisa Martinelli and Exhibits G, U and V" are simply untimely and procedurally defective - not to mention it is undoubtedly not

authorized by the Court Order at issue.

Defendants' attitude of "ooops, we made a mistake" or "ooops, this is just clarification" merely circumvents the Order. It begs the question as to how many "breaks" and further chances defendants deserve from the Court.

These facts alone, are clearly demonstrative of Defendants' failure to comply with the Court's Order at issue, their failure to comply with the Scheduling Order deadline to file their MSJ and supporting evidence timely, and an abuse of the generous second chance to cure such defects given to them by the Court.

Defendants "Amended Statement of Uncontroverted Facts" and "Addenda to Exhibits" creates a new Motion for Summary Judgment and fails to comply with the Court's Order. Defendants' posture that this is just a benign further statements to clarify the evidence, does not overcome their untimeliness, the violation of the Court's Order, nor the lack of due process to Plaintiff. If it is so "benign" then there is no reason why it is included and why they would not merely agree to strike it from the record.

The Court should issue an order denying Defendants' Motion for Summary Judgment without wasting further time on this issue.

**2.    New and Additional Facts Create an Untimely and Unauthorized New Motion for Summary Judgment.**

In granting Defendants a second chance to cure their failure to submit in the first instance a competent "Statement of Uncontroverted Facts," the Court at no time granted them leave to submit a new and additional statement of facts to their MSJ.

For this reason alone, the Court should strike by this Ex Parte Application, the entire newly filed "Amended Statement of Uncontroverted Facts" containing new facts, and the additional statements contained in "Defendants' Addenda to Exhibits, Declaration of Lisa Martinelli and Exhibits G, U and V."

Defendants' failure to follow the Court's Order, should not enure to further unfair opportunities to them. The Court should issue an order denying Defendants' Motion for Summary Judgment based on their originally filed supporting statement of undisputed facts.

### 3. Alternatively, All New Statements of Undisputed Facts and New Evidence Should Be Stricken.

In the event the Court is inclined not to deny Defendants' Motion for Summary Judgment for failure to comply with its Order of 11-16-09 and for adding further "statements," and if it is inclined to permit the newly filed "Amended Statement of Uncontroverted Facts" to go forward in this matter, then alternatively, Plaintiff requests that the Court issue an order to strike the entire "Addenda to Exhibits, Declaration of Lisa Martinelli and Exhibits G, U and V" and any reference of such purported new exhibits and declaration referenced in Defendants' "Amended Statement of Uncontroverted Facts." Plaintiff further requests an order that he does not have to respond to the "new statements" referenced therein, and that such new statements shall be stricken and not considered by the Court.

### 4. This Ex Parte Was Necessitated by Defendants' Violation of the Court Order and Refusal to Resolve the Issue Without Judicial Intervention and Sanctions Should Be Ordered Against Defendants.

Pursuant to L.R. 83-7, defendants and/or their counsels' wilful failure to cooperate in resolution should be sanctioned. L.R. 83-7 states in pertinent part:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:
>
> ... (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or
>
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

Plaintiff attempted to resolve this ex parte and the issues raised by Defendants' filing of new statements of undisputed facts without judicial intervention. Defense counsel acknowledged that the court had not granted them leave to file more "statements of uncontroverted facts" or to submit further evidence (see Decl. Mercado ¶2 Exhibit 2

and 3). Defendants and/or their counsels' conduct is in bad faith, as despite their acknowledgment that the Court did not permit such further and new "undisputed facts," they refused to comply with the Order and refused to withdraw the newly added "undisputed facts" and new exhibits, thereby forcing the filing of an ex parte and judicial intervention to what should not have been filed by defendants in the first instance.

Plaintiff's counsel spent ½ hours trying to resolve this issue, and 2.8 hours preparing this Ex Parte Application. Plaintiff's request that Defendants be ordered to pay plaintiff's attorneys' fees for having to respond to defendants' bad faith actions and causing the filing of this ex parte, and that the court hear the issue of sanctions on January 25, 2010, at the next regularly scheduled date for holding a status conference and other pending motions on this matter.

**5. Conclusion.**

As the Court's Order clearly only permits defendants to file an "Amended Statement of Undisputed Facts," and Defendants acknowledge this. Further, this new MSJ matter is in violation of the Scheduling Order, and is grossly untimely and the Court should deny Defendants' Motion for Summary Judgment in total.

Alternatively, should the Court not deny Defendants' Motion for Summary Judgment at this time, it should issue an order to strike the entire "Addenda to Exhibits" and order all references to such new evidence shall be also stricken from Defendants' "Amended Statement of Uncontroverted Facts" and Plaintiff should be relieved from responding to such new information in his Response.

Defendants and/or their counsel knew that they were not granted leave to add new alleged undisputed facts and should be sanctioned for violating the Order in bad faith, and for failing to agree to corrective measures after acknowledging that fact. Plaintiff seeks attorney fees for having to file this Ex Parte in order to obtain relief herein.

Dated: December 2, 2009     **LAW OFFICES OF R. SAMUEL PAZ**
                **SONIA MERCADO & ASSOCIATES**
                /S/ Sonia M. Mercado
                _____
                Sonia M. Mercado, Esq., Attorneys for Plaintiff