UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DION STARR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEROY BACA, IN HIS INDIVIDUAL CAPACITY, DEPUTY MAYBET BUGARIN, DOE FEMALE DEPUTY RODRIGUEZ, DOE MALE DEPUTY RODRIGUEZ, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　Defendants. | CASE NO. CV08-00508 GW (SHx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER ON DEFENDANTS' PRODUCTION OF THE PERSONNEL PERFORMANCE INDEXES OF CERTAIN DEFENDANTS<br><br>[Assigned to Honorable Judge George Wu, Dept. "10"[]<br><br>Discovery Magistrate: Honorable Stephen Hillman<br><br>Trial Date: None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## BACKGROUND

On May 9, 2013, the Court ordered defendants to produce the personnel performance indexes of Deputy Jose Garibay, Deputy Maybet Bugarin, and Sergeant Michael Inge for the time period between January 1, 2004 and January 1, 2009 ("Subject PPIs") for an <u>in-camera</u> review to evaluate the discoverability of said documents.

On July 10, 2013, the defendants lodged the Subject PPIs with the Court for

the in-camera review. Subsequently, on July 11, 2013, the Court ordered the defendants to also lodge the underlying source documents for the Subject PPIs forthwith for an in-camera review to assist the Court in determining the discoverability of the Subject PPIs.

Thereafter, on July 17, 2013, the defendants petitioned the Court for a reasonable amount of time to obtain the relevant source documents to lodge with the Court. On July 30, 2013, the Court issued an Order permitting defendants up to and including September 3, 2013 to lodge the underlying source documents for the Subject PPIs for the in-camera review.

On September 3, 2013, defendants lodged the underlying source documents for the Subject PPIs.

## PROTECTIVE ORDER

After having reviewed the underlying source documents for the Subject PPIs in-camera and the Stipulation for Entry of Protective Order, the Court hereby orders the production of the Subject PPIs, subject to the following terms:

1. The Subject PPIs and the information contained in the subject PPIs shall not be divulged to: (1) any expert witness retained by the non-producing party or its attorney who has not agreed in writing to be bound by this Order; and (2) to any third-party who is not directly involved in the above-entitled action without the written consent of defendants or its attorneys or further order of this Court.

2. Working copies or file copies of the Subject PPIs can be made only for: (1) the attorneys (including paralegals, law clerks or other support personnel necessary for preparation of the case) for the parties; (2) the defendants; (3) experts retained by the parties who have agreed to be bound by this Protective Order. These copies are to be used exclusively in connection with the above-captioned action. Any copies of or other methods of reproduction of the Subject PPIs shall be stored and/or handled by the above-listed persons in a manner which will prevent the unauthorized disclosure thereof.

3. If the Subject PPIs are to be used as exhibits, or in other discovery and/or pre-trial motions involving discovery, the Subject PPIs shall be marked "Privileged and Confidential." ~~Any documents, including, but not limited to motions and deposition transcript, filed or lodged with the Court containing any of the Subject PPIs as an~~ exhibit shall be filed and/or ~~lodged under seal~~ pursuant to paragraph 5.

4. The Subject PPIs shall not be used by the parties for any purpose whatsoever other than for preparation for trial and/or trial of the above-captioned action. This Order does not govern the admissibility of the Subject PPIs at trial of the above-captioned action.

5. If any of the Subject PPIs are to be lodged and/or filed with the Court, counsel for the respective parties are directed to seek to file and/or lodge such documents pursuant to Local Rule 79-5 of the United States District Court, Central District of California.

6. Each expert, agent, representative, witness, or consultant who is permitted by any attorney for the parties to view, examine, copy, scan or otherwise inspect the Subject PPIs shall agree in writing to be bound by this Protective Order. A copy of this Protective Order shall also be delivered to each of the above-listed persons by the attorneys for the parties.

7. No party to this action, attorneys for the parties (including law clerks, paralegals, or other support personnel necessary for preparation for trial and/or trial), experts retained by the parties or the attorneys for the parties, agents, or representatives of the parties, will make copies or other types of reproduction other than working copies or file copies for the persons described in paragraph 2, of any of the Subject PPIs.

8. Good cause exists for entry of this Order because disclosure of the Subject PPIs implicates the privacy rights of the individuals at issue.

9. Within sixty (60) days after completion of this litigation, all documents

or items produced by the parties pursuant to this Protective Order, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall be collected by counsel for the receiving party and either returned to the party supplying such materials or destroyed, and counsel for the receiving party shall provide an affidavit reflecting such disposition to the party supplying such materials. However, attorney work product or pleadings containing information derived from these confidential materials may be retained in receiving counsel's files, provided that such information shall not be used for any purpose outside of this litigation. For purposes of this Protective Order, this action shall be considered completed upon settlement or upon ten (10) days following the entry of judgment that has become final and non-appealable, or from which all appeals have been exhausted.

10. This Order shall survive the conclusion of this action, including any appeals, to the extent that information comprising or contained in the Subject PPIs do not become public. The Court shall retain jurisdiction to resolve any dispute concerning compliance with the terms and conditions of this Protective Order, including any alleged violation thereof.

11. If plaintiff or his attorneys receive a subpoena or other request for ny of the Subject PPIs or information contained in the Subject PPIs, the plaintiff or his attorneys shall immediately give written notice to defendants' counsel, identifying the Subject PPIs sought or the information contained in the Subject PPIs sought, and the date and time in which production or other disclosure is requested. In addition, plaintiff or his attorneys shall timely object to the request or subpoena on the grounds of this stipulation so as to afford defendants an opportunity to obtain an

/ / /
/ / /
/ / /
/ / /

Order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of the Subject PPIs. In no event may production or disclosure be made by plaintiff or his attorneys unless required by Court order after serving written notice to defendants' counsel.

**IT SO ORDERED:**

Dated: 10/7/13

_____
UNITED STATES MAGISTRATE JUDGE